IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Argentum Medical, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>Noble Biomaterials, and<br><br>Derma Sciences, Inc.,<br><br>      Defendants. | No. 07 cv 6769<br><br>Hon. George W. Lindberg<br><br>Magistrate Judge Jeffrey Cole |

**Defendant Derma Sciences, Inc.'s Memorandum in Support of
Its Motion to Dismiss or Transfer**

Plaintiff Argentum Medical, LLC ("Argentum") filed this patent infringement complaint against Defendant Derma Sciences, Inc. ("Derma") without accusing any product of infringement. Argentum did not attempt to describe any accused product in even general terms. Instead, Argentum avers, on information and belief, that Derma infringed U.S. Patent No. 7,230,153 (the "'153 patent") – nothing more. Argentum's vague claim, however, does not satisfy even the liberal federal notice pleading requirements. Therefore, Derma respectfully requests that the Court dismiss Argentum's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Argentum's infringement allegations also have little connection to this judicial district. The accused infringers and their key employees are located in Pennsylvania and New Jersey. Moreover, the inventor and the owner of the '153 patent reside in Georgia. Therefore, if the Court does not dismiss this case, Derma respectfully requests that the Court transfer this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

*Facts*

Argentum filed its Complaint on December 3, 2007, and served Derma on February 7, 2008. In its Complaint, Argentum alleges that Derma and co-defendant Noble Biomaterials, Inc. ("Noble Biomaterials") infringe the '153 patent, directly and indirectly. (Compl. at ¶¶ 6-7.)[1] Argentum, however, does not describe or identify how Derma is supposedly infringing the '153 patent. (Compl. at ¶¶ 1-10.) Indeed, the following quote is the only infringement allegation against Derma in Argentum's ten-paragraph Complaint:

> Derma has, *on information and belief*, unlawfully and intentionally infringed the '153 Patent in this District and elsewhere by making, using offering for sale and/or selling the inventions of the '153 patent. *On information and belief*, Derma has induced infringement and/or contributed to infringement of the '153 Patent in this District and elsewhere.

(Complaint at ¶ 7 (emphasis added).)

Moreover, Argentum alleges only minimal contacts between Defendants and this District.

Derma is a Pennsylvania corporation based in Princeton, New Jersey. (Compl. at ¶ 4; Cole Dec. at ¶ 3.) Noble Biomaterials is a Delaware corporation based in Scranton, Pennsylvania. (Compl. at ¶ 3; Cole Dec. at ¶ 11.)

The only Derma product that might be similar to the subject matter disclosed in the '153 patent is Silver Seal™ wound dressing. (Cole Dec. at ¶ 5.) Derma, however, has not had and does not have any role in the design, development, or manufacture of Silver Seal dressing. (Cole Dec. at ¶ 6.) Instead, Derma buys its Silver Seal dressings

---

[1] Derma supports this Memorandum with a Declaration from Robert C. Cole, and that Declaration and its accompanying exhibit is attached to this Memorandum.

from Noble Biomaterials (*Id.*)  In turn, Derma sells approximately 75% of its Silver Seal dressing to the United States Department of Defense through a purchasing agent located near Philadelphia, Pennsylvania. (Cole Dec. at ¶ 10.)  Indeed, Derma has not sold any Silver Seal dressings in Illinois since June 7, 2007 – before the patent-in-suit even issued. (Cole Dec. at ¶ 9.)  The witnesses involved in the design, development, manufacture, sale, and use of Silver Seal dressings likely are all located in or near Scranton, Pennsylvania.

In fact, Derma purchases its Silver Seal dressings pursuant to a Distributorship Agreement between Derma and an entity related to Noble Biomaterials known as Noble Fiber Technologies, LLC ("Noble Fiber").  (Cole Dec. at ¶ 6.)  In that agreement, Noble Fiber warranted to Derma that it would comply with all applicable laws and indemnify Derma in connection with any valid patent infringement claim.  (Cole Dec. at ¶ 7.)  That agreement, however, contains a forum selection clause directing disputes between Derma and Noble Fiber to the Middle District of Pennsylvania or Pennsylvania state courts. (Cole Dec. at ¶ 8.)

Finally, the inventor of the '153 patent is located in Lakemont, Georgia. (Compl. Ex. A.)  The '153 patent issued on June 12, 2007, and after issuance, the inventor assigned his patent to an entity called Argentum International, LLC which is located in Roswell, Georgia.  (*Id.*)  Thus, plaintiff Argentum Medical L.L.C. does not even own the patent-in-suit.  (Complaint at ¶ 5 (admitting that Plaintiff is only an exclusive licensee).)

### *Argument*

The Court should dismiss this case under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because Argentum has not identified any product that

allegedly infringes its patent. In the alternative, the Court should transfer this case, pursuant to 28 U.S.C. § 1404(a), to the Middle District of Pennsylvania because the key witnesses are located in Pennsylvania, as well as in New Jersey and Georgia. They are not in Illinois.

I. **The Court Should Dismiss the Complaint pursuant to Rule 12(b)(6) Because Argentum Has Not Stated a Claim upon Which Relief May Be Granted.**

Argentum's Complaint fails to identify any product that allegedly infringes the '153 patent and, therefore, the Court should dismiss Argentum's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). To state a claim, a plaintiff's complaint needs to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1964 (2007). Failure to allege sufficient facts with respect to one or more claim elements is a ground for dismissal under Rule 12(b)(6). *See Equal Employment Opportunity Comm. v. Concentra Health Srvs. Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (affirming the district court's dismissal of a Title VII claim that failed to aver the essential elements of that cause of action).

Most importantly, the Supreme Court's recent decision in *Bell Atlantic* "retired" the familiar "no set of facts" test rooted in *Conley v. Gibson*, 335 U.S. 41 (1957). *See Bell Atlantic*, 127 S. Ct. at 1964-65, 1969. Instead, the Supreme Court now requires plaintiffs to state a claim for relief that is "plausible." *Id*. at 1967, 1974. Indeed, even under the *Conley* standard, a plaintiff must do more than just recite the bare-bones legal elements of its cause of action. As the Supreme Court explained, a proper complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of

the cause of action will not do . . ." *Id.* at 1964-65.

In patent infringement cases, the court evaluates Rule 12(b)(6) motions based on the regional circuit's law. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). And the Seventh Circuit has elaborated on *Bell Atlantic*, holding that a complaint fails to state a claim when its factual details are so sketchy that the complaint does not provide sufficient notice of the claim to the defendant. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (affirming the district court's rejection of a section 1981 discrimination action for failing to state a claim). The Seventh Circuit, however, has not addressed Rule 12(b)(6) in the context of patent infringement, and it is unlikely to do so as patent infringement actions typically are appealed to the Federal Circuit.

The Federal Circuit addressed *Bell Atlantic* in *McZeal v. Sprint Nextel Corp.* In that case, the Federal Circuit reversed the district court's grant of a Rule 12(b)(6) motion. *Id*. at 1357. The Federal Circuit, however, relied on two key facts that distinguish *McZeal* from the present case. First, the plaintiff in *McZeal* did, in fact, specifically identify the accused product. *Id*. at 1355, 57. Here, Argentum has not identified or even attempted to describe in general terms the accused product. Second, the plaintiff in *McZeal* was acting *pro se*. *Id*. at 1356; *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000) (holding that *pro se* complaints are construed more liberally than complaints drafted by lawyers). Here, Argentum is represented by experienced patent counsel.

In addition, the Federal Circuit described the elements that a plaintiff must plead in order to state a claim for patent infringement by citing to Federal Rule of Civil

Procedure 84 and its accompanying official Form 16, thereby providing guidance to the regional circuits. *McZeal*, 501 F.3d at 1356-57. Those elements include (i) jurisdiction, (ii) ownership of the patent, (iii) <u>a statement that the defendant is infringing the patent by making, using, or selling a specific accused device</u>, (iv) notice to the defendant, and (v) a demand for relief. *McZeal*, 501 F.3d at 1356-57 (emphasis added); *see also* Fed. R. Civ. P. 84 and Form 16. Form 16 requires an express description of the accused device. Even in *Conley*, the Supreme Court held that the forms appended to the Federal Rules plainly demonstrate the minimum pleading requirements. *Conley*, 355 U.S. at 47. Therefore, failing to plead those basic elements leaves an accused infringer without notice of what it must defend. *Bell Atlantic*, 127 S. Ct. at 1971.

Closer to home, Judge Crabb in the Western District of Wisconsin, recently held that in patent infringement cases, the plaintiff must identify the allegedly infringing product. "In the context of patent infringement, [notice] means at least that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent. Failing to identify the infringing product in a patent case is akin to failing to identify the retaliatory action in a civil rights case." *Ricoh Co., Ltd. v. Asustek Computer, Inc.*, 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007) (describing the minimum patent infringement pleading requirements under Rule 8).

Likewise, a court in the Southern District of California reached the same conclusion on facts nearly identical to the present case. In *Anticancer Inc. v. Xenogen Corp.*, -- F. Supp. 2d --, 2007 WL 2345025, *4 (Aug. 13, 2007), the court held that a complaint that alleged infringement but did not name or describe any product was insufficient under Rule 8 and Rule 12(b)(6). *Id*. Specifically, the plaintiff's liability

allegation in its entirety is strikingly similar to Argentum's allegations in this case. The California plaintiff alleged:

> Each of the defendants has directly infringed the [ ] Patent and has indirectly infringed the [ ] Patent by contributing to or inducing direct infringement of the [ ] Patent by others.

*Id*.

Argentum's allegation similarly fails to mention any accused product:

> Derma has, *on information and belief*, unlawfully and intentionally infringed the '153 Patent in this District and elsewhere by making, using offering for sale and/or selling the inventions of the '153 patent. *On information and belief*, Derma has induced infringement and/or contributed to infringement of the '153 Patent in this District and elsewhere.

(Complaint at ¶ 7 (emphasis added).)

In summary, the Federal Circuit, Form 16, Judge Crabb's decision in *Ricoh*, and the *Anticancer* decision demonstrate that identifying an accused product is an essential part of a patent infringement complaint. Argentum, however, merely recites the language of Patent Act Section 271 in its Complaint. And under both *Bell Atlantic* and *Conley*, the Supreme Court has held that a complaint like Argentum's does not provide adequate notice under Rule 8 because it contains no more than a "formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 127 S. Ct. at 1964-65.

Therefore, Argentum's Complaint does not state a "plausible" claim for patent infringement because Argentum does not identify any product that allegedly infringes its '153 patent and does not even attempt to describe any infringing product or category of products. Argentum's failure to be specific leaves Derma without an adequate understanding of the basis for Argentum's Complaint. As a result, Derma is unfairly prejudiced because it cannot prepare a proper defense, or even answer the Complaint,

without knowledge of such a critical element of Argentum's patent infringement claim.

Finally, Argentum's failure to identify the alleged infringing product is particularly troublesome in light of the patent law requirement that Argentum and its counsel investigate their claims before filing their complaint under Federal Rule of Civil Procedure 11. *See Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). Under Rule 11, Argentum and its attorneys were required to compare each asserted claim in the '153 Patent to the accused product on an element-by-element basis prior to filing their Complaint. *Id*. Presumably, Argentum and its attorneys honored their Rule 11 obligation by identifying an accused product and conducting the required analysis. Accordingly, Argentum must know what it is accusing of infringement, and Argentum has no excuse for not identifying the accused product in its Complaint. If Argentum is being deliberately vague in order to frustrate Derma's defense, that strategy is unfair and not permissible under the Supreme Court's restatement of the notice pleading standard in *Bell Atlantic*.

Therefore, this Court should dismiss Argentum's Complaint under Rule 12(b)(6).

**II.    Alternatively, the Court Should Transfer This Case to the Middle District of Pennsylvania Because That Is Where the Key Witnesses Are Located pursuant to 28 U.S.C. § 1404(a).**

In the alternative, the Court should transfer this case to the Middle District of Pennsylvania because that is where the key witnesses are located – the key witnesses for both Argentum and Defendants are not located in Illinois. For example, the designers, developers, manufacturers, and sellers of the product that Derma speculates Argentum is accusing of infringement are located in and around Scranton, Pennsylvania. Moreover, Derma's witnesses involved in buying Silver Seal dressing from Noble Biomaterials are

located in and around Princeton, New Jersey. Additionally, the inventor of the patent-in-suit and the owner of the patent-in-suit are not located in Illinois; they are in Georgia.

Although venue is legally proper in this District, if Argentum has stated a claim, the Court still has the power to transfer this case to another district that is more convenient for witnesses, the parties, and in the interests of justice:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1391(a). That statute can be divided into three elements or conditions: (i) venue is proper in both the transferor and transferee courts; (ii) transfer is for the convenience of the parties and witnesses; and (iii) transfer is in the interest of justice. *Brunswick Bowling Corp. v. Qubica USA, Inc.*, No. 05 C 3603, 2005 WL 2367764, *1 (N.D. Ill. 2005) (J. Lindberg) (*quoting Law Bulletin Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998)). "It is in the sound discretion of the trial judge to determine the weight accorded to each factor." *Id.* (q*uoting Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000)).[2]

The court must consider both the private interests of the parties and the public interests in evaluating a request for transfer. *Brunswick Bowling* at *2. Private interest factors include: (i) the plaintiff's choice of forum; (ii) the situs of material events; (iii) the relative ease of access to sources of proof in each forum including the courts' power to compel the appearance of unwilling witnesses and the costs of obtaining the attendance of witnesses; and (iv) convenience to the parties, their residences, and their abilities to

---

[2] Seventh Circuit law controls the legal analysis of transfer under section 1404(a). *See Storage Tech. Corp. v. Cisco Sys.*, 329 F.3d 823, 826 (Fed. Cir. 2003) (holding that when the Federal Circuit reviews a district court's analysis of a motion to transfer, the Federal Circuit applies the law of the appropriate regional circuit).

bear the expense of trial in a particular forum. *Id.* (*citing Truserv Corp. v. Neff*, 6 F. Supp. 2d 790, 792 (N.D. Ill. 1998)). The public interest factors include: (i) the relation of the community to the issue of litigation and the desirability of resolving controversies in their locale; (ii) the court's familiarity with applicable law; and (iii) the congestion of the respective court dockets and the prospects for earlier trial. *Id.*

The Court can transfer this case pursuant to section 1404(a) because that statute's elements are satisfied. First, venue is legally proper in this District and in the Middle District of Pennsylvania. Both Derma and Noble Biomaterials reside in Pennsylvania. Derma is a Pennsylvania corporation and Noble Biomaterials has its principle place of business in Scranton, Pennsylvania. (Cole Dec. at ¶¶ 3, 11.) *See* 28 U.S.C. § 1391(a) and (c) (venue is proper where a defendant resides or where a substantial part of the events giving rise to the case occurred, and corporations reside where they are subject to personal jurisdiction). Moreover, the private and public factors demonstrate that transfer would be convenient for the parties and witnesses and in the interests of justice.

The private factors favor transfer.

First, Argentum's patent infringement claim has no significant connection to this District and, therefore, the Court should give little deference to Argentum's choice of its home forum for this case. *See Truserv Corp.*, 6 F. Supp. 2d at 794 (plaintiff's choice of forum will be given deference only when there is a connection between the forum and the operative facts giving rise to the cause of action). Argentum's complaint is focused on Defendants' sale of some infringing product. Argentum might be alluding to Derma's Silver Seal dressing. Noble Biomaterials designed, developed, and manufactures that product in Scranton, Pennsylvania. In turn, Derma, buys that product from Noble

Biomaterials and resells most of it to the Defense Department through a purchasing agent located near Philadelphia, Pennsylvania. In fact, Derma has not sold any Silver Seal dressings in the State of Illinois since the '153 patent issued on June 12, 2007. Moreover, both the '153 patent's owner and its inventor apparently are located in Georgia and not Illinois. (Compl. at Ex. A.)

Second, these facts demonstrate that Pennsylvania is the situs of most material events in this case. Argentum's complaint is focused on Defendants' sale of some infringing product, possibly referring to the Silver Seal dressing. But, there is no connection between this District and the design, development, manufacture, or sale of the Silver Seal dressing. Indeed, Derma has not sold any Silver Seal dressings in Illinois since before the '153 patent issued. *See Technical Concepts, L.P. v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 WL 31433408, *3 (N.D. Ill. Oct. 31, 2002.) ("in infringement cases, the location of the infringer's place of business is often the critical and controlling consideration because such suits often focus on the activities of the alleged infringer, its employees, and its documents rather than upon those of the plaintiffs") (internal quotations omitted).

Third, the Middle District of Pennsylvania is more convenient for the likely witnesses. Noble Biomaterials is located in Scranton, Pennsylvania, and Derma is in neighboring New Jersey. Therefore, witnesses to Argentum's patent infringement claims and relevant documents are located in and near the Middle District of Pennsylvania. Likewise, even Argentum's key witnesses are not located in Illinois. As explained above, the '153 patent's owner and inventor are in Georgia and not Illinois. Finally, Derma's primary customer for Silver Seal dressings is located near Philadelphia, and Derma has

no current Silver Seal dressing customers in Illinois. *See Brunswick Bowling*, at \*3 ("The location and convenience of potential, non-party witnesses is often viewed as the most important factor in the transfer balance.") (internal quotations omitted).

The final private interest factor, the parties' convenience, also favors transfer to Pennsyvlania. Both defendants reside in Pennsylvania, and Derma has minimal contacts with Illinois. Argentum is the only party located in Illinois, but it is only a licensee to the '153 patent. The patent's owner, Argentum International, LLC, and its inventor are located in Georgia.

In addition, Noble Biomaterials must indemnify Derma pursuant to their Distribution Agreement if Argentum stated a claim and it turns out to be valid. That Distribution Agreement, however, purportedly requires adjudication of Noble Biomaterials' indemnification obligation in the Middle District of Pennsylvania or Pennsylvania state court, providing another reason why the Pennsylvania court is a convenient forum for resolving all aspects of this case.

The public interest factors also favor transfer to the Middle District of Pennsylvania. The analysis of the public factors "includes such considerations as the speed at which the case will proceed to trial, the court's familiarity with the applicable law, the community's relationship to the occurrence at issue, and the desirability of resolving controversies in their locale." *See Brunswick Bowling*, at \*5 (*quoting Amoco Oil*, 90 F. Supp. 2d at 961). First, the speed in bringing the case to trial appears to favor Pennsylvania. According to the Federal Court Management Statistics for the period ending March 31, 2007, it will take the typical case 24 months to get to trial in the Middle District of Pennsylvania versus 28.7 in the Northern District of Illinois. *See*

http://www.uscourts.gov/caseload2007/tables/C05Mar07.pdf.  Second, this is a patent infringement case, a common federal question; therefore, both courts are equally familiar with the applicable law.  Thus, this issue does not weigh in favor of either Court.  *See Brunswick Bolwing*, at *5.  Third, the locale of the controversy also favors the Middle District of Pennsylvania, as that forum has a strong interest in deciding the case because of its connection to the material facts and parties as described previously.

In summary, venue is proper in the Middle District of Pennsylvania, and the private and public factors demonstrate that Pennsylvania is the most convenient and efficient forum for resolving this case.

### *Conclusion*

For these reasons, Derma respectfully requests that the Court dismiss this Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, transfer this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

Dated:  February 26, 2008           */s Arthur Gollwitzer III*

                                                       Martin L. Stern (02727307)
                                                         mlstern@michaelbest.com
                                                      Arthur Gollwitzer III (06225038)
                                                       agollwitzer@michaelbest.com
                                                      Christopher R. Parker (06270398)
                                                       crparker@michaelbest.com
                                                     MICHAEL BEST & FRIEDRICH LLP
                                                      Two Prudential Plaza
                                                      180 North Stetson Ave., Ste 2000
                                                      Chicago, IL  60601
                                                      Telephone: 312.222.0800

                                                      ***Attorneys for Defendant Derma Sciences, Inc.***

**Certificate of Service**

I, Arthur Gollwitzer III, an attorney of record in this matter, certify that on February 26, 2008, I cause a copy of the following documents:

**Defendant Derma Sciences, Inc.'s Motion to Dismiss or Transfer;**

**Memorandum in Support of Derma Sciences, Inc.'s Motion to Dismiss or Transfer;** and

**Defendant Derma Sciences, Inc.'s Notice of Motion to Dismiss or Transfer**

to be filed by electronic (ECF) filing, which provides service for the following counsel of record by e-mail delivery:

**Attorneys for Plaintiff Argentum Medical, LLC**

Keith V. Rockey
Kathleen A. Lyons
Joseph A. Fuchs
Avani Macaluso
Rockey, Depke, & Lyons, LLC
Sears Tower, Suite 5450
233 South Wacker Drive
Chicago, Illinois 60606

*/s Arthur Gollwitzer III*
Arthur Gollwitzer III