**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARGENTUM MEDICAL, LLC | : | No. 3:07 cv 6769 |
| | : | |
| Plaintiff, | : | Hon. George W. Lindberg |
| | : | |
| v. | : | Magistrate Judge Jeffrey Cole |
| | : | |
| NOBLE BIOMATERIALS, and | : | |
| DERMA SCIENCES, INC., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT NOBLE BIOMATERIALS' MEMORANDUM OF LAW IN SUPPORT OF**
**ITS MOTION TO DISMISS OR TO TRANSFER**

**PRELIMINARY STATEMENT**

In this action, plaintiff, Argentum Medical, LLC ("Argentum"), seeks to pursue a patent infringement claim against defendant, Noble Biomaterials, Inc. ("Noble"), without establishing its right to enforce the patent, specifying the products which allegedly infringe the patent or providing any explanation of how the patent is supposedly infringed. In fact, Argentum alleges nothing more in support of its claims for relief than that a patent was issued in June 2007 for a type of wound dressing and that Noble and defendant Derma Sciences, Inc. ("Derma") infringe that patent. (Complaint at ¶ 6). Argentum's bare bones Complaint fails to plead the fundamental elements of a patent infringement claim even under the liberal pleading requirements of Federal Rule of Civil Procedure 8(a). The Complaint should accordingly be dismissed on the merits.

Alternatively, the Complaint should be dismissed against Noble for lack of personal jurisdiction and venue. Noble is a Delaware company that maintains its principal place of business and whose products are manufactured in Pennsylvania. It maintains no offices or employees in Illinois. Argentum cannot establish that this case has any basis in Noble's limited contacts with Illinois because none of the products it produces or sells that are even in the same

field as the invention claimed in the patent are sold in Illinois. As such, Argentum cannot establish that Noble has the minimum contacts with Illinois necessary to satisfy the Due Process Clause's limitations on personal jurisdiction. For these same reasons, Argentum cannot establish that Noble has a "regular and established place of business" in the Northern District of Illinois, and, thus, this Court lacks venue under 28 U.S.C. § 1400(b).

Finally, the Complaint should, at least, be transferred to the United Stated District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404 for the convenience of the parties and witnesses and in the interests of justice. As the patent inventor is in Georgia, the defendants in Pennsylvania and New Jersey respectively and the remaining potential witnesses located in other states, this case has no connection to this District and there is no reason to impose upon the resources of this Court and the citizens of Illinois to resolve it.

## **BACKGROUND**

On December 12, 2007, Argentum filed a Complaint purporting to state claims against Noble and Derma for infringement of United States Patent No. 7,230,153 (the "Patent"). The Patent was issued in June 2007 based upon an application filed by A. Bart Flick in 2005 and assigned to Argentum International, LLC. It claims upon multi-layer wound dressings having a surface resistance of between 10 Ohms/in$^2$ and 0.001 Ohms/in$^2$ that supposedly promote wound healing and provide analgesic relief by restoring the skin's normal electric charge to the injured part of the body.

As is set forth in the Verification of Jeffrey B. Keane, which is attached hereto and marked Exhibit "A," Noble is a Delaware corporation that maintains its principal place of business and sole manufacturing facility in Scranton, Pennsylvania. (Keane Verification, ¶ 3.) It has been engaged in the textile business for nearly one hundred and forty years. (*Id*., ¶ 4.) Since 1977, Noble has principally produced metallized (silver coated), thin diameter fibers that used

are in the manufacture of devices that protect against static electricity and devices that provide electromagnetic shielding. (*Id*.) These fibers are marketed under the brand of X-STATIC®. (*Id*., ¶ 5.)

As it has been recognized for centuries that silver kills virtually every type of bacteria, fungus and virus, Noble began selling its silver coated fibers in approximately 1995 for use in the manufacture of bandages and other medical products. (*Id*.) More recently, Noble has sold its silver coated fibers to manufacturers of uniforms and work wear, sportswear, high-performance socks, protective gear, clothing for the military and aerospace garments for NASA. (*Id*.) As a result of silver's antimicrobial properties, using silver coated fibers in these products serves to diminish the odor associated with wearing them. (*Id*.)

Noble has also begun to market its own line of bandages, liners to be used under casts and other medical products that are manufactured from its silver coated fibers. (*Id*.) These products are sold under the SIVERSEAL® trademark. (*Id*.) Noble sells its SILVERSEAL® products to Derma which serves as a Noble distributor. (*Id*., ¶ 8.) At the present time, Derma sells the vast majority of SILVERSEAL® products it purchases to the military in Philadelphia, Pennsylvania and no SILVERSEAL® products have been sold in Illinois since the Patent issued. (Declaration of Robert C. Cole, attached to Derma's Motion to Dismiss or Transfer, ¶¶ 9-10.) While Noble sells SILVERSEAL products to other distributors and makes direct sales to end users, none of those sales are made in Illinois. (Keane Verification, ¶ 8.)

In its Complaint, Argentum makes no attempt to identify which of the numerous products Noble markets or that are made from X-STATIC® fibers supposedly infringe the Patent. To the extent it may be assumed that Argentum claims that it is Noble's medical products which infringe the Patent, the Complaint contains no explanation of how products that have been used for over a decade to kill germs infringe a recently issued patent for wound care dressings

3

intended to promote wound healing and provide pain relief by restoring the body's normal electric charge.   Indeed, the sole substantive allegation against Noble in the Compliant is that:

> Noble has, on information and belief, unlawfully and intentionally infringed the '153 Patent in this District and elsewhere by making, using, offering for sale and/or selling the inventions of the '153 Patent.  On information and belief, Noble has induced infringement of the '153 Patent in this District and elsewhere.

(Complaint, ¶ 6).

Furthermore, although the Patent identifies A. Bart Flick as the inventor, and Argentum International, LLC (not Argentum Medical) as the assignee, Argentum provides no basis to support its standing to enforce the Patent other than the bald assertion that it is the exclusive licensee thereof.  (*Id.*, ¶ 5.)  It does not support this conclusory allegation by attaching a copy of the purported license to the Complaint or stating when the license was granted, the duration of the license, in what geographic region Argentum has supposedly been issued an exclusive license or whether the assignee has retained any rights in the Patent.

In addition, as to Noble's alleged connection with Illinois, the Complaint states solely that "on information and belief, Noble is doing business in this District."  (*Id.*, ¶ 3).  Presumably, Argentum purports to base jurisdiction and venue in this District on its vague allegation that the unspecified infringing products have been sold and that Noble has induced infringement of the Patent in this District.   (*Id.*, ¶ 6.)

## ARGUMENT

### A.    The Complaint Should Be Dismissed for Failure to Allege the Fundamental Elements of a Patent Infringement Claim

As set forth in Derma's Memorandum of Law in Support of its Motion to Dismiss ("Derma Memorandum"), a patent infringement complaint must identify the allegedly infringing product.  (Derma Memorandum at 4-8 (citing McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007); Ricoh Co., Ltd. v. Asustek Computer, Inc., 481 F. Supp. 2d 954, 959

(W.D. Wis. 2007); <u>Anticancer Inc. v. Xenogen Corp.</u>, -- F. Supp. 2d --, 2007 WL 2345025, *4

*Aug. 13, 2007)); <u>see also</u> Fed. R. Civ. P. 84, Form 16 (providing sample patent infringement

complaint identifying the alleged infringing product). Indeed, where a plaintiff fails to identify

the infringing product, there is no case or controversy. <u>Laitram Corp v. The Cambridge Wire</u>

<u>Cloth Co.</u>, 919 F.2d 1579, 1583 (Fed. Cir. 1990) ("the parties have identified no specific product

made, used, or sold by CWC . . . . On that basis, there was no actual case or definite and

concrete controversy over which the district court might have exercised jurisdiction").

   In addition, a complaint for patent infringement must "describe . . . the means by which

the defendants allegedly infringe." <u>Phonometrics, Inc. v. Hospitality Franchisee</u>, 203 F.3d 790,

794 (Fed. Cir. 2000); <u>see also</u> <u>McZeal</u>, 501 F.3d at 1357 (noting that the plaintiff "described the

means by which Spring Nextel allegedly infringes").

> A complaint for patent infringement satisfies the . . . limited criteria of
> Rule 8(a), when the Plaintiff: (1) alleges ownership of the asserted patent,
> (2) names each individual defendant; (3) cited the patent that is allegedly
> infringed, (4) <u>describes the manner in which the defendants allegedly</u>
> <u>infringe</u>, and (5) identifies the specific sections of the patent law invoked.

<u>Home & Nature, Inc. v. Sherman Specialty Co., Inc.</u>, 322 F. Supp. 2d 260, 265 (E.D.N.Y. 2004)

(emphasis added) (citing <u>Phonometrics</u>, 203 F.3d at 794).

   In the instant action, Argentum makes no attempt to identify the products that supposedly

infringe the Patent or to state in what manner any such products infringe. As Mr. Keane's

Verification establishes, Noble's products have dozens of uses. Even assuming that Argentum's

claims focus on Noble's medical products, it is still unclear which of those products is alleged to

infringe the Patent. This is particularly true in that Argentum appears to attempt to assert not

only an infringement claim, but also an inducement claim. Moreover, X-STATIC® fibers have

been used in bandages and other such products for their antimicrobial properties well before the

Patent application was filed. Under these circumstances, it is difficult to understand on what

basis any of those products could infringe the Patent.  Unless Argentum identifies which products allegedly infringe the Patent and the basis upon which they supposedly infringe, Noble cannot know the basis of the claims against it.

Noble should not be forced to seek this information through discovery because identifying the purportedly infringing products and stating how they infringe are essential elements of Argentum's claim.  Argentum was required to make a reasoned evaluation of whether any of Noble's products infringe the Patent before filing its Complaint.  Noble should not be required to incur the costs and distraction of defending a patent infringement action unless Argentum is prepared to identify under the standards established by Federal Rule of Civil Procedure 11 what products allegedly infringe the Patent and the basis upon which they are alleged to infringe.

The Complaint furthermore fails to establish Argentum's basis to enforce the Patent. Argentum's conclusory assertion that it is an "exclusive licensee" of the Patent fails to establish its unilateral right to enforce it.  An exclusive licensee may only obtain relief for the period that the license was effective and with respect to the territory for which the license was granted. Water Technologies Corp. v. Calco, Ltd., 850 F.2d 660, 673 (Fed. Cir. 1988) (finding that damages, "could be awarded, at most, for the period during with [the plaintiff] was a licensee and an actual competitor of [the defendant] in the marketplace").  As Argentum has failed to attach a copy of the license to its Complaint, or to provide any other information about the terms of the alleged license, it has not established the scope of its rights to enforce the Patent.

Moreover, "an exclusive licensee having fewer than all substantial patent rights . . . that seeks to enforce its rights in a patent generally must sue jointly with the patent owner." Intellectual Property Development v. TCI Cablevision of California, 248 F.3d 1333, 1347 (Fed. Cir. 2002).  Even if Argentum were granted an exclusive license, the assignee of the Patent may

have retained rights in the Patent, including the right to control any infringement action.  As Argentum has failed to allege that it has acquired by license all rights in the Patent, it has not established a right unilaterally to enforce it.

Under these circumstances, it is clear that Argentum's Complaint fails to state essential elements of a purported patent infringement and inducement claims.  The Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted.

### B.    This Court Lacks Personal Jurisdiction Over Noble

Even though Argentum purports to assert claims under federal law, as the Patent Law does not establish nationwide service of process,  Noble is not subject to service in this Court unless personal jurisdiction could otherwise be asserted over it in Illinois.  Cytomedix, Inc. v. Perfusion Partners & Associates, Inc., 243 F. Supp. 2d 786, 791 (N.D. Ill. 2003) (personal jurisdiction in patent infringement suit lacking and distinguishing patent infringement cases from bankruptcy cases on grounds that bankruptcy cases have nationwide service of process, whereas patent infringement cases do not).  *See also*, Daetwyler Corp v. Meyer, 762 F.2d 290 (3rd Cir. 1985) (although patent rights arise from federal statute, personal jurisdiction is analyzed with respect to contacts with the forum state and explicitly rejecting a "national contacts theory.").   It is Argentum's burden to establish personal jurisdiction over Noble.  RAR, Inc. v. Turner Diesel, LTD, 107 F.3d 1272, 1276 (7th Cir. 1997).

Personal jurisdiction may be either general or specific.  International Medical Group, Inc. v. American Arbitration Association, Inc., 312 F.3d 833, 847 (7th Cir. 2002).  For general jurisdiction to exist, the defendant's contacts with the forum must be "so continuous and systematic that [it] could reasonably foresee being hauled into court in that state for any matter." Id.  Specific jurisdiction exists under the "minimum contacts" test where: (1) "the defendant has purposefully availed itself of the privilege of conducting activities within the forum state;" and

(2) "the exercise of personal jurisdiction would comport with traditional notions of fair play and substantial justice." Jennings v. AC Hydraulic A/S, 383 F.3d 546, 549 (7th Cir. 2004).

Argentum fails to plead facts establishing either general or specific jurisdiction in Illinois. Its conclusory assertions that Noble regularly conducts business in Illinois, allegedly infringing products have been sold in this District and that Noble has induced infringement in Illinois are insufficient to meet Argentum's burden of establishing jurisdiction. Further, even though Noble is not required to do so, it has submitted Mr. Kean's Verification to establish that these conclusory assertions are inaccurate.

Noble is a Delaware Corporation with its principal place of business and manufacturing facility in Scranton, Pennsylvania. (Kean Verification, ¶ 3.) It has no office, facility or employees in Illinois. (*Id*., ¶ 5.) As such, Noble plainly lacks the type of continuous significant contacts with Illinois necessary to establish general jurisdiction.

To satisfy its burden of proving that a defendant has sufficient contacts with a jurisdiction to anticipate being subject to suit there, a plaintiff must demonstrate that the defendant purposefully directed business activities at the forum state and the dispute before the court arose directly from those activities. RAR, 107 F.3d at 1277. The nexus between the contacts claimed to justify the assertion of specific jurisdiction and the suit is significant because it, "gives a degree of predictability to the legal system that allows potential defendants to secure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." Id. (*quoting*, World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1985)). As such, a "loose casual connection between a suit and a defendant's forum contacts" cannot serve as the basis for personal jurisdiction. Id. at 1277.

In a patent infringement action, the requisite nexus between the defendant's forum related activities and the plaintiff's claims is established only where the allegedly infringing products are

produced, distributed or sold in the forum. <u>RAR</u>, 107 F.3d at 1277; <u>Stairmaster Sports/Medical Products v. Pacific Fitness Corp.</u>, 916 F. Supp. 1049, 1053 (W.D. Wash. 1994) (court could not assert personal jurisdiction based upon sales of products unrelated to the patent); <u>Structural Panels, Inc. v. Texas Aluminum Industries, Inc.</u>, 814 F. Supp. 1058, 1066 (M.D. Fla. 1992)(same).

As Argentum has not identified which products allegedly infringe the Patent, it is difficult to determine upon which products to focus for purposes of this jurisdictional analysis. However, assuming that some of Noble's medical products are alleged to infringe the Patent, it is noted that Noble has not distributed those products in Illinois or sold them to any entity in Illinois. Rather, it sells its medical products to Derma in Scranton, Pennsylvania. As Derma asserted in support of its Motion to Transfer, it "resells most of [these products] to the Defense Department through a purchasing agent located near Philadelphia, Pennsylvania." (Derma Memorandum, p. 11). Derma also has made clear that it has not sold any SILVERSEAL® dressings in Illinois since the Patent was issued. (*Id*.) Additionally, while Noble also sells SILVERSEAL® products to other distributors and directly to end users, these sales have not taken place in Illinois. (Keane Verification, ¶ 8.) Therefore, Argentum's claims are completely unrelated to any of Noble's contacts with Illinois and the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

---

[1] Noble's sole contact with Illinois with respect to the matters involved in this action is that representatives have attended a large, industry-wide trade show in Chicago on at least two occasions. (Keen Verification, ¶ 10). Noble, however, did not make any sales or attempt to make any direct sales to Illinois customers at these trade shows. (*Id*.) Merely attending a trade show in Chicago is insufficient to confer subject matter over a defendant. <u>David White Instruments, LLC v. TLZ, Inc.</u>, No.Civ.A. 02-7156, 2003 WL 21148224, *6 (N.D. Ill. May 16, 2003).

### C.    The Complaint Should Be Dismissed For Lack of Venue Under 28 U.S.C. § 1400 and Fed. R. Civ. P. 12(b)(3).

Argentum also bears the burden of proving that venue is proper in this judicial district. Brunswick Corp. v. Suzuki Motors, Co., 575 F. Supp. 1412, 1423 (E.D. Wis. 1983).  A patent infringement claim "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  Courts construe § 1400(b) narrowly.  "[T]he patent venue statute should not be liberally construed in favor of venue.  The requirement of venue in Section 1400(b) is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given 'liberal' construction."  Grantham v. Challenge-Cook Bros., Inc., 420 F.2d 1182, 1184 (7th Cir. 1969).

As Noble does not maintain a regular and established place of business in Illinois, venue could only be proper if it is deemed to reside here.[2]  For the purpose of § 1400(b), a defendant resides in every district where it is subject to personal jurisdiction.  *See e.g.*, VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574 (Fed. Cir. 1990) (finding that 28 U.S.C. § 1391(c) provides the definition of a corporation's residence for the purposes of § 1400(b)).  In states with multiple judicial districts such as Illinois, the plaintiff must establish that the defendant has sufficient minimum contacts with the specific judicial district, rather than the state on the whole. See 28 U.S.C. § 1391(c).

As is set forth previously, Noble is not a "resident" of the Northern District of Illinois because there is no personal jurisdiction over it in Illinois.  Since Noble has insufficient

---

[2] Under the second clause of Section 1400, Argentum must establish both that Noble committed an act of infringement in the Northern District of Illinois and that it has a regular and established place of business in this district.  28 U.S.C. § 1400(b).  The failure to establish either is fatal and requires dismissal.  Air Factors, 363 F. Supp. at 95-96.

minimum contacts with the entire state, it also has insufficient minimum contacts with the Northern District.  Accordingly, Noble is a resident of neither Illinois nor the Northern District of Illinois and venue is lacking under Section 1400(b).

### D.     This Case Should Be Transferred To The Middle District Of Pennsylvania

Even assuming, *arguendo*, that this Court had personal jurisdiction over Noble and venue were proper here, this case should be transferred to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404.  As Derma has demonstrated in its Motion to Transfer that transferring this case to the Middle District of Pennsylvania would serve the convenience of the parties and the witnesses, the public interest and the interests of justice, Noble will not burden the Court by rearguing this point and, instead, will rely upon the arguments set fort in Derma's supporting Memorandum of Law.  (Derma Memorandum at 8-13.)

Noble will, however, briefly highlight the complete lack of any nexus between this case and the Northern District of Illinois.  As Noble and Derma are located in Scranton, Pennsylvania and Princeton, New Jersey respectively, no witnesses and documents relating to the infringement claim will likely be located in Illinois.  The inventor and assignee are likely to be witnesses and to possess documents relative to the affirmative defenses Noble will likely assert challenging the Patent's validity.  These entities, according to the Patent, are located in Georgia.  Moreover, as Argentum claims just to be a licensee of the Patent, the assignee is likely to retain an interest in the enforcement of the Patent and, as this entity is located in Georgia, whatever interest the plaintiff may have in pursuing this action in its forum state is substantially diluted.

## <u>CONCLUSION</u>

For the reasons stated above, Argentum's Complaint  should be dismissed or, in the alternative, transfer this matter should be transferred to the United States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

<u>s/Josh M. Kantrow</u>
Lori S. Nugent (Attorney ID No. 6196627)
Josh M. Kantrow (Attorney ID No. 6231027)
COZEN O'CONNOR
222 South Riverside Plaza, Suite 1500
Chicago, Illinois 60606

Attorneys for Defendant,
Noble Biomaterials, Inc.

Dated:  March 10, 2008