IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Argentum Medical, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Noble Biomaterials and<br>Derma Sciences, Inc.,<br><br>　　　　Defendants. | No. 07 cv 6769<br><br>Judge George W. Lindberg<br>Magistrate Judge Cole |

**Defendant Derma Sciences, Inc.'s Opposition to Argentum's Motion
for Expedited Discovery**

　　Plaintiff Argentum Medical, LLC ("Argentum") wants to serve up to five interrogatories and ten requests for production on Defendant Derma Sciences, Inc. ("Derma") by March 21, 2008, and then require Derma to respond to that discovery by March 28, 2008 – only seven days later.  Argentum's request is unnecessary and places an undue burden on Derma.

*Facts*

　　Argentum filed its Complaint on December 3, 2007, alleging that Derma and co-defendant Noble Biomaterials ("Noble") infringe U.S. Patent No. 7,230,153 (the "'153 Patent").  Argentum, however, did not describe or identify how Derma supposedly infrings the '153 Patent.  The only product Derma sells that might be similar to the subject matter disclosed in the '153 Patent is Silver Seal wound dressing, which Derma buys from Noble.  Derma has not sold any Silver Seal wound dressing in Illinois since before the '153 Patent issued.

　　Derma responded to Argentum's Complaint by moving to dismiss that Complaint

because it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).  In that motion, Derma explained that Argentum's Complaint is deficient because it does not identify or even describe what things allegedly infringe Argentum's '153 Patent.  Derma also moved to transfer this case to the Middle District of Pennsylvania.

Co-defendant Noble responded to Argentum's Complaint by moving to dismiss because this Court does not have personal jurisdiction over Noble.  Noble also joined in Derma's arguments that Argentum's Complaint is deficient under Rule 12(b)(6) and the case should be transferred to Pennsylvania.

In response to these motions, Argentum requests expedited jurisdictional discovery, including responses to five interrogatories and ten requests for production within seven days from *both* defendants – even though Derma's motion to dismiss is based solely on a legal argument.  Argentum also seeks to consolidate the briefing schedules on Defendants' motions.

Derma objects to providing the expedited discovery that Argentum seeks.  At most, Argentum needs no more than a single interrogatory answer from Derma in order to respond to Defendants' motions.  Derma does not oppose Argentum's request for a consolidated briefing schedule.

*Argument*

Derma's motion to dismiss is based solely on single a legal point – Argentum's Complaint is fatally deficient because it does not identify or describe what Derma has done that allegedly infringes Argentum's '153 Patent.  The Court can decide that issue without any further facts, or Argentum can amend its Complaint and cure this defect.  Argentum does not need any discovery from Derma in order to respond to Derma's

motion.

Noble's motion to dismiss raises one factual issue – does Noble do business in this District giving this Court jurisdiction over Noble?

That one factual issue – what, if anything, does *Noble* sell in this District – is not a sufficient reason to require *Derma* to answer five interrogatories and ten requests for production in seven days. Assuming Argentum eventually identifies the product (or products) it believes infringes its '153 Patent, Argentum's discovery needs *vis a vis* Derma could be satisfied with a single interrogatory asking about Derma's sales of such accused product(s). Thus, Argentum merely needs Derma to answer one question: Describe how many of product X (of Noble, possibly its Silver Seal wound dressing, if any, Derma has sold in this District since the '153 Patent issued on June 12, 2007.

Derma is willing to answer that interrogatory on Argentum's proposed schedule. No further expedited discovery from Derma is warranted under these circumstances. Making Derma answer five interrogatories and ten requests for production in only seven days is unwarranted and unfair to Derma.

*Conclusion*

For these reasons, Derma respectfully requests that the Court deny Argentum's request for expedited discovery from Derma. Instead, Derma is willing to answer a single interrogatory regarding its sales of Noble products accused of infringement in this District on the schedule proposed by Argentum.

Dated:  March 18, 2008                                        */s Arthur Gollwitzer III*

                                                  Martin L. Stern (02727307)
                                                    mlstern@michaelbest.com
                                                  Arthur Gollwitzer III (06225038)
                                                      agollwitzer@michaelbest.com
                                                  Christopher R. Parker (06270398)
                                                      crparker@michaelbest.com
                                                  MICHAEL BEST & FRIEDRICH LLP
                                                  Two Prudential Plaza
                                                  180 North Stetson Ave., Ste 2000
                                                  Chicago, IL  60601
                                                  Telephone: 312.222.0800

                                                  ***Attorneys for Defendant Derma Sciences, Inc.***

## Certificate of Service

I, Arthur Gollwitzer III, an attorney of record in this matter, certify that on March 18, 2008, I cause a copy of the following document:

**Defendant Derma Sciences, Inc.'s Opposition to Argentum's Motion for Expedited Discovery**

to be filed with the Court via the ECF system which also caused electronic service on the following counsel of record:

>Keith V. Rockey
>Joseph A. Fuchs
>Rockey, Depke, & Lyons, LLC
>Sears Tower, Suite 5450
>233 South Wacker Drive
>Chicago, Illinois 60606
>krockey@rdlklaw.com
>jfuchs@rdlklaw.com
>
>Lori S. Nugent
>Cozen O'Connor
>222 South Riverside Plaza, Ste 1500
>Chicago, IL  60606
>312-382- 3100
>lnugent@cozen.com

>>*/s Arthur Gollwitzer III*
>>Arthur Gollwitzer III