IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARGENTUM MEDICAL, LLC | : | No. 07 CV 6769 |
| | : | |
| Plaintiff, | : | Hon. George W. Lindberg |
| | : | |
| v. | : | Magistrate Judge Jeffrey Cole |
| | : | |
| NOBLE BIOMATERIALS, and | : | |
| DERMA SCIENCES, INC., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT NOBLE BIOMATERIALS, INC.'S OBJECTIONS TO PLAINTIFF
ARGENTUM MEDICAL LLC'S MOTION FOR
EXPEDITED DISCOVERY AS TO JURISDICTIONAL ISSUES**

Defendant, Noble Biomaterials, Inc. ("Noble"), objects and responds to plaintiff, Argentum Medical LLC's ("Argentum") Motion for Expedited Jurisdictional Discovery. After rejecting Noble's offer to submit to reasonable jurisdictional discovery, Argentum seeks to serve interrogatories and document requests and take a deposition of unlimited duration, presumably in Chicago, of Noble's Chief Executive Officer. Argentum has not demonstrated a good faith basis to conduct jurisdictional discovery and, in any event, its request for discovery is overbroad.

While courts have allowed plaintiffs to conduct discovery before responding to jurisdictional challenges, whether to allow jurisdictional discovery is within the discretion of the court. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 255 (2d Cir. 2007); Negron-Torres v. Verizon Communications, Inc., 478 F.3d 19, 23 (1st Cir. 2007). "At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." United States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 946 (7th Cir. 2000). See also, Ellis v. Fortune Seas. Ltd., 175 F.R.D. 308 (S.D. Ind. 1997); Baicker-McKee, Steven, Federal Civil Rules Handbook, p. 368 (Thompson/West 2008) and the cases cited therein.

Argentum has not alleged a good faith basis for asserting personal jurisdiction over Noble.  In its Complaint, Argentum only alleges in conclusory fashion that Noble is doing business in Illinois.  It does not support this assertion with specific allegations of any activities Noble has undertaken in Illinois that would justify asserting personal jurisdiction over it.  <u>Arament Systems and Procedures, Inc. v. Radioshack Corp. Team Products Intern'l</u>, 2005 WL 1876102 * 6 (E.D. Wis. August 8, 2005) ("plaintiff's discovery request will nevertheless be denied if it is only based upon bare, attenuated, or unsupported assertions of personal jurisdiction . . .").   Indeed, as noted in Noble's Motion to Dismiss, Argentum does not even identify the products that allegedly infringe the Patent it purports to enforce.

Argentum's belated claim in its Motion for Expedited Discovery that its seeks discovery as to whether Noble's distributor, defendant, Derma Sciences, Inc. ("Derma"), has sold SILVERSEAL® products to chains that operate hospitals in Illinois does not cure the fundamental defects in its pleadings.  A desire to conduct discovery on an issue is not an affirmative allegation that there is any reason to believe that any such sales have been made.  Moreover, this putative connection with Illinois is too attenuated to justify asserting jurisdiction over Noble and, therefore, discovery with respect thereto is unwarranted.  As Derma is an independent entity located in New Jersey, its purported sales of products that found their way into Illinois are not a basis to assert jurisdiction over Noble.  The sale of products to the corporate headquarters of a hospital chain that might forward them to a hospital in Illinois does not, in any event, demonstrate the type of deliberate decision to conduct business in Illinois necessary to establish specific personal jurisdiction.

Argentum is therefore not entitled to conduct jurisdictional discovery.   Even if it were entitled to discovery, Argentum should be limited to seeking discovery from Derma as to its sales in Illinois of those SILVERSEAL® products that allegedly infringe the Patent.  Since

Argentum's basis for seeking jurisdictional discovery is those purported sales, its discovery should be limited to whether any such sales occurred.  Noble does not maintain records of Derma's sales and the best source of where Derma made sales of SILVERSEAL® products is Derma.  As such, Argentum should, at most, be entitled only to jurisdictional discovery of Derma.

Argentum should not be permitted any discovery of Noble beyond that which Noble has already offered – a telephonic deposition of no more than two hours duration of Jeffrey T. Glattly, its Director of Medical Sales.  Any deposition should be limited to the jurisdictional issues presented given that Argentum seeks expedited discovery to respond to Noble's jurisdictional challenges and Noble has not had a fair opportunity to develop its defenses on the merits.  *See*, <u>Chudasama v. Mazada Motor Corp.</u>, 123 F.3d 1353, 1367-68 (11th Cir. 1997) (commenting that motion to dismiss should be resolved before full discovery is permitted). Noble proposes Mr. Glattly as the deponent because, as its Director of Medical Sales, he has the most direct knowledge of Noble's sales of SILVERSEAL® products.  A telephonic deposition lasting no more than two hours will be adequate to cover the limited jurisdictional allegations presented.

Noble recognizes that its Chief Executive Officer submitted the Verification in support of Noble's Motion to Dismiss.  At the time this Motion was filed, however, Argentum had not specified the accused products and Noble provided a Verification that addressed its history and general lack of contacts with Illinois, as well as its sales of SILVERSEAL® products.  As Argentum is now focusing upon the sale of SILVERSEAL® products, it is appropriate to produce the person with direct responsibility for the sale of those products.

To the extent that a telephonic deposition is deemed inadequate, any deposition should be conducted in Scranton, Pennsylvania where Noble's principal place of business is located.  The

general rule, even for merits discovery, is that a deposition of corporate officers should be conducted at the location of the corporation's offices absent unusual circumstances.  <u>Sears v. American Entertainment Group, Inc.</u>, 1995 WL 66411 (N.D. Ill. 1995); <u>Zuckert v. Berkliff Corp.</u>, 96 F.RD. 161 (N.D. Ill. 1982).   This principle certainly should be followed for jurisdictional discovery where Noble challenges Argentum's right to force it to defend this action in Chicago.

　　　　Lastly, it is requested that the briefing schedule be set so that no depositions are taken during the week of March 24 when both of Noble's counsel are scheduled for prescheduled vacations in conjunction with the Easter holiday.

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　<u>s/Josh M. Kantrow</u>
　　　　　　　　　　　　　　　　　　　　　Lori S. Nugent (Attorney ID No. 6196627)
　　　　　　　　　　　　　　　　　　　　　Josh M. Kantrow (Attorney ID No. 6196627)
　　　　　　　　　　　　　　　　　　　　　COZEN O'CONNOR
　　　　　　　　　　　　　　　　　　　　　222 South Riverside Plaza
　　　　　　　　　　　　　　　　　　　　　Suite 1500
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
Dated:  March 18, 2008　　　　　　　　　　*Noble Biomaterials*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March, 2008, I caused a true and correct copy of Defendant Noble Biomaterials, Inc.'s Objections to Plaintiff Argengum Medical LLC's Motion for Expedited Discovery as to Jurisdictional Issues to be served electronically via the Court's ECF system upon the following:

Martin L. Stern
Arthur Gollwitzer
Christopher Parker
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Ave., Ste 2000
Chicago, IL 60601
Attorneys for Defendant Derma Sciences, Inc.

Keith V. Rockey
Kathleen A. Lyons
Joseph A. Fuchs
Avani Macaluso
ROCKEY, DEPKE, & LYONS, LLC
Sears Tower, Suite 5450
233 South Wacker Drive
Chicago, IL 60606
Attorneys for Plaintiff Argentum Medical, LLC

By: s/ Josh M. Kantrow
    Lori S. Nugent  (Attorney ID No. 6196627)
    Josh M. Kantrow (Attorney ID No. 6231027)
    COZEN O'CONNOR
     222 South Riverside Plaza
    Suite 1500
    Chicago, Illinois 60606
    *Attorney for Defendant*
    *Noble Biomaterials*