IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARGENTUM MEDICAL, LLC | : | No. 07 CV 6769 |
| Plaintiff, | : | Hon. George W. Lindberg |
| v. | : | Magistrate Judge Jeffrey Cole |
| NOBLE BIOMATERIALS, and<br>DERMA SCIENCES, INC., | : | |
| Defendants. | : | |

**DEFENDANT NOBLE BIOMATERIALS, INC.'S MOTION FOR RECONSIDERATION OF OR ALTERNATIVELY TO MODIFY ORDER GRANTING IN PART PLAINTIFF ARGENTUM MEDICAL LLC'S MOTION TO MODIFY BRIEFING SCHEDULE AND FOR EXPEDITED DISCOVERY AS TO JURISDICTIONAL ISSUES**

Pursuant to Federal Rule of Civil Procedure 7, defendant, Noble Biomaterials, Inc. ("Noble"), respectfully moves for reconsideration of, or alternatively to modify, the Minute Order of the Court granting in part plaintiff, Argentum Medical LLC's ("Argentum") Motion to Modify Briefing Schedule and for Expedited Jurisdictional Discovery, which Order was entered without the benefit of Noble's timely filed Opposition. Noble asserts in support of its Motion for Reconsideration and to Modify as follows:

1.      On Friday, March 14, 2008, Argentum filed a Motion to modify the briefing schedule upon defendants' respective Motions to Dismiss and for Expedited Discovery as to Noble's Motion to Dismiss for lack of personal jurisdiction. In this Motion, Argentum sought to serve Noble and defendant Derma Sciences, Inc. ("Derma") with ten Interrogatories and Requests for Production of Documents and to conduct the deposition of Noble's Chief Executive Officer.

2. Even though Noble was not served with this Motion until late in the afternoon on Friday, March 14, it filed and served Objections and an Opposition thereto on or about 10:38 a.m. on March 18, 2008, just over one business day after it was served with the Motion to Modify and for Expedited Jurisdictional Discovery and prior to the Motion Argument Date.

3. Derma also filed an Opposition to the Motion to Modify Briefing Schedule and for Expedited Discovery, which was received by the Court at or about 8:29 a.m., on March 18, 2008.

4. Apparently believing that Noble did not intend to oppose this Motion, on Tuesday March 18, 2008 at 9:21 a.m., the Court entered a Minute Order granting in part the relief Argentum sought. The Court granted Argentum leave to serve defendants with ten interrogatories and document requests related solely to jurisdiction over Noble by March 21 and required responses to those discovery requests by April 11, 2008. Further, the Court granted Argentum leave to depose Noble's Chief Executive Officer by May 2. 2008. Given the time allocated for jurisdictional discovery, the Court extended the briefing schedule on the Motion to Dismiss until May 23, 2008 and provided that a decision would be rendered by June 25, 2008.

5. The Court did not have the benefit of the arguments set forth in ruling upon Noble's Objections and Opposition to Argentum's Motion for Modify Briefing Schedule and for Expedited Jurisdictional Discovery. Further, as the Court ruled less than one hour after Derma's Opposition was filed, it may not have had the benefit of the arguments set forth therein in ruling on Argentum's Motion.

6. It is respectfully submitted that Noble's Objections and Opposition to Argentum's Motion for Modify Briefing Schedule and for Expedited Jurisdictional Discovery set forth good grounds, including reliance upon controlling Seventh Circuit authority, to deny Argentum

jurisdictional discovery from Noble or, at least, limit the scope and duration of jurisdictional to what Noble had already offered to provide Argentum and that the Court should have the benefit of these arguments before finally resolving Argentum's request for relief. It should therefore grant reconsideration of its ruling, or alternatively, modify its Minute Order.

### A. Argentum Is Not Entitled to Jurisdictional Discovery and Therefore Its Motion for Expedited Jurisdictional Discovery Should Be Denied

7. While courts have allowed plaintiffs to conduct discovery before responding to jurisdictional challenges, "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." United States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 946 (7th Cir. 2000). *See also*, Ellis v. Fortune Seas. Ltd., 175 F.R.D. 308 (S.D. Ind. 1997); Baicker-McKee, Steven, Federal Civil Rules Handbook, p. 368 (Thompson/West 2008) and the cases cited therein.

8. Argentum has not alleged a good faith basis for asserting personal jurisdiction over Noble. In its Complaint, Argentum only alleges in conclusory fashion that Noble is doing business in Illinois. It does not support this assertion with specific allegations of any activities Noble has undertaken in Illinois that would justify asserting personal jurisdiction over it. Arament Systems and Procedures, Inc. v. Radioshack Corp. Team Products Intern'l, 2005 WL 1876102 * 6 (E.D. Wis. August 8, 2005) ("plaintiff's discovery request will nevertheless be denied if it is only based upon bare, attenuated, or unsupported assertions of personal jurisdiction . . ."). Indeed, as noted in Noble's Motion to Dismiss, Argentum does not even identify the products that allegedly infringe the Patent it purports to enforce.

9. Argentum's belated claim in its Motion for Expedited Discovery that its seeks discovery as to whether Derma has sold Noble's SILVERSEAL® products to chains that operate

hospitals in Illinois does not cure the fundamental defects in its pleadings. A desire to conduct discovery on an issue is not an affirmative allegation that there is any reason to believe that any such sales have been made. Moreover, this putative connection with Illinois is too attenuated to justify asserting jurisdiction over Noble and, therefore, discovery with respect thereto is unwarranted. As Derma is an independent entity located in New Jersey, its purported sales of products that found their way into Illinois are not a basis to assert jurisdiction over Noble. The sale of products to the corporate headquarters of a hospital chain that might forward them to a hospital in Illinois does not, in any event, demonstrate the type of deliberate decision to conduct business in Illinois necessary to establish specific personal jurisdiction.

    **B.    Alternatively the Minute Order Should Be Modified to Allow Argentum Either To Take Discovery Only of Derma or to Conduct One Limited Deposition of Noble**

    10.    Even if it were entitled to discovery, Argentum should be limited to seeking discovery from Derma as to its sales in Illinois of those SILVERSEAL® products that allegedly infringe the Patent. Since Argentum's basis for seeking jurisdictional discovery is those purported sales, its discovery should be limited to whether any such sales occurred. Noble does not maintain records of Derma's sales and the best source of where Derma made sales of SILVERSEAL® products is Derma. As such, Argentum should, at most, be entitled only to jurisdictional discovery of Derma.

    11.    In any event, Argentum should not be permitted any discovery of Noble beyond that which Noble has already offered – a deposition of no more than two hours duration. Further, rather than deposing Noble's Chief Executive Officer, it should only be permitted to depose Jeffrey T. Glattly, Noble's Director of Medical Sales. Noble recognizes that its Chief Executive Officer submitted the Verification in support of Noble's Motion to Dismiss. At the

time this Motion was filed, however, Argentum had not specified the accused products and Noble provided a Verification that addressed its history and general lack of contacts with Illinois, as well as its sales of SILVERSEAL® products. As Argentum is now focusing upon the sale of SILVERSEAL® products, it is appropriate to produce the person with direct responsibility for the sale of those products.

  **C. The Order Should Also Be Modified to Specify That Any Deposition Must be Conducted Telephonically or At the Location of Noble's Corporate Offices**

  12. While the Court's Minute Order did not address the place or manner of deposition, to avoid any further issue, it should specify, to the extent the Court allows a deposition, that it should be conducted telephonically and last no longer than two hours. Given the limited purposes of the deposition, a telephonic deposition should be appropriate given that Noble is located in Scranton, Pennsylvania and Argentum is located in Chicago and no more than two hours should be necessary to conduct this deposition.

  13. To the extent that a telephonic deposition is deemed inadequate, any deposition should be conducted in Scranton, Pennsylvania. The general rule, even for merits discovery, is that a deposition of corporate officers should be conducted at the location of the corporation's offices absent unusual circumstances. Sears v. American Entertainment Group, Inc., 1995 WL 66411 (N.D. Ill. 1995); Zuckert v. Berkliff Corp., 96 F.RD. 161 (N.D. Ill 1982). This principle certainly should be followed for jurisdictional discovery where Noble challenges Argentum's right to force it to defend this action in Chicago.

### D. The Minute Order Should Be Modified to Shorten the Briefing Schedule If It Denies or Limits Jurisdictional Discovery or To Bifurcate Consideration of the Motions to Dismiss

14. Given the scope of discovery allowed, the Court extended the briefing schedule so that a decision may not be rendered until June 25. As the Court has set a July 9 discovery cut-off (including experts), postponing a ruling on the Motion to Dismiss will effectively require Noble to conduct a substantial portion of the pretrial proceedings in a District in which it is not subject to personal jurisdiction. In this event, by seeking broad and unnecessary jurisdictional discovery, Argentum will have succeeded in mooting Noble's jurisdictional defenses even though, as set forth previously, it has not alleged any basis whatsoever to assert jurisdiction over Noble in Illinois.

15. Further, in their Motions to Dismiss, defendants also challenge the substantive adequacy of the Complaint and seek to transfer venue. Given the current schedule, defendants will be required to proceed substantially through discovery without Argentum even committing to a specification of what products it contends infringe the Patent at issue. Further, defendants answers with affirmative defenses and expected counterclaims might not be filed until after discovery closes.

16. The scheduling issues presented by the scope of Argentum's jurisdictional requests constitute a further reason to deny or limit its request for discovery. To the extent the Court reconsiders its decision to grant jurisdictional discovery or modify its Minute Order to limit jurisdictional discovery, it is respectfully submitted that the briefing schedule should be shortened.

17. Alternatively, if the Court does not change the amount of jurisdictional discovery that Argentum has been granted leave to conduct, it is respectfully requested that the Court set a

6

separate briefing schedule for the Federal Rule of Civil Procedure 12(b)(6) portions of the defendants' Motions to Dismiss and the Motion to Transfer Venue so that it may earlier entertain those Motions. Proceeding in this manner may moot the jurisdictional issues and, at least, provide for Argentum to identify the products that supposedly infringe the Patent and allow defendants to answer and counterclaim within the discovery period.

WHEREFORE, defendant, Noble Biomaterials, Inc., move for reconsideration of the Court's Order granting Argentum leave to conduct jurisdictional discovery or, alternatively, modify its Minute Order to limit jurisdictional discovery and shorten the briefing schedule on defendants' Motions to Dismiss and to Transfer Venue and/or bifurcate consideration of the Motions to Dismiss and Transfer Venue.

Respectfully submitted,

s/Josh M. Kantrow
Lori S. Nugent (Attorney ID No. 6196627)
Josh M. Kantrow (Attorney ID No. 6196627)
COZEN O'CONNOR
222 South Riverside Plaza
Suite 1500
Chicago, Illinois 60606
*Attorneys for Defendant*
Dated: March 20, 2008                *Noble Biomaterials*