IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARGENTUM MEDICAL, LLC., | ) |
| | ) |
| Plaintiff, | ) No. 07 CV 6769 |
| | ) |
| v. | ) Hon. George W. Lindberg |
| | ) |
| | ) Magistrate Judge Jeffrey Cole |
| NOBLE BIOMATERIALS, and | ) |
| DERMA SCIENCES, INC., | ) |
| | ) |
| Defendants. | ) |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION
FOR LEAVE TO FILE ITS AMENDED COMPLAINT

Argentum Medical, LLC. ("Argentum") requests leave to file its Amended Complaint under Rule 15(a) of the Federal Rules of Civil Procedure.

By way of its Amended Complaint, Argentum seeks to add three counts alleging violations of Section 43 (a) of the Lanham Act (Title 15, United States Code, §1125 (a)), violations of the Illinois Deceptive Trade Practices Act (815 ILCS 510/2 (2008)), and tortious interference with prospective economic advantage against co-defendant Derma Sciences, Inc. ("Derma").

I. The Background Facts

### A.  The Parties And The Cause Of Action Pleaded

Argentum is a Delaware corporation based in Illinois and is engaged in the manufacture, sale, and distribution of silver coated nylon wound and burn dressings under the trademark SILVERLON®. Argentum is the exclusive licensee of U.S. Letters Patent No. 7,230,153 B2 ("the '153 patent").

Named as one of the co-defendant in this the case is Noble Biomaterials ("Noble"), which has offices in Scranton, Pennsylvania. Noble is in the business of, among other things, manufacturing and selling, in competition with Argentum, silver-coated nylon wound dressings under the trademark SilverSeal®.

Named as the other co-defendant in this case is Derma which has offices in Princeton, New Jersey. Derma is in the business of selling and distributing medical products including silver-coated nylon wound dressings. Derma has entered into an agreement with Noble to distribute Noble's SilverSeal® products.

The Complaint as originally filed alleged that certain products sold by the defendants infringed United States Letters Patent No. 7,230,153("the '153 patent"). As a result of the infringement by defendants, Argentum alleged that it had been injured and sought damages, injunctive relief, and attorneys' fees.

B.   The History Of The Litigation

The Complaint as filed by Argentum, was based on Argentum having learned that Noble and Derma were making, using, offering for sale and selling wound care products having silver-coated nylon wound contact surfaces and infringing the claims of the '153 patent. In response to the Complaint, Derma filed a Motion to Dismiss or Transfer.

Derma's motion did not challenge this Court's personal jurisdiction over it. Rather, Derma moved under Rule 12(b)(6) to dismiss the case against it or alternatively under 28 U.S.C. § 1404(a) to transfer the case to the United States District Court for the Middle District of Pennsylvania. The thrust of Derma's motion to dismiss is that the Complaint does not identify by name the allegedly infringing products. Argentum has advised the defendants of the product names and has placed these names in the Amended Complaint.

Noble also filed a Motion to Dismiss or Transfer. Noble moved to dismiss this action under Rule 12(b)(2), 12(b)(3) and 12(b)(6) or to transfer the case to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1404. Noble supported its motion with an sworn statement of its Chief Executive Officer, Jeffrey B. Keane.

Argentum, in response to those motions filed by defendants, moved to

consolidate the briefing schedules and to take expedited discovery limited to the issues of Noble's contacts with Illinois.  In accordance with the scheduling order set by of this Court, Argentum served Noble and Derma with five document requests and five interrogatories limited to the personal jurisdiction issue.  Argentum also served Noble with a Notice of Deposition of Mr. Keane which must be taken at Noble's offices in Scranton, Pennsylvania on or before May 2, 2008.  Discovery to all other substantive issues is on hold pending a ruling of this Court, scheduled for June 25, 2008.

### C.  The Amended Complaint And The Events Leading To It

During a recent sales call of one of Argentum's sales representative with a customer, the customer advised that he thought that certain of Argentum's SILVERLON® products had been discontinued and were no longer available.  This statement was inaccurate and the apparent sources of this disinformation, upon information and belief, are sales representatives of Derma.  It is believed that Derma sales representatives have made inaccurate or untrue statements about Argentum's SILVERLON® products to the Brooke Army Medical Center and to Cardinal Health.  It is further believed that these inaccurate and untrue statements have caused harm to Argentum in terms of lost profits from lost sales and will continue to occur unless Derma is enjoined from taking such actions.  The alleged actions by Derma have occurred after the filing of the Complaint, and, therefore,

could not have been included in the original Complaint.

The Amended Complaint amends paragraph 7 to identify SilverSeal® products as the accused products. The Amended Complaint also adds Count II for false designation of origin under section 43(a) of the Lanham Act (Title 15, United States Codes, §1125(a)), Count III for breach of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2 (2008), and Count IV under Illinois common law for tortious interference with prospective economic advantage.

II.     Why Argentum's Motion Should Be Granted

It is of course well-settled that leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, in the words of the Rule, "shall be freely given when justice so requires." Indeed, the Supreme Court observed in Foman v. Davis (1962), 371 U.S. 178, 182, "this mandate [of Rule 15(a)] is to be heeded". The Court added (371 U.S. at 182):

> "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'"

This case is in the early stages -- both defendants have motions to dismiss pending and the only discovery that has been allowed is discovery on jurisdictional issues. Thus, it is clear that neither Noble nor Derma would be prejudiced by the filing of

Argentum's Amended Complaint.

Indeed, one of the grounds that both Noble and Derma argue in their motions is that the complaint should be dismissed because Argentum has failed to identify an accused product. While Argentum disagrees with the defendants' arguments, that argument is rendered moot by Argentum's Amended Complaint -- the SilverSeal® products are identified as the accused products.

Moreover, the actions taken by Derma as set forth in Argentum's Amended Complaint occurred after the original Complaint was filed. Thus, Argentum could not have included additional counts regarding such actions in its original Complaint. Given the fact that this case is in its early stages, it is definitely in the interest of judicial economy for this Court to resolve the newly added counts with the initial count for patent infringement. All of the counts in the Amended Complaint involve the sale of the SilverSeal® products, and, therefore, it is likely that there will be overlaps in discovery relating to the patent infringement count and the issues raised in the newly added Counts II-IV.

In short, Argentum's Amended Complaint is timely, in good faith and is being presented before any answers have been filed. Since there will be little, if any, prejudice to defendants, Argentum should be allowed to file its amended

complaint.*

## CONCLUSION

Accordingly, Argentum respectfully request this Court to grant its motion for leave to amend its Complaint.

Respectfully submitted,

/s/ Joseph A. Fuchs
KEITH V. ROCKEY
KATHLEEN A. LYONS
JOSEPH A. FUCHS
AVANI MACALUSO
  Rockey, Depke & Lyons, LLC
  Sears Tower, Suite 5450
  233 South Wacker Drive
  Chicago, Illinois 60606
  Telephone: 312-277-2006

Attorneys for Plaintiff

---

* Noble is not named in the three added counts so it has no basis to claim that the Amended Complaint will cause it any inconvenience or prejudice. Any real claims of prejudice to Derma are at most, minimal. Argentum's responsive briefs on defendants' motions to dismiss are not due until May 16, 2008 -- Derma will have more than enough time to review Argentum's Amended Complaint and revise its motion to dismiss should it find the need to do so.

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 18, 2008, a true and correct copy of PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE ITS AMENDED COMPLAINT was filed electronically with the Clerk of Court using the CM/ECF System, which will provide electronic notice to the following attorneys for Defendants:

>Martin L. Stern
>Arthur Gollwitzer III
>Christopher Parker
>MICHAEL BEST & FRIEDRICH LLP
>Two Prudential Plaza
>180 North Stetson Ave., Ste 2000
>Chicago, IL 60601
>Attorneys for Defendant Derma Sciences, Inc.

>Lori S. Nugent
>Josh M. Kantrow
>Robert Hayes
>COZEN O'CONNOR
>222 S. Riverside Plaza
>Suite 1500
>Chicago, IL 60606
>Attorneys for Defendant Noble Biomaterials

>　　　　　　/s/ Joseph A. Fuchs
>　　　　　　One of Plaintiff's Counsel