**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Argentum Medical, LLC, | |
| Plaintiff, | No. 07 CV 6769 |
| v. | Judge George W. Lindberg |
| Noble Biomaterials and Derma Sciences, Inc., | Magistrate Judge Cole |
| Defendants. | **Jury Trial Demanded** |

**Defendant Derma Sciences, Inc.'s Answer, Affirmative Defenses, and Counterclaims
to Argentum Medical, LLC's Amended Complaint**

Defendant Derma Sciences, Inc. ("Derma") states as follows as its answer,

affirmative defenses, and counterclaims to plaintiff Argentum Medical, LLC's

("Argentum") Amended Complaint.

**1.     Plaintiff Argentum Medical, LLC ("AM") is a limited liability
company organized and existing under the laws of the State of Delaware and has a
principal place of business at 240 81st Street, Willowbrook, Illinois  60527.**

**Answer:**     Derma admits the allegations set forth in Paragraph 1 of the

Amended Complaint.

**2.     Defendant Noble Biomaterials ("Noble") is, on information and belief,
a corporation organized and existing under the laws of the State of Delaware having
a principal place of business at 300 Palm Street, Scranton, Pennsylvania 18505.  On
information and belief, Noble is doing business in this District.**

**Answer:**     Derma admits the allegations set forth in the first sentence of

Paragraph 2 of the Amended Complaint.  Derma lacks knowledge or information

sufficient to form a belief as to whether Noble is doing business in this District.

**3.     Defendant Derma Sciences, Inc. ("Derma") is, on information and
belief, a corporation organized and existing under the laws of the State of
Pennsylvania and having a place of business at 214 Carnegie Center, Suite 100,**

**Princeton, New Jersey 08540. On information and belief, Derma is doing business in this District.**

**Answer:** Derma admits the allegations set forth in the first sentence

Paragraph 3 of the Amended Complaint, except Derma states that its primary place of

business is located at 214 Carnegie Center, Suite 300, Princeton, New Jersey. Derma

denies each and every allegation set forth in the second sentence of Paragraph 3 of the

Amended Complaint.

## COUNT 1: PATENT INFRINGEMENT

**4. This claim arises under the Patent Laws of the United States and is an action for infringement of United States Letters Patent No. 7,230,153. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1338(a) and venue lies in this District by virtue of 28 U.S.C. §§ 1391 and 1400(b).**

**Answer:** Derma admits the allegations set forth in Paragraph 4 of the

Amended Complaint, but Derma denies that Argentum has a valid claim against Derma,

and Derma denies that it has any liability to Argentum under the patent laws of the

United States of America.

**5. On June 12, 2007, United States Letters Patent No. 7,230,153 B2 ("the '153 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Multilayer Conductive Appliance Having Wound Healing and Analgesic Properties." A true and correct copy of the '153 Patent is attached as Exhibit A hereto. AM is the exclusive licensee under the '153 Patent and has the right to bring suit thereon.**

**Answer:** Derma admits that the United States Patent and Trademark Office

issued the '153 patent on June 12, 2007, and that the patent is entitled "Multilayer

Conductive Appliance Having Wound Healing and Analgesic Properties." Derma denies

the remaining allegations set forth in the first sentence of Paragraph 5 of the Amended

Complaint. Derma admits that a true and correct copy of the '153 patent is attached as

Exhibit A to the Amended Complaint. Derma lacks knowledge or information sufficient

to form a belief as to whether Argentum is the exclusive licensee under the '153 patent

and has the right to bring suit thereon. Derma denies any remaining allegations set forth

in Paragraph 5 of the Amended Complaint.

**6.    Noble has, on information and belief, unlawfully and intentionally infringed the '153 Patent in this District and elsewhere by making, using, offering for sale and/or selling the inventions of '153 Patent including certain wound care and burn care products sold under the tradename SilverSeal®. On information and belief, Noble has induced infringement and/or has contributed to the infringement of the '153 Patent in this District and elsewhere.**

**Answer:**    Derma admits that Noble has sold certain wound care and burn

care products under the tradename SILVERSEAL. Derma denies the remaining

allegations set forth in Paragraph 6 of the Amended Complaint.

**7.    Derma has, on information and belief, unlawfully and intentionally infringed the '153 Patent in this District and elsewhere by making, using, offering for sale and/or selling the inventions of the '153 Patent including certain wound care and burn care products sold under the tradename SilverSeal®. On information and belief, Derma has induced infringement and/or has contributed to the infringement of the '153 Patent in this District and elsewhere.**

**Answer:**    Derma admits that it has sold certain wound care and burn care

products under the tradename SILVERSEAL. Derma denies the remaining allegations

set forth in Paragraph 7 of the Amended Complaint.

**8.    The wrongful acts of Noble and Derma alleged herein were undertaken without authority and without license from AM. On information and belief, Noble and Derma had actual notice of said Letters Patent and their acts of infringement have been willful and wanton, in blatant disregard for the intellectual property rights of AM.**

**Answer:**    Derma is without knowledge or information sufficient to form a

belief as to when Noble had actual knowledge of the '153 patent. Derma admits that it

presently has actual knowledge of the '153 patent. Derma denies the remaining

allegations set forth in Paragraph 8 of the Amended Complaint.

**9.     The wrongful acts of Noble and Derma as alleged herein have occurred, and will continue to occur, in this Judicial District and throughout the United States.**

**Answer:**    Derma denies each and every allegation set forth in Paragraph 9 of

the Amended Complaint.

**10.     AM has suffered damage by reason of the acts of infringement by Noble and Derma and will suffer additional and irreparable damage unless Noble and Derma are enjoined by this Court from continuing their acts of direct infringement, inducement of infringement and/or contributory infringement.**

**Answer:**    Derma denies each and every allegation set forth in Paragraph 10

of the Amended Complaint.

## COUNT II: FALSE DESIGNATION OF ORIGIN

**11.     This claim arises under the Trademark Laws of the United States, and particularly Section 43(a) of the Lanham Act (Title 15, United States Code, §1125(a)).  This Court has jurisdiction under Title 28, United States Code, §1338(a), and venue lay in this District under Title 28, United States Code, §1391.**

**Answer:**    Derma admits the allegations set forth in Paragraph 11 of the

Amended Complaint, but Derma denies that Argentum has a valid claim against Derma,

and Derma denies that it has any liability to Argentum under the trademark laws of the

United States of America.

**12.     AM incorporates herein by reference the allegations of paragraphs 1-10 as though realleged verbatim herein.**

**Answer:**    Derma repeats and incorporates by reference its answers to

Paragraphs 1-10 as its answer to Paragraph 12 of the Amended Complaint.

**13.     AM sells directly to end users and through authorized distributors wound care, burn care and surgical products under the federally registered trademark SILVERLON®.  Each product sold is packaged in a pouch or other container with AM's name printed thereon indicating to prospective purchasers and users that AM is the source of the SILVERLON® PRODUCTS.**

**Answer:**     Derma admits the allegations set forth in the first sentence of Paragraph 13 of the Amended Complaint.  Derma lacks knowledge or information sufficient to form a belief as to whether Argentum sells its wound care, burn care, and surgical care products in a pouch or other container with Argentum's name printed thereon indicating to prospective purchasers and users that Argentum is the source of those products.  Derma denies any and all remaining allegations set forth in Paragraph 13 of the Amended Complaint.

**14.    Upon information and belief, Derma has made false statements of fact or false or misleading representations of fact by stating that one or more of AM's SILVERLON® products has been discontinued from sale and is no longer available for purchase.**

**Answer:**     Derma denies each and every allegation set forth in Paragraph 14 of the Amended Complaint.

**15.    Upon information and belief, Derma has made false statements of fact or false or misleading representations of fact by stating that Derma had acquired one or more of AM's SILVERLON® products and had discontinued the sale of the SILVERLON® product or products.**

**Answer:**     Derma denies each and every allegation set forth in Paragraph 15 of the Amended Complaint.

**16.    As a consequence of Derma's acts as alleged herein, AM has been damaged by loss of sales revenues and profits, and has lost future sales revenues and profits as a direct consequence of Derma's misrepresentations.**

**Answer:**     Derma denies each and every allegation set forth in Paragraph 16 of the Amended Complaint.

**17.    Upon information and belief, Derma will continue its false statements, representations or designations of origin as set forth hereinabove, causing irreparable harm and injury to AM for which AM has no adequate remedy at law, unless and until enjoined by this Court.**

**Answer:**      Derma denies each and every allegation set forth in Paragraph 17

of the Amended Complaint.

**COUNT III:  Deceptive Trade Practices**

**18.    This claim is for breach of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2 (2008).  This Court's jurisdiction is supplemental to that of Counts I and II under Title 28, United States Code §1338(b).**

**Answer:**      Derma admits the allegations set forth in Paragraph 18 of the

Amended Complaint, but Derma denies that Argentum has a valid claim against Derma,

and Derma denies that it has any liability to Argentum under the Illinois Deceptive Trade

Practices Act.

**19.    AM incorporates herein by reference the allegations of paragraphs 1-10, and 13-17, as though realleged verbatim herein.**

**Answer:**      Derma repeats and incorporates by reference its answers to

Paragraphs 1-10 and 13-17 as its answer to Paragraph 19 of the Amended Complaint.

**20.    The acts of Derma alleged herein constitute a violation of the Illinois Deceptive Trade Practice Act by reason of Derma's use of deceptive misrepresentations in the sale of its goods by disseminating false and misleading statements that one or more of AM's SILVERLON® products are no longer available for purchase or have been discontinued and/or are no longer made.**

**Answer:**      Derma denies each and every allegation set forth in Paragraph 20

of the Amended Complaint.

**21.    As a consequence of Derma's acts as alleged herein, AM has been damaged by loss of sales revenues and profits, and has lost future sales revenues and profits as a direct consequence of Derma's misrepresentations.**

**Answer:**      Derma denies each and every allegation set forth in Paragraph 21

of the Amended Complaint.

**22.    Upon information and belief, Derma will continue disseminating false and misleading statements causing irreparable harm and injury to AM for which AM has no adequate remedy at law, unless and until enjoined by this Court.**

**Answer:**    Derma denies each and every allegation set forth in Paragraph 22 of the Amended Complaint.

## COUNT IV:  Illinois Common Law

23.    **This claim is for breach of Illinois common law for Derma's interference with Argentum's expectation of a business relationship.  This Court's jurisdiction is supplemental to that of Counts I and II under Title 28, United States Code §1338(b).**

**Answer:**    Derma admits the allegations set forth in Paragraph 23 of the Amended Complaint, but Derma denies that Argentum has a valid claim against Derma, and Derma denies that it has any liability to Argentum for interference with Argentum's alleged expectation of a business relationship under Illinois common law.

24.    **AM incorporates herein by reference the allegations of paragraphs 1-10, 13-17, and 20-22 as though realleged verbatim herein.**

**Answer:**    Derma repeats and incorporates by reference its answers to Paragraphs 1-10, 13-17, and 20-22 as its answer to Paragraph 24 of the Amended Complaint.

25.    **The acts of Derma alleged herein constitute tortious interference with a prospective economic advantage in violation of Illinois common law.  AM has a valid business relationship with Cardinal Health for the sale of AM's SILVERLON® products.  Derma knows of this relationship between AM and Cardinal Health.  On information and belief, certain of Derma's sales representatives have contacted sales representatives of Cardinal Health and has advised the Cardinal Health representative that certain of AM's SILVERSON® products were no longer available for purchase or have been discontinued and/or are no longer made.**

**Answer:**    Derma denies each and every allegation contained in the first sentence of Paragraph 25 of the Amended Complaint.  Derma lacks knowledge or information sufficient form a belief as to the truth of the allegations contained in the second sentence of Paragraph 25 of the Amended Complaint.  Derma denies each and

every allegation contained in last two sentences of Paragraph 25 of the Amended

Complaint.

   26.    **As a consequence of Derma's acts as alleged herein, AM has been damaged by loss of sales revenues and profits, and has lost future sales revenues and profits as a direct consequence of Derma's misrepresentations and interferences.**

   **Answer:**    Derma denies each and every allegation set forth in Paragraph 26

of the Amended Complaint.

   27.    **Upon information and belief, Derma will continue disseminating false and misleading statements causing irreparable harm and injury to AM for which AM has no adequate remedy at law, unless and until enjoined by this Court.**

   **Answer:**    Derma denies each and every allegation set forth in Paragraph 27

of the Amended Complaint.

## Affirmative Defenses

   Derma asserts the following affirmative defenses without assuming the burden of

proof when such burden would otherwise be on the plaintiff:

**First Affirmative Defense – the '153 patent is invalid.**

   The claims of the '153 patent fail to meet the conditions for patentability,

including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, and 112, and

are therefore invalid.

**Second Affirmative Defense – Derma does not infringe the '153 patent.**

   Derma avers that the accused products, the SILVERSEAL wound care and burn

care products, do not infringe the claims of the '153 patent.  Derma has not infringed and

is not now infringing any claims of the '153 patent and has not contributorily infringed or

induced infringement of the '153 patent.

**Third Affirmative Defense – Argentum has failed to state a claim upon which relief can be granted in Counts II, III, and IV.**

Argentum bases Counts II, III, and IV on its allegation that Derma has misled one or more customers and/ or potential customers. Argentum makes that allegation "on information and belief" without any supporting facts. Moreover, Argentum's unsupported allegation does not adequately plead violations of the Lanham Act, the Illinois Deceptive Trade Practices Act, or a Illinois common law claim for interference with expected business relationships.

WHEREFORE, Derma respectfully requests that: (a) judgment be entered in its favor on all claims in Argentum's Amended Complaint; (b) Argentum's Amended Complaint be dismissed with prejudice; (c) Derma be awarded costs and attorneys' fees in this action; and (d) the Court award Derma all other relief deemed just and equitable.

## Counterclaims

For its Counterclaims against Argentum, Derma states and alleges as follows:

### The Parties, Jurisdiction, and Nature of the Action

1.     Defendant/ Counter-Plaintiff, Derma Sciences, Inc. ("Derma") is a corporation duly organized and existing under the laws of the State of Pennsylvania. Derma's principal place of business is located at 214 Carnegie Center, Suite 300, Princeton, New Jersey.

2.     Plaintiff/ Counter-Defendant Argentum Medical, LLC ("Argentum") is a limited liability company organized and existing under the laws of the State of Delaware. Argentum's principal place of business is located at 240 81st Street, Willowbrook, Illinois.

3.     This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims also arise under 28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. §§ 1, *et seq.*

4.     Venue is legally proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

### Count I – Declaration of Invalidity of the '153 Patent

5.     The allegations of Paragraphs 1 through 4 of these Counterclaims are restated and incorporated by reference into this Count I.

6.     An actual and justiciable controversy has arisen and now exists between Derma and Argentum concerning whether United States Patent No. 7,230,153 B2 ("the '153 Patent") is valid.  By its Amended Complaint, Argentum has asserted that the '153 patent is valid and that Derma has infringed the claims of the '153 patent.

7.     Derma has denied Argentum's claim of infringement and has asserted that the '153 patent is invalid for failure to comply with one or more provisions of the Patent Act, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

8.     Absent a declaration that the '153 patent is invalid, Argentum will wrongfully continue to assert the '153 patent against Derma in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Derma irreparable injury and damage.

9.     Because the above activities and actions have created an actual and justiciable controversy, Derma seeks a declaration that the '153 patent is invalid.

WHEREFORE, Derma respectfully requests that the Court enter judgment in favor of Derma and against Argentum on this Count I of these Counterclaims, granting the following relief:

(a)     adjudging the claims of the '153 patent to be invalid;

(b)     dismissing Argentum's Amended Complaint with prejudice on the merits;

(c)     declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Derma its reasonable attorneys' fees;

(d)     awarding Derma its costs; and

(e)     granting Derma such other and further relief as the Court deems fair and equitable.

### Count II – Declaration of Noninfringement of the '153 Patent

10.     The allegations of Paragraphs 1 through 4 of these Counterclaims are restated and incorporated by reference into this Count II.

11.     An actual and justiciable controversy has arisen and now exists between Derma and Argentum concerning whether the accused SILVERSEAL products infringe any rights Argentum claims to have under the '153 patent.  By its Amended Complaint, Argentum has asserted that the '153 patent is valid and that Derma has infringed the claims of the '153 patent.

12.     Derma has denied that the '153 patent is valid and denied Argentum's claims of infringement.  Derma has not infringed and is not now infringing any claims of the '153 patent and has not contributorily infringed or induced infringement of the '153 patent.

13.     Because the above activities and actions have created an actual and justiciable controversy, Derma seeks a declaratory judgment that the accused SILVERSEAL products do not infringe the '153 patent.

WHEREFORE, Derma respectfully requests that the Court enter judgment in favor of Derma and against Argentum on this Count II of these Counterclaims, granting the following relief:

(a)     adjudging the claims of the '153 patent to be not infringed;

(b)     dismissing Argentum's Amended Complaint with prejudice on the

merits;

       (c)    declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Derma its reasonable attorneys' fees;

       (d)    awarding Derma its costs; and

       (e)    granting Derma such other and further relief as the Court deems fair and equitable.

## Jury Demand

Derma demands a trial by jury on all issues properly tried to a jury.

Dated:  May 12, 2008            */s Arthur Gollwitzer III*

           Martin L. Stern (02727307)
            mlstern@michaelbest.com
           Arthur Gollwitzer III (06225038)
            agollwitzer@michaelbest.com
           Christopher R. Parker (06270398)
            crparker@michaelbest.com
           MICHAEL BEST & FRIEDRICH LLP
           Two Prudential Plaza
           180 North Stetson Ave., Ste 2000
           Chicago, IL  60601
           Telephone: 312.222.0800

           ***Attorneys for Defendant Derma Sciences, Inc.***

**Certificate of Service**

   I, Arthur Gollwitzer III, an attorney of record in this matter, certify that on May 12, 2008, I caused a copy of the following document:

**Defendant Derma Sciences, Inc.'s Answer, Affirmative Defenses, and Counterclaims, to Argentum Medical, LLC's Amended Complaint**

to be filed with the Clerk of the United States District Court for the Northern District of Illinois via the ECF system which provides service by e-mail on the following counsel of record:

   Keith V. Rockey
   Joseph A. Fuchs
   Rockey, Depke, & Lyons, LLC
   Sears Tower, Suite 5450
   233 South Wacker Drive
   Chicago, Illinois 60606
   krockey@rdlklaw.com

   Lori S. Nugent
   Cozen O'Connor
   222 South Riverside Plaza, Ste 1500
   Chicago, IL  60606
   312-382- 3100
   lnugent@cozen.com

        */s Arthur Gollwitzer III*
         Arthur Gollwitzer III