IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Argentum Medical, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>Noble Biomaterials and<br>Derma Sciences, Inc.,<br><br>       Defendants.<br><br>* * * * *<br><br>Derma Sciences, Inc.,<br><br>       Third-Party Plaintiff,<br><br>  v.<br><br>Noble Fiber Technologies, LLC,<br><br>       Third-Party Defendant. | No. 07 CV 6769<br><br>Judge George W. Lindberg<br>Magistrate Judge Cole<br><br>**Jury Trial Demanded** |

**Defendant Derma Sciences, Inc.'s Memorandum in Support of
<u>Its Motion to Transfer</u>**

Plaintiff Argentum Medical, LLC's ("Argentum") patent infringement and other allegations have little connection to this judicial district and the case should be transferred to avoid duplicative litigation over the same patent in two different federal courts. The defendants, their key employees, and their largest customers are located in Pennsylvania and New Jersey, and not in Illinois. Indeed, defendant Noble Biomaterials, Inc. ("Noble or "Noble Biomaterials") developed the accused products in Pennsylvania, and neither defendant has sold any of the accused products in Illinois since the patent-in-suit issued (the "'153 patent"). Even the inventor and the owner of the '153 patent do not live in Illinois; they are in Georgia. In addition, defendant Derma Sciences, Inc. ("Derma") has

breach of contract and breach of warranty claims against Noble's subsidiary, Noble Fiber Technologies, LLC ("Noble Fiber"), arising out of Argentum's patent infringement claims, that should be resolved by the same court that resolves Argentum's claims – a federal court in Pennsylvania. Therefore, Derma respectfully requests that the Court transfer this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

Alternatively, if this Court dismisses Noble Biomaterials and Noble Fiber from this litigation for any reason, and this Court does not transfer this case, then Derma respectfully requests that the Court stay this case pending the outcome of the core patent infringement dispute between the real parties in interest – Argentum and Noble. This case is a dispute between a patent licensee, Argentum, and the manufacturer of the SILVERSEAL wound dressings, Noble. Derma is just a customer of Noble with no role in the design, development, or manufacture of the accused products. In other words, the Court should stay this case pursuant to the "customer suit exception" to the first-to-file rule.

### *Facts*

Argentum filed this patent infringement suit against Derma and Noble on December 3, 2007, but Argentum did not identify the products accused of infringement contrary to the minimal pleading requirements of the Federal Rules of Civil Procedure. (Dkt. No. 1.) Therefore, Derma and Noble moved to dismiss Argentum's first complaint under Rule 12(b)(6). (Dkt. Nos. 16, 18.) The defendants also moved to transfer the case to the Middle District of Pennsylvania. (*Id.*) In response, Argentum filed its Amended Complaint accusing certain wound care and burn care products sold under the tradename SILVERSEAL of infringing the '153 patent. (Dkt. No. 41-2.) Argentum's Amended Complaint also accuses Derma of several business torts – violation of the Lanham Act, violation of the Illinois Deceptive Trade Practices Act, and tortious interference with

business expectancy.  (*Id.*)

Argentum's Amended Complaint, however, alleges only minimal contacts among the parties, Argentum's claims, and this judicial district.  And, Argentum does not allege that any of its torts claims occurred in Illinois.

First, defendant Derma is a Pennsylvania corporation based in Princeton, New Jersey.  (Amended Compl. at ¶ 3; Cole Dec. at ¶ 3.)  Similarly, co-defendant Noble Biomaterials is a Delaware corporation based in Scranton, Pennsylvania.  (Amended Compl. at ¶ 2; Cole Dec. at ¶ 11.)  And, third-party defendant Noble Fiber is a Pennsylvania limited liability company also based in Scranton, Pennsylvania.  (Third Party Complaint at ¶ 2.)

Second, Derma has not had and does not have any role in the design, development, or manufacture of the accused SILVERSEAL wound care products.  (Cole Dec. at ¶ 6.)  Instead, Derma buys the SILVERSEAL dressings from Noble's subsidiary, Noble Fiber.  (*Id.*)  In turn, Derma sells approximately 75% of the SILVERSEAL dressings to the United States Department of Defense through a purchasing agent located near Philadelphia, Pennsylvania.  (Cole Dec. at ¶ 10.)  Indeed, Derma has not sold any SILVERSEAL dressings in Illinois since June 7, 2007 – before the patent-in-suit even issued.  (Cole Dec. at ¶ 9.)  Therefore, most, if not all, of the witnesses involved in the design, development, manufacture, sale, and use of SILVERSEAL dressings likely are all located in or near Scranton, Pennsylvania.  None are located in Illinois.

Third, the inventor of the '153 patent is located in Lakemont, Georgia.  (Amended Compl. Ex. A.)  The '153 patent issued on June 12, 2007, and after issuance, the inventor assigned his patent to an entity called Argentum International, LLC, which also is located in Georgia.  (*Id.*)  Thus, plaintiff Argentum Medical, LLC does not even own the patent-in-

suit, and the patent's inventor and owner have no connection to this District. (Amended Compl. at ¶ 4 (admitting that Plaintiff is only an exclusive licensee).)

Finally, Derma purchases the SILVERSEAL dressings pursuant to a Distributorship Agreement between Derma and Noble Fiber. (Cole Dec. at ¶ 6.) In that agreement, Noble Fiber promised to indemnify Derma and hold Derma harmless in connection with any valid patent infringement claims. (Cole Dec. at ¶ 7.) Likewise, Noble Fiber owes an implied warranty of noninfringement to Derma under the Uniform Commercial Code.

To date, Noble Fiber has not honored its indemnity and warranty obligations to Derma relating to this case. Therefore, Derma filed a third-party complaint against Noble Fiber alleging that Noble Fiber is breaching the Distributorship Agreement and breaching its implied warranty of noninfringement under the Pennsylvania version of the Uniform Commercial Code. The Distributorship Agreement contains a forum selection clause directing disputes between Derma and Noble Fiber to the Middle District of Pennsylvania or Pennsylvania state courts. (Cole Dec. at ¶ 8.) Likewise, Derma's warranty claims arise under Pennsylvania law.

*Argument*

This Court should either transfer this entire case to the Middle District of Pennsylvania or stay Argentum's claims against Derma pursuant to the "customer suit exception."

I. **The Evidence, the Situs of the Material Events, and the Court's Interest in Avoiding Duplicative Litigation All Favor Transferring this Case to Pennsyvlania.**

The Court should transfer this case to the Middle District of Pennsylvania because that is where the key witnesses for both plaintiff Argentum and Defendants are mostly located. In addition, Argentum's case has spawned an inextricably interrelated dispute

- 4 -

between Derma and Noble's subsidiary Noble Fiber. That case arises under Pennsylvania law, might depend on a federal court's evaluation of Argentum's patent claims and, therefore, should be resolved along with Argentum's infringement suit by a federal court in Pennsylvania.

This Court has the power to transfer this case to another district that is more convenient for witnesses, the parties, and in the interests of justice even though venue is legally proper in this district:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1391(a).

That statute has three elements or conditions: (i) venue is proper in both the transferor and transferee courts; (ii) transfer is for the convenience of the parties and witnesses (*i.e.* the "private factors"); and (iii) transfer is in the interest of justice (*i.e.* the "public factors"). *Brunswick Bowling Corp. v. Qubica USA, Inc.*, No. 05 C 3603, 2005 WL 2367764 at *1 (N.D. Ill Sept. 26, 2005) (J. Lindberg) (*quoting Law Bulletin Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998)). The court must consider both the private interests of the parties and the public interests in evaluating a request for transfer. *Brunswick Bowling* at *2. "It is in the sound discretion of the trial judge to determine the weight accorded to each factor." *Brunswick Bowling*, 2005 WL 2367764 at *1 (q*uoting Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000)).[1]

---

[1] Seventh Circuit law controls the legal analysis of transfer under section 1404(a). *See Storage Tech. Corp. v. Cisco Sys.*, 329 F.3d 823, 826 (Fed. Cir. 2003) (holding that when the Federal Circuit reviews a district court's analysis of a motion to transfer, the Federal Circuit applies the law of the appropriate regional circuit).

### A. Venue Is Legally Proper in the Middle District of Pennsylvania.

The Court can transfer this case pursuant to section 1404(a) because venue is legally proper in this District and in the Middle District of Pennsylvania. Derma, Noble Biomaterials, and Noble Fiber reside in Pennsylvania. Derma is a Pennsylvania corporation, Noble Biomaterials has its principle place of business in Scranton, Pennsylvania, and Noble Fiber is a Pennsylvania limited liability company that also has its principle place of business in Scranton, Pennsylvania. (Cole Dec. at ¶¶ 3, 11.) *See* 28 U.S.C. § 1391(a) and (c) (venue is proper where a defendant resides or where a substantial part of the events giving rise to the case occurred, and corporations reside where they are subject to personal jurisdiction).

### B. The Private Factors Favor Transfer.

The private interest factors include: (i) the plaintiff's choice of forum; (ii) the situs of material events; (iii) the relative ease of access to sources of proof in each forum including the courts' power to compel the appearance of unwilling witnesses and the costs of obtaining the attendance of witnesses; and (iv) convenience to the parties, their residences, and their abilities to bear the expense of trial in a particular forum. *Brunswick Bowling*, 2005 WL 2367764 at *2 (*citing Truserv Corp. v. Neff*, 6 F. Supp. 2d 790, 792 (N.D. Ill. 1998)).

The initial "private factor" – the plaintiff's choice of forum – deserves little weight in this case because Argentum's patent infringement claim has no significant connection to this District. *See Truserv Corp.*, 6 F. Supp. 2d at 794 (plaintiff's choice of forum will be given deference only when there is a connection between the forum and the operative facts giving rise to the cause of action). Argentum's complaint focuses on Defendants' sale of SILVERSEAL wound dressings. Noble Biomaterials designed, developed, and

manufactures that product in Scranton, Pennsylvania. In turn, Derma, buys that product from Noble Fiber and resells most of it to the Defense Department through a purchasing agent located near Philadelphia, Pennsylvania. In fact, Derma has not sold any SILVERSEAL dressings in the State of Illinois since the '153 patent issued on June 12, 2007. Moreover, both the '153 patent's owner and its inventor apparently are located in Georgia and not Illinois. (Compl. at Ex. A.)

Second, Pennsylvania is the situs of the material events in this case. There is no connection between this District and the design, development, manufacture, or sale of the SILVERSEAL dressings. Indeed, Derma has not sold any SILVERSEAL dressings in Illinois since before the '153 patent issued. *See Technical Concepts, L.P. v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 WL 31433408, *3 (N.D. Ill. Oct. 31, 2002.) ("in infringement cases, the location of the infringer's place of business is often the critical and controlling consideration because such suits often focus on the activities of the alleged infringer, its employees, and its documents rather than upon those of the plaintiffs") (internal quotations omitted).

In addition, Derma has filed a third-party claim against Noble Fiber because Noble Fiber must indemnify Derma pursuant to their Distribution Agreement. Moreover, Noble Fiber owes Derma an implied warranty of noninfringement under the Uniform Commercial Code. *See* 13 Pa. Cons. Stat. § 2312(c). The Distribution Agreement, however, purportedly requires adjudication of Noble Biomaterials' indemnification obligation in the Middle District of Pennsylvania or Pennsylvania state court. Likewise, the applicability of Pennsylvania Commercial Code Section 2312(c) to a patent case is a federal question that should be resolved in Pennsylvania along with all the other claims in this case. *See 84 Lumber Co. v. MRK Tech., Inc.*, 145 F. Supp. 2d 675 (W.D. Pa. 2001) (holding that

interpretation of the "rightful claim" language in section 2312(c) in a patent case is a federal question). Therefore, the Pennsylvania court is the right forum for efficiently resolving all aspects of this case.

Moreover, co-defendant Noble Biomaterials has moved to dismiss this action for lack of personal jurisdiction under Rule 12(b)(2). If the Court dismisses this case against Noble, then only a case between Argentum and Derma remains. At the same time, without a transfer, Derma would be forced to pursue separately its indemnification and warranty claims against Noble Fiber in federal court in Pennsylvania. Indeed, Argentum probably also would sue Noble for patent infringement in Pennsylvania after a dismissal here. As a result, two separate federal courts would simultaneously evaluate the same patent infringement claims. (Avoiding duplicative litigation over a single patent also tilts the "public factors" in favor of transfer as explained in Section III below.)

Third, the Middle District of Pennsylvania is more convenient for the likely witnesses. Noble Biomaterials and Noble Fiber are located in Scranton, Pennsylvania, and Derma is in neighboring New Jersey. Therefore, witnesses to Argentum's patent infringement claims and relevant documents are located in and near the Middle District of Pennsylvania. Likewise, even Argentum's key witnesses are not located in Illinois. As explained above, the '153 patent's owner and inventor are in Georgia and not Illinois. In addition, Derma's primary customer for SILVERSEAL dressings is located near Philadelphia, and Derma has no current SILVERSEAL dressing customers in Illinois. Finally, Argentum's other tort claims are so speculative that it is not clear where those alleged wrongs took place. *See Brunswick Bowling*, at *3 ("The location and convenience of potential, non-party witnesses is often viewed as the most important factor in the transfer balance.") (internal quotations omitted).

The final private interest factor, the parties' convenience, also favors transfer to Pennsylvania. Both defendants and the third-party defendant reside in Pennsylvania, and Derma has minimal contacts with Illinois. Argentum is the only party located in Illinois, but it is only a licensee to the '153 patent. The patent's owner, Argentum International, LLC, and its inventor are located in Georgia.

C.  **The Public Factors Favor Transfer.**

The public interest factors also favor transfer to the Middle District of Pennsylvania. The public factor analysis "includes such considerations as the speed at which the case will proceed to trial, the court's familiarity with the applicable law, the community's relationship to the occurrence at issue, and the desirability of resolving controversies in their locale." *See Brunswick Bowling*, at *5 (*quoting Amoco Oil*, 90 F. Supp. 2d at 961).

First, the speed in bringing the case to trial favors Pennsylvania. According to the Federal Court Management Statistics for the period ending March 31, 2007, it will take the typical case 24 months to get to trial in the Middle District of Pennsylvania versus 28.7 in the Northern District of Illinois. *See* http://www.uscourts.gov/caseload2007/tables/C05Mar07.pdf.

Moreover, regardless of the "time to trial," transfer will save two separate federal courts from adjudicating the same patent infringement claims at the same time if this Court dismisses the claims against Noble for lack of personal jurisdiction. Requiring Derma to defend against Argentum's infringement claims in this District while Derma and Noble – and possibly Argentum and Noble – simultaneously litigate whether Argentum has rightful infringement claims in a Pennsylvania federal court is not an efficient use of this Court's resources. Indeed, transferring this case to Pennsylvania will avoid potentially inconsistent

results. If two federal courts address the same patent issues, the parties may obtain inconsistent claim interpretations and contradictory infringement and validity decisions. Judicial economy and the promotion of justice by avoiding inconsistent decisions on the same patent strongly favor transfer of this case to Pennsylvania

Second, this is a patent infringement case, a common federal question; therefore, both courts are equally familiar with the applicable law. *See Brunswick Bolwing*, at *5. On the other hand, Derma's indemnification and warranty claims against Noble Fiber arise under Pennsylvania law. Derma claims that Noble Fiber breached its duties under a contract with a valid Pennsylvania choice of law provision and its duties under Pennsylvania's version of the Uniform Commercial Code. Therefore, a federal court in Pennsylvania is better situated to resolve all these claims. Argentum may argue that it has now asserted Illinois state law claims against Derma. But those claims all rest on a single allegation made "on information and belief." Those claims are factually unsupported and conclusory and, therefore, should not tilt this factor towards keeping this case in Illinois. Or, at least, this factor should not weigh in favor of either court.

Third, the locale of the controversy also favors the Middle District of Pennsylvania, as that forum has a strong interest in deciding the case because of its connection to the material facts and parties as described previously.

## II.   The Court Should Stay Argentum's Case Against Derma If the Court Dismisses Noble from this Action.

At its core, Argentum and Noble are the real parties in interest in this patent infringement case. Derma is only a customer that had no role in the design, development, or manufacture of the accused SILVERSEAL wound dressings. Indeed, Derma agrees to be bound by the outcome of the case between Argentum and Noble – wherever it takes place. (Cole Dec. at ¶ 12.) Therefore, the Court should stay litigation between Argentum

and Derma if the Court dismisses Noble thereby forcing Argentum to take its infringement claims against Noble to another court.

In other words, this case fits within the "customer suit exception." *See Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737 (1st Cir. 1977). Litigation against the manufacturer of allegedly infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *Refac Int'l Ltd. v. IBM*, 790 F.2d 79 (Fed. Cir. 1986) (affirming order separating and staying case against 31 customer defendants from case against 6 manufacturer defendants). Ordinarily, when a single dispute is pending in two separate courts, the first-to-file rule dictates that the earlier case takes precedence. There is an exception to the first-to-file rule, however, when the earlier action is an infringement suit against a mere customer because "in reality, the manufacturer is the true defendant in the customer suit." *Codex*, 553 F.2d at 737-38 (observing that the manufacturer must protect its customers, either as a matter of contract, good business, or in order to avoid the damaging impact of an adverse ruling against its products).

Here, Derma is a mere customer, and Noble is the real party in interest because Noble is the party that developed and manufactures the accused SILVERSEAL dressings. In contrast, Derma had no role in the design, development, or manufacture of the accused products. *See Ambrose v. Steelcase, Inc.*, No. 02 C 2753, 2002 WL 1447871, *1, 6-7 (N.D. Ill. July 3, 2002) (staying case against reseller of accused products who "does not design, engineer, or manufacture the accused product"). Even the fact that Derma is a distributor and not an end-user does not weigh against staying this case because Derma is only secondarily involved in the real dispute, does not manufacture the accused products, and agrees to be bound by a finding that Noble is infringing. *See Corry v. CFM Majestic Inc.*,

16 F. Supp. 2d 660, 665-66 (E.D. Va. 1998) (holding that the "customer suit" exception applies to distributors as well as customers). Likewise, Derma does not have access to the evidence demonstrating that Argentum's patent is not valid and that the accused SILVERSEAL wound dressings do not infringe Argentum's patent. Indeed, Derma agrees to be bound by the outcome of Argentum's infringement case versus Noble (Cole Dec. at ¶ 12), so this Argentum versus Derma dispute should be put on hold until the real parties at interest resolve their claims. *See Coulter Elec., Inc. v. Smithkline Corp.*, 219 U.S.P.Q. 135, 138 (N.D. Ill. 1982) (staying case against customers who agreed to be bound by outcome of case against the manufacturer); *LG Elec., Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 585-86 (D.N.J. 2001) (staying case against a resller who agreed to be bound by outcome of case against manufacturers).

Finally, as explained above, allowing two patent infringement cases to proceed simultaneously wastes judicial resources and exposes the parties to potentially inconsistent claim construction, invalidity, and infringement rulings.

### Conclusion

In summary, venue is proper in the Middle District of Pennsylvania, and the private and public factors demonstrate that Pennsylvania is the most convenient and efficient forum for resolving this case. For these reasons, Derma respectfully requests that the Court transfer this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). In the alternative, Derma respectfully requests that the Court stay this case if it dismisses Noble from this action.

                                    Respectfully submitted,

Dated: May 16, 2008               /s *Arthur Gollwitzer III*

                                    Martin L. Stern (02727307)
                                        mlstern@michaelbest.com
                                    Arthur Gollwitzer III (06225038)
                                        agollwitzer@michaelbest.com
                                    Christopher R. Parker (06270398)
                                        crparker@michaelbest.com
                                    MICHAEL BEST & FRIEDRICH LLP
                                    Two Prudential Plaza
                                    180 North Stetson Ave., Ste 2000
                                    Chicago, IL  60601
                                    Telephone: 312.222.0800

                                    ***Attorneys for Defendant Derma Sciences, Inc.***

**Certificate of Service**

I, Arthur Gollwitzer III, an attorney of record in this matter, certify that on May 16, 2008, I caused a copy of the following documents:

**Defendant Derma Sciences, Inc.'s Motion to Transfer;**

**Memorandum in Support of Derma Sciences, Inc.'s Motion to Transfer;** and

**Defendant Derma Sciences, Inc.'s Notice of Motion to Transfer**

to be filed by electronic (ECF) filing, which provides service for the following counsel of record by e-mail delivery:

Joseph A. Fuchs
Rockey, Depke, & Lyons, LLC
Sears Tower, Suite 5450
233 South Wacker Drive
Chicago, Illinois 60606
JosephFuchs@rdlklaw.com

Lori S. Nugent
Cozen O'Connor
222 South Riverside Plaza, Ste 1500
Chicago, IL  60606
312-382- 3100
lnugent@cozen.com

                                                  */s Arthur Gollwitzer III*
                                                  Arthur Gollwitzer III