**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Argentum Medical, LLC, | |
| Plaintiff, | No. 07 CV 6769 |
| v. | Judge George W. Lindberg |
| Noble Biomaterials and Derma Sciences, Inc., | Magistrate Judge Cole |
| Defendants. | **Jury Trial Demanded** |
| * * * * * | |
| Derma Sciences, Inc., | |
| Third-Party Plaintiff, | |
| v. | |
| Noble Fiber Technologies, LLC, | |
| Third-Party Defendant. | |

**Derma Sciences, Inc.'s Third-Party Complaint against Noble Fiber Technologies, LLC**

For its Third-Party Complaint against Noble Fiber Technologies, LLC, Derma states and alleges as follows:

**The Parties, Jurisdiction, and Nature of the Action**

1.     Third-Party Plaintiff, Derma Sciences, Inc. ("Derma") is a corporation duly organized and existing under the laws of the State of Pennsylvania.  Derma's principal place of business is located at 214 Carnegie Center, Suite 300, Princeton, New Jersey.

2.     Third-Party Defendant Noble Fiber Technologies , LLC ("Noble Fiber") is a limited liability company organized and existing under the laws of the State of Pennsylvania.  Noble Fiber's principal place of business is located 300 Palm Street, Scranton, Pennsylvania.

Noble Fiber is in the business of selling certain medical products, including wound care products and burn care products

3.      This Court has jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367 and Federal Rule of Civil Procedure 14(a).

4.      This Court has personal jurisdiction over Noble Fiber because it is knowingly breaching its duty to indemnify and hold harmless Derma in this District.  On information and belief, Noble Fiber also is knowingly causing the products accused of infringement by Argentum in this case to be sold in this District.

5.      Venue is legally proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

### Count I – Breach of Contract

6.      The allegations of Paragraphs 1 through 5 of this Third-Party Complaint are restated and incorporated by reference into this Count I.

7.      On or about April 15, 2005, Derma and Noble Fiber entered into a Distribution Agreement (the "Agreement").  A copy of the Agreement is attached to this Third-Party Complaint as Exhibit A.  Under the Agreement, Noble Fiber agreed to indemnify and hold Derma harmless from any and all damages arising out of claims made by third parties that the Noble Medical Products infringe upon the intellectual property rights of any third party.  Noble Medical Products, as that phrase is defined in the Agreement, includes the SILVERSEAL wound care products accused of patent infringement in this case.

8.      Argentum has accused Noble and Derma of infringing the '153 patent by making, using, selling, and/or offering to sell certain wound care products and burn care products sold under the tradename SILVERSEAL.

9.      Argentum's patent infringement claims in this case give rise to Noble Fiber's duty to indemnify and hold harmless Derma under the Agreement.

10.     Noble Fiber has knowledge of Argentum's patent infringement claims in this case.

11.     Derma has requested that Noble Fiber indemnify it and hold it harmless from Argentum's patent infringement claims in this case.  Derma has submitted to Noble Fiber legal bills for legal services relating to Derma defending against Argentum's patent infringement claims in this case.

12.     To date, Noble Fiber has not agreed to indemnify Derma or hold it harmless from Argentum's patent infringement claims in this case.  To date, Noble Fiber has not paid Derma or reimbursed Derma for the legal fees it has incurred in the course of defending against Argentum's patent infringement claims in this case.

13.     Noble Fiber has breached and is breaching its obligations to Derma pursuant to the Agreement by not indemnifying Derma and holding Derma harmless pursuant to Paragraph 11(b) of the Agreement.

14.     Derma has suffered damages and will continue to suffer damages as a result of Noble Fiber's breach of the Agreement.

WHEREFORE, Derma respectfully requests that the Court enter judgment in favor of Derma and against Noble Fiber on this Count I of this Third-Party Complaint, granting the following relief:

(a)     adjudging that Noble Fiber has breached the Agreement;

(b)     awarding Derma damages resulting from Noble Fiber's breach of the Agreement;

(c)     ordering specific performance of Noble Fiber's duty to indemnify and hold harmless Derma in this case;

(d)     awarding Derma its costs; and

(e)     granting Derma such other and further relief as the Court deems fair and equitable.

### Count II – Breach of the Implied Warranty against Infringement

15.     The allegations of Paragraphs 1 through 5 of this Third-Party Complaint are restated and incorporated by reference into this Count II.

16.     Noble Fiber sold to Derma certain SILVERSEAL wound care and burn care products that Argentum accuses of infringing the '153 patent in this case (the "Accused Products").

17.     Noble Fiber is in the business of selling the Accused Products.

18.     By selling the Accused Products to Derma, Noble Fiber impliedly warranted to Derma that the Accused Products would be free from any rightful claim concerning intellectual property infringement pursuant to Section 2312 of the Pennsylvania Commercial Code.

19.     Noble Fiber delivered the Accused Products to Derma.

20.     Derma has notified Noble Fiber of Argentum's patent infringement claims in this case and Derma's warranty claim arising out of Argentum's patent infringement claims in this case.  Noble Fiber has knowledge of Argentum's patent infringement claims in this case.

21.     Noble Fiber has breached the implied warranty against intellectual property infringement set forth in Section 2312 of the Pennsylvania Commercial Code.

22.     Derma has suffered damages and will continue to suffer damages as a result of Noble Fiber's breach of Section 2312 of the Pennsylvania Commercial Code.

WHEREFORE, Derma respectfully requests that the Court enter judgment in favor of Derma and against Noble Fiber on this Count II of this Third-Party Complaint, granting the following relief:

(a)    adjudging that Noble Fiber breached Section 2312 of the Pennsylvania Commercial Code;

(b)    awarding Derma damages resulting from Noble Fiber's breach of Section 2312 of the Pennsylvania Commercial Code;

(c)    awarding Derma its reasonable attorneys' fees;

(d)    awarding Derma its costs; and

(e)    granting Derma such other and further relief as the Court deems fair and equitable.

## Jury Demand

Derma demands a trial by jury on all issues properly tried to a jury.


Dated:  May 16, 2008                    */s Arthur Gollwitzer III*
_____

Martin L. Stern (02727307)
   mlstern@michaelbest.com
Arthur Gollwitzer III (06225038)
   agollwitzer@michaelbest.com
Christopher R. Parker (06270398)
   crparker@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Ave., Ste 2000
Chicago, IL  60601
Telephone: 312.222.0800

***Attorneys for Defendant Derma Sciences, Inc.***

**Certificate of Service**

I, Arthur Gollwitzer III, an attorney of record in this matter, certify that on May 16, 2008, I caused a copy of the following document:

**Defendant Derma Sciences, Inc.'s Third-Party Complaint against Noble Fiber Technologies, LLC**

to be filed with the Clerk of the United States District Court for the Northern District of Illinois via the ECF system which provides service by e-mail on the following counsel of record:

> Joseph A. Fuchs
> Rockey, Depke, & Lyons, LLC
> Sears Tower, Suite 5450
> 233 South Wacker Drive
> Chicago, Illinois 60606
> JosephFuchs@rdlklaw.com
>
> Lori S. Nugent
> Cozen O'Connor
> 222 South Riverside Plaza, Ste 1500
> Chicago, IL  60606
> 312-382- 3100
> lnugent@cozen.com

*/s Arthur Gollwitzer III*
Arthur Gollwitzer III