IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Argentum Medical, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>Noble Biomaterials and<br>Derma Sciences, Inc.,<br><br>       Defendants.<br><br>* * * * *<br><br>Derma Sciences, Inc.,<br><br>       Third-Party Plaintiff,<br><br>  v.<br><br>Noble Fiber Technologies, LLC,<br><br>       Third-Party Defendant. | No. 07 CV 6769<br><br>Judge George W. Lindberg<br>Magistrate Judge Cole<br><br>**Jury Trial Demanded** |

**Derma Sciences, Inc.'s Amended Third-Party Complaint
<u>against Noble Fiber Technologies, LLC</u>**

      For its Amended Third-Party Complaint against Noble Fiber Technologies, LLC ("Noble Fiber"), Derma Sciences, Inc. ("Derma") states and alleges as follows:

**Introduction**

      1.    Plaintiff Argentum Medical, LLC ("Argentum") began this patent infringement case by claiming that co-defendants Derma and Noble Biomaterials are infringing the patent-in-suit by selling certain wound care and burn care products sold under the tradename SILVERSEAL. Derma buys the accused SILVERSEAL products from a subsidiary of Noble Biomaterials known as Noble Fiber pursuant to a Distributorship Agreement between Derma and

Noble Fiber. That Distributorship Agreement contains an indemnification clause requiring Noble Fiber to indemnify Derma and hold Derma harmless from valid claims of infringement. Similarly, Noble Fiber warranted to Derma that the accused SILVERSEAL products did not infringe any other party's intellectual property rights pursuant to the Pennsylvania version of the Uniform Commercial Code. To date, however, Noble Fiber has not honored its indemnification and warranty obligations to Derma. Therefore, Derma brings these third-party claims against Noble Fiber pursuant to the parties' agreement and the Pennsylvania Commercial Code.

2. This Court has subject matter jurisdiction over Derma's claims against Noble Fiber for three reasons. First, the determination of whether Argentum's patent infringement claim against Derma is a "rightful claim" under the Pennsylvania Commercial Code is a federal question. Second, the determination of whether Argentum's patent infringement claim against Derma is a "valid claim" under the Distributorship Agreement is likewise a federal question akin to the determination of whether the patent infringement claim is a "rightful claim" under the Pennsylvania Commercial Code. Third, and in the alternative, Derma's indemnification and warranty claims under the Pennsylvania Commercial Code and the Distributorship Agreement arise out of and are so closely related to Argentum's patent infringement claims that they form part of the same case or controversy and, thus, are within this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

**The Parties, Jurisdiction, and Nature of the Action**

3. Third-Party Plaintiff, Derma Sciences, Inc. ("Derma") is a corporation duly organized and existing under the laws of the State of Pennsylvania. Derma's principal place of business is located at 214 Carnegie Center, Suite 300, Princeton, New Jersey.

4. Third-Party Defendant Noble Fiber Technologies, LLC ("Noble Fiber") is a limited liability company organized and existing under the laws of the State of Pennsylvania.

Noble Fiber's principal place of business is located 300 Palm Street, Scranton, Pennsylvania. Noble Fiber is in the business of selling certain medical products, including wound care products and burn care products.

5. This Court has subject matter jurisdiction over this Amended Third-Party Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a) and Federal Rule of Civil Procedure 14(a). The applicability of Pennsylvania Commercial Code Section 2312(c) to this patent infringement case is a federal question pursuant to 28 U.S.C. §§ 1331 and 1338(a). *See 84 Lumber Co. v. MRK Tech., Inc.*, 145 F. Supp. 2d 675, 680 (W.D. Pa. 2001) (holding that interpretation of the "rightful claim" language in section 2312(c) is a federal question). For the same reason, the interpretation of the phrase "valid claim" in the Distributorship Agreement between Derma and Noble Fiber also is a federal question. Moreover, and in the alternative, Derma's indemnification and warranty claims against Noble Fiber are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Derma's claims are integrally related to Argentum's patent infringement claims against Derma and Noble Biomaterials as Derma's claims arise out of and are closely related to the rightfulness or validity of Argentum's patent infringement claim. *See REP MCR Realty, L.L.C. v. Lynch*, No. 05-2539, 2006 WL 2266742, *1 (7th Cir. Aug. 3, 2006) (holding that a third-party complaint claiming legal malpractice fell within the court's supplemental jurisdiction under section 1367(a)); *United States v. Hammond*, No. 01 C 5559, 2002 WL 31133177, *2 (N.D. Ill. Sept. 25, 2002) (explaining that the purpose of Rule 14(a) is to avoid multiplicity of suits and expedite the resolution of secondary disputes arising out of the original action and asserting supplemental jurisdiction over a third-party claim for contribution). Indeed, Derma's indemnification and warranty claims against Noble Fiber arise out of a common set of facts with Argentum's patent infringement claims because Derma's

claims may depend on whether Argentum's infringement claims are "rightful" or "valid" and, therefore, Derma's claims against Noble Fiber and Argentum's infringement claims form a single case or controversy within the meaning of Article III of the Constitution. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999).

6. This Court has personal jurisdiction over Noble Fiber because it is knowingly breaching its duty to indemnify and hold harmless Derma in this District. On information and belief, Noble Fiber also is knowingly causing the products accused of infringement by Argentum in this case to be sold in this District.

7. Venue is legally proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

**Count I – Breach of Contract**

8. The allegations of Paragraphs 1 through 7 of this Amended Third-Party Complaint are restated and incorporated by reference into this Count I.

9. On or about April 15, 2005, Derma and Noble Fiber entered into a Distribution Agreement (the "Agreement"). A copy of the Agreement is attached to this Amended Third-Party Complaint as Exhibit A. Under the Agreement, Noble Fiber agreed to indemnify and hold Derma harmless from any and all damages arising out of claims made by third parties that the Noble Medical Products infringe upon the intellectual property rights of any third party. Noble Medical Products, as that phrase is defined in the Agreement, includes the SILVERSEAL wound care products accused of patent infringement in this case.

10. Argentum has accused Noble and Derma of infringing the '153 patent by making, using, selling, and/or offering to sell certain wound care products and burn care products sold

under the tradename SILVERSEAL.

11. Argentum's patent infringement claims in this case give rise to Noble Fiber's duty to indemnify and hold harmless Derma under the Agreement.

12. Noble Fiber has knowledge of Argentum's patent infringement claims in this case.

13. Derma has requested that Noble Fiber indemnify it and hold it harmless from Argentum's patent infringement claims in this case. Derma has submitted to Noble Fiber legal bills for legal services relating to Derma defending against Argentum's patent infringement claims in this case.

14. To date, Noble Fiber has not agreed to indemnify Derma or hold it harmless from Argentum's patent infringement claims in this case. To date, Noble Fiber has not paid Derma or reimbursed Derma for the legal fees it has incurred in the course of defending against Argentum's patent infringement claims in this case.

15. Noble Fiber has breached and is breaching its obligations to Derma pursuant to the Agreement by not indemnifying Derma and holding Derma harmless pursuant to Paragraph 11(b) of the Agreement.

16. Derma has suffered damages and will continue to suffer damages as a result of Noble Fiber's breach of the Agreement.

WHEREFORE, Derma respectfully requests that the Court enter judgment in favor of Derma and against Noble Fiber on this Count I of this Amended Third-Party Complaint, granting the following relief:

    (a) adjudging that Noble Fiber has breached the Agreement;

    (b) awarding Derma damages resulting from Noble Fiber's breach of the Agreement;

    (c) ordering specific performance of Noble Fiber's duty to indemnify and hold harmless Derma in this case;

    (d) awarding Derma its costs; and

    (e) granting Derma such other and further relief as the Court deems fair and equitable.

### Count II – Breach of the Implied Warranty against Infringement

17. The allegations of Paragraphs 1 through 7 of this Amended Third-Party Complaint are restated and incorporated by reference into this Count II.

18. Noble Fiber sold to Derma certain SILVERSEAL wound care and burn care products that Argentum accuses of infringing the '153 patent in this case (the "Accused Products").

19. Noble Fiber is in the business of selling the Accused Products.

20. By selling the Accused Products to Derma, Noble Fiber impliedly warranted to Derma that the Accused Products would be free from any rightful claim concerning intellectual property infringement pursuant to Section 2312 of the Pennsylvania Commercial Code.

21. Noble Fiber delivered the Accused Products to Derma.

22. Derma has notified Noble Fiber of Argentum's patent infringement claims in this case and Derma's warranty claim arising out of Argentum's patent infringement claims in this case. Noble Fiber has knowledge of Argentum's patent infringement claims in this case.

23. Noble Fiber has breached the implied warranty against intellectual property infringement set forth in Section 2312 of the Pennsylvania Commercial Code.

24. Derma has suffered damages and will continue to suffer damages as a result of Noble Fiber's breach of Section 2312 of the Pennsylvania Commercial Code.

WHEREFORE, Derma respectfully requests that the Court enter judgment in favor of Derma and against Noble Fiber on this Count II of this Amended Third-Party Complaint,

granting the following relief:

  (a) adjudging that Noble Fiber breached Section 2312 of the Pennsylvania Commercial Code;

  (b) awarding Derma damages resulting from Noble Fiber's breach of Section 2312 of the Pennsylvania Commercial Code;

  (c) awarding Derma its reasonable attorneys' fees;

  (d) awarding Derma its costs; and

  (e) granting Derma such other and further relief as the Court deems fair and equitable.

## Jury Demand

Derma demands a trial by jury on all issues properly tried to a jury.

Dated: May 27, 2008      /s Arthur Gollwitzer III

           Martin L. Stern (02727307)
            mlstern@michaelbest.com
           Arthur Gollwitzer III (06225038)
            agollwitzer@michaelbest.com
           Christopher R. Parker (06270398)
            crparker@michaelbest.com
           MICHAEL BEST & FRIEDRICH LLP
           Two Prudential Plaza
           180 North Stetson Ave., Ste 2000
           Chicago, IL  60601
           Telephone: 312.222.0800

           ***Attorneys for Amended Third-Party Plaintiff Derma Sciences, Inc.***

**Certificate of Service**

I, Arthur Gollwitzer III, an attorney of record in this matter, certify that on May 27, 2008, I caused a copy of the following document:

**Defendant Derma Sciences, Inc.'s Amended Third-Party Complaint against Noble Fiber Technologies, LLC**

to be filed with the Clerk of the United States District Court for the Northern District of Illinois via the ECF system which provides service by e-mail on the following counsel of record:

Joseph A. Fuchs
Rockey, Depke, & Lyons, LLC
Sears Tower, Suite 5450
233 South Wacker Drive
Chicago, Illinois 60606
JosephFuchs@rdlklaw.com

Lori S. Nugent
Cozen O'Connor
222 South Riverside Plaza, Ste 1500
Chicago, IL  60606
312-382- 3100
lnugent@cozen.com

                                      */s Arthur Gollwitzer III*
                                        Arthur Gollwitzer III