IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARGENTUM MEDICAL, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 CV 6769 |
| | ) | |
| v. | ) | Hon. George W. Lindberg |
| | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| NOBLE BIOMATERIALS, and | ) | |
| DERMA SCIENCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

ARGENTUM'S REPLY TO COUNTERCLAIMS OF DERMA SCIENCES, INC.

Plaintiff, Argentum Medical, LLC. ("Argentum"), for its Reply to the

Counterclaims of Derma Sciences, Inc. ("Derma"), alleges as follows:

The Parties, Jurisdiction, and Nature of the Action

1.    Defendant/ Counter-Plaintiff, Derma Sciences, Inc. ("Derma")
is a corporation duly organized and existing under the laws of the State of
Pennsylvania. Derma's principal place of business is located at 214 Carnegie
Center, Suite 300, Princeton, New Jersey.

REPLY:

Admitted.

-2-

2.      Plaintiff/ Counter-Defendant Argentum Medical, LLC ("Argentum") is a limited liability company organized and existing under the laws of the State of Delaware.  Argentum's principal place of business is located at 240 81st Street, Willowbrook, Illinois.

REPLY:

        Admitted.

3.      This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims also arise under 28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. §§ 1, et seq.

REPLY:

        Admitted.

4.      Venue is legally proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

REPLY:

        Admitted.

Count I -Declaration of Invalidity of the '153 Patent

5.      The allegations of Paragraphs 1 through 4 of these Counterclaims are restated and incorporated by reference into this Count I.

REPLY:

For its response to paragraph 5, Argentum realleges and

reincorporates by reference each of its responses to paragraphs 1-4 as if fully set

forth herein.

6.    An actual and justiciable controversy has arisen and now exists
between Derma and Argentum concerning whether United States Patent No.
7,230,153 B2 ("the '153 Patent") is valid. By its Amended Complaint, Argentum
has asserted that the '153 patent is valid and that Derma has infringed the claims of
the '153 patent.

REPLY:

Argentum admits that it has alleged that the '153 patent is valid and

that Derma has infringed the claims of the '153 patent.  Argentum also admits that

Derma purports to challenge the validity of the '153 patent in its First Affirmative

Defense and that a justiciable controversy has arisen between Derma and

Argentum.  Argentum denies all other allegations in paragraph 6.

7.    Derma has denied Argentum's claim of infringement and has
asserted that the '153 patent is invalid for failure to comply with one or more
provisions of the Patent Act, including without limitation, 35 U.S.C. §§ 101, 102,
103, and 112.

REPLY:

Argentum admits that Derma has denied infringement and that Derma

purports to assert that the '153 patent in invalid, but denies all remaining

allegations of paragraph 7.

8.    Absent a declaration that the '153 patent is invalid, Argentum will wrongfully continue to assert the '153 patent against Derma in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Derma irreparable injury and damage.

REPLY:

Argentum denies the allegations of paragraph 8.

9.    Because the above activities and actions have created an actual and justiciable controversy, Derma seeks a declaration that the '153 patent is invalid.

REPLY:

Argentum admits that Derma purports to seek a declaration that the

'153 patent is invalid but denies all other allegations of paragraph 9.

Count II - Declaration of Noninfringement of the '153 Patent

10.    The allegations of Paragraphs 1 through 4 of these Counterclaims are restated and incorporated by reference into this Count II.

REPLY:

For its response to paragraph 10, Argentum realleges and

reincorporates by reference each of its responses to paragraphs 1-4 as if fully set

forth herein.

11.    An actual and justiciable controversy has arisen and now exists between Derma and Argentum concerning whether the accused SILVERSEAL products infringe any rights Argentum claims to have under the '153 patent. By its Amended Complaint, Argentum has asserted that the '153 patent is valid and that Derma has infringed the claims of the '153 patent.

REPLY:

Argentum admits a justiciable controversy exists over whether

Derma's sales of the SILVERSEAL® products infringe the '153 patent.  Argentum

also admits that through its Amended Complaint it has asserted that the '153 patent

is valid and that Derma has infringed the '153 patent.  Argentum denies all other

allegations of paragraph 11.

12.    Derma has denied that the '153 patent is valid and denied Argentum's claims of infringement.  Derma has not infringed and is not now infringing any claims of the '153 patent and has not contributorily infringed or induced infringement of the '153 patent.

REPLY:

Argentum admits that Derma purports to deny the validity of the '153

patent and that it infringes the '153 patent.  Argentum denies all other allegations of

paragraph 12.

13.    Because the above activities and actions have created an actual and justiciable controversy, Derma seeks a declaratory judgment that the accused SILVERSEAL products do not infringe the '153 patent.

REPLY:

Argentum admits that Derma purports to seek a declaration that the

SILVERSEAL® products do not infringe the '153 but denies all other allegations

of paragraph 13.

WHEREFORE, Argentum prays for entry of a final judgment:

(a)    Dismissing Derma's counterclaims for want of equity;

(b)    Entering judgment against Derma;

(c)    Awarding Argentum its taxable costs and attorney fees; and

(d)    Granting Argentum such other and further relief as justice may

require.

## JURY DEMAND

Argentum hereby demands trial by jury of all issues in this action

triable of right by a jury.

Respectfully submitted,


/s/ Joseph A. Fuchs
KEITH V. ROCKEY
KATHLEEN A. LYONS
JOSEPH A. FUCHS
AVANI MACALUSO
  Rockey, Depke & Lyons, LLC
  Sears Tower, Suite 5450
  233 South Wacker Drive
  Chicago, Illinois 60606
  Telephone:  312-277-2006

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 2, 2008, a true and correct copy of ARGENTUM'S REPLY TO COUNTERCLAIMS OF DERMA SCIENCES, INC. was filed electronically with the Clerk of Court using the CM/ECF System, which will provide electronic notice to the following attorneys for Defendants:

> Martin L. Stern
> Arthur Gollwitzer III
> Carrie A. Hall
> Christopher Parker
> MICHAEL BEST & FRIEDRICH LLP
> Two Prudential Plaza
> 180 North Stetson Ave., Ste 2000
> Chicago, IL 60601
>
> Lori S. Nugent
> Josh M. Kantrow
> COZEN O'CONNOR
> 222 S. Riverside Plaza
> Suite 1500
> Chicago, IL 60606

I further certify that a copy of the foregoing was served by e-mail on the following:

> Robert Hayes
> COZEN O'CONNOR
> 1900 Market Street
> Philadelphia, PA 19103
> rhayes@cozen.com

> /s/ Joseph A. Fuchs
> One of Plaintiff's Counsel