# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARGENTUM MEDICAL, LLC | : | No. 3:07 cv 6769 |
| Plaintiff, | : | Hon. George W. Lindberg |
| v. | : | Magistrate Judge Jeffrey Cole |
| NOBLE BIOMATERIALS, INC. and DERMA SCIENCES, INC., | : | |
| Defendants. | : | |

## ANSWERS AND OBJECTIONS OF DEFENDANT NOBLE BIOMATERIALS, INC. TO PLAINTIFF ARGENTUM MEDICAL, LLC.'S JURISDICTION-RELATED REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Defendant Noble Biomaterials, Inc. ["Defendant Noble" or "Noble"] hereby provides its answers and objections to the Jurisdiction-Related Document Requests of Plaintiff Argentum Medical, LLC., as set forth hereinafter:

**EXHIBIT A**

## **GENERAL OBJECTIONS AND LIMITATIONS**

All the general objections set forth below ["Defendant Noble's General Objections"] are incorporated in each of the specific answers to Plaintiff's discovery requests and have the same force and effect as if fully set forth in response to each specific discovery request.

1. Defendant Noble objects to Plaintiff's discovery requests to the extent that they seek to impose obligations, duties and/or procedures beyond or different from those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, or this Court's Orders.

2. Defendant Noble objects to Plaintiff's discovery requests to the extent that they require the disclosure of information, documents, or things that is neither presently known by Noble nor within its possession, custody, or control as those terms is defined in Federal Rule of Civil Procedure 34.

3. Defendant Noble objects to Plaintiff's discovery requests to the extent that they seek information protected from disclosure by the attorney-client privilege and/or the work product doctrine or any other applicable privilege or immunity from discovery

recognized by law. Any undertaking by Noble to provide information in response to Plaintiff's discovery requests should be understood to exclude any privileged information. Any production of documentation or information, which is or should have been withheld pursuant to these or other privileges is inadvertent, and should not be understood to be a waiver of such privilege.

4.   Defendant Noble objects to Plaintiff's discovery requests to the extent that they purport to require Noble to produce documents that contain confidential information. Noble will provide relevant and otherwise discoverable confidential information after an appropriate Stipulated Protective Order has been executed by the parties.

5.   Defendant Noble objects to Plaintiff's discovery requests as overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that they purport to require Noble to produce information and documents beyond the scope of the claims or affirmative defenses and/or cross-claims that have been and/or may be asserted in this action.

6.   In responding to Plaintiff's discovery requests, Noble does not in any way waive, or intend to waive, but rather intends to preserve and is preserving: (a) all

objections as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of any information or document, or the subject matter thereof, in the trial of this or any other action or subsequent proceeding; (b) the right to object to the use of any information or document, or the subject matter thereof, in the trial of this or any other action or subsequent proceeding; (c) the right to elicit appropriate evidence beyond the discovery responses themselves, regarding the subject referred to in or in response to any discovery requests; (d) the right to preserve the confidentiality or proprietary nature of any information or document or the subject matter thereof, by mutual agreement or otherwise, as a condition of production; and (e) the right at any time to correct, supplement, or clarify any of the responses set forth below in light of the ongoing nature of Noble's investigation.

    7.  The failure of Defendant Noble to object to any of Plaintiff's discovery requests on a particular ground or grounds shall not be construed as a waiver of its right to object on any additional grounds. Subject to, and without waiving any objections as stated herein, unless otherwise indicated, Defendant Noble will provide answers to Plaintiff's discovery requests based upon Noble's present knowledge, information and belief, which is believed to be complete and accurate as of the date of the answers.

    8.  Noble's response to the within requests is not an admission that any

of the information sought is relevant, material, competent or admissible.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO PLAINTIFF'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Subject to, and without in any manner waiving, the foregoing General Objections, Defendants respond to Plaintiff's specific Requests for the Production of Documents as follows:

### Document Request No. 1

All documents mentioning, referring or relating to the development, manufacture, sales, distribution and resale of: (1) Noble products and (2) SILVERSEAL® products.

### Response to Request No. 1:

Defendant Noble objects to this Request on the grounds that it fails to identify with reasonable specificity the documents sought to be produced, is unduly burdensome, seeks information which is subject to the attorney-client privilege or work product doctrine, seeks information beyond that which is relevant to the scope of jurisdictional

discovery and/or which is not reasonably calculated to lead to the discovery of relevant and/or otherwise admissible evidence on this issue. Subject to and without in any way waiving these objections, Noble hereby responds by providing a copy of its distribution, licensing, and similar agreements, as well as copies of its invoices and purchase orders, for its wound dressings, burn gloves and/or under cast liners.

**Document Request No. 2**

All documents mentioning, referring, or relating to: (a) any entity purchasing the SILVERSEAL products and (b) any entity using the SILVERSEAL products; including for each entity any hospital purchasing groups, hospitals, physicians, nurses and other entities providing medical related services.

**Response to Request No. 2:**

Defendant Noble objects to this Request on the grounds that it fails to identify with reasonable specificity the documents sought to be produced, is unduly burdensome, seeks information which is subject to the attorney-client privilege or work product doctrine, seeks information beyond that which is relevant to the scope of jurisdictional discovery and/or which is not reasonably calculated to lead to the discovery of relevant

and/or otherwise admissible evidence on this issue. Subject to, and without in any way waiving, the foregoing objections, see Noble's Response to Request 1.

**Document Request No. 3**

All documents mentioning, referring, or relating to development agreements, marketing agreements, joint ventures, sales agreements, supply agreements and/or distribution Agreement(s) with, for example, Noble, Premier Purchasing Partners, Cardinal Health, Brooke Army Medical Center, U.S. Department of Defense, U.S. Department of Veterans Administration, DAPA or any other entity for Noble products.

**Response to Request No. 3:**

Defendant Noble objects to this Request on the grounds that it is unduly burdensome, seeks information which is subject to the attorney-client privilege or work product doctrine, seeks information beyond that which is relevant to the scope of jurisdictional discovery and/or which is not reasonably calculated to lead to the discovery of relevant and/or otherwise admissible evidence on this issue. Subject to, and without in any way waiving, the foregoing objections, see Noble's Response to Request 1. By way of a further response, Noble is not a party to development

agreements, marketing agreements, or joint ventures with respect to its wound dressings, burn gloves or under cast liners and has no agreements with Premier Purchasing Partners, Cardinal Health, Brooke Army Medical Center, U.S. Department of Defense, U.S. Department of Veterans Administration or DAPA relating to any of these products.

**Document Request No. 4**

All documents identify all products sold by Noble.

**Response to Request No. 4:**

Plaintiffs object to this Request on the grounds that it fails to identify with reasonable specificity the documents or categories of documents sought to be produced, is unduly burdensome, vexatious and harassing, seeks information beyond that which is relevant to the scope of jurisdictional discovery or to general discovery in this action and/or which is not reasonably calculated to lead to the discovery of relevant and/or otherwise admissible evidence on these matters.

**Document Request No. 5**

All documents identified in Noble's Response to Plaintiff Argentum Medical,

LLC's First Set of Interrogatories Nos. 1-5 To Defendant Noble Biomaterials.

### Response to Request No. 5:

A copy of all documents identified in Defendant Noble's Response to Plaintiff's Jurisdictional Interrogatories is attached.

Respectfully submitted,

Dated: April 11, 2008

Lori S. Nugent
Josh Kantrow
Ross Miller
COZEN O'CONNOR
222 South Riverside Plaza, Suite 1500
Chicago, Illinois 60606
Attorneys for Defendant,
Noble Biomaterials, Inc.

OF COUNSEL:
Robert W. Hayes
Julie Merritt Pacaro
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2008, I caused a true and correct copy of the within Answers and Objections of Defendant Noble Biomaterials, Inc. to Plaintiff Argentum Medical, LLC.'s Jurisdiction-Related Requests for the Production of Documents to be served upon the following via hand-delivery:

>Martin L. Stern
>Arthur Gollwitzer
>Christopher Parker
>MICHAEL BEST & FRIEDRICH LLP
>Two Prudential Plaza
>180 North Stetson Ave., Ste 2000
>Chicago, IL 60601
>Attorneys for Defendant Derma Sciences, Inc.
>
>Keith V. Rockey
>Kathleen A. Lyons
>Joseph A. Fuchs
>Avani Macaluso
>ROCKEY, DEPKE, & LYONS, LLC
>Sears Tower, Suite 5450
>233 South Wacker Drive
>Chicago, IL 60606
>Attorneys for Plaintiff Argentum Medical, LLC

Ross Miller