# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARGENTUM MEDICAL, LLC | ) |
| | ) |
| Plaintiff, | ) No. 07 CV 6769 |
| | ) |
| v. | ) Hon. George W. Lindberg |
| | ) |
| NOBLE BIOMATERIALS, and | ) Magistrate Judge Jeffrey Cole |
| DERMA SCIENCES, INC. | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Argentum Medical, LLC for its complaint against defendants,

Noble Biomaterials and Derma Sciences, Inc., allege:

### THE PARTIES

1.    Plaintiff Argentum Medical, LLC ("AM") is a limited liability

company organized and existing under the laws of the State of Delaware and has a

principal place of business at 240 81st Street, Willowbrook, Illinois 60527.


2.    Defendant Noble Biomaterials ('Noble") is, on information and

belief, a corporation organized and existing under the laws of the State of

Delaware having a principal place of business at 300 Palm Street, Scranton,



Pennsylvania 18505.  On information and belief, Noble is doing business in this District.

3.     Defendant Derma Sciences, Inc. ("Derma") is, on information and belief, a corporation organized and existing under the laws of the State of Pennsylvania and having a place of business at 214 Carnegie Center, Suite 100, Princeton, New Jersey 08540.   On information and belief, Derma is doing business in this District.


COUNT 1:  PATENT INFRINGEMENT

4     This claim arises under the Patent Laws of the United States and is an action for infringement of United States Letters Patent No. 7,230,153. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1338(a) and venue lies in this District by virtue of 28 U.S.C. §§ 1391 and 1400(b).


5.     On June 12, 2007, United States Letters Patent No. 7,230,153 B2 ("the '153 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Multilayer Conductive Appliance Having Wound Healing and Analgesic Properties."  A true and correct copy of the '153 Patent is attached as Exhibit A hereto.  AM is the exclusive licensee under the '153 Patent and has the right to bring suit thereon.

6.      Noble has, on information and belief, unlawfully and intentionally infringed the '153 Patent in this District and elsewhere by making, using, offering for sale and/or selling the inventions of '153 Patent including certain wound care and burn care products sold under the tradename SilverSeal®. On information and belief, Noble has induced infringement and/or has contributed to the infringement of the '153 Patent in this District and elsewhere.

7.      Derma has, on information and belief, unlawfully and intentionally infringed the '153 Patent in this District and elsewhere by making, using, offering for sale and/or selling the inventions of the '153 Patent including certain wound care and burn care products sold under the tradename SilverSeal®. On information and belief, Derma has induced infringement and/or has contributed to the infringement of the '153 Patent in this District and elsewhere.

8.      The wrongful acts of Noble and Derma alleged herein were undertaken without authority and without license from AM. On information and belief, Noble and Derma had actual notice of said Letters Patent and their acts of infringement have been willful and wanton, in blatant disregard for the intellectual property rights of AM.

3

9.   The wrongful acts of Noble and Derma as alleged herein have occurred, and will continue to occur, in this Judicial District and throughout the United States.

10.   AM has suffered damage by reason of the acts of infringement by Noble and Derma and will suffer additional and irreparable damage unless Noble and Derma are enjoined by this Court from continuing their acts of direct infringement, inducement of infringement and/or contributory infringement.

## COUNT II: FALSE DESIGNATION OF ORIGIN

11.   This claim arises under the Trademark Laws of the United States, and particularly Section 43 (a) of the Lanham Act (Title 15, United States Code, §1125 (a)).  This Court has jurisdiction under Title 28, United States Code, §1338 (a), and venue lay in this District under Title 28, United States Code, §1391.

12.   AM incorporates herein by reference the allegations of paragraphs 1-10 as though realleged verbatim herein.

13.   AM sells directly to end users and through authorized distributors wound care, burn care and surgical products under the federally registered trademark SILVERLON®.  Each product sold is packaged in a pouch or other

4

container with AM's name printed thereon indicating to prospective purchasers and users that AM is the source of the SILVERLON® products.

14.  Upon information and belief, Derma has made false statements of fact or false or misleading representations of fact by stating that one or more of AM's SILVERLON® products has been discontinued from sale and is no longer available for purchase.

15. Upon information and belief, Derma has made false statements of fact or false or misleading representations of fact by stating that Derma had acquired one or more of AM's SILVERLON® products and had discontinued the sale of the SILVERLON® product or products.

16.  As a consequence of Derma's acts as alleged herein, AM has been damaged by loss of sales revenues and profits, and has lost future sales revenues and profits as a direct consequence of Derma's misrepresentations.

17.  Upon information and belief, Derma will continue its false statements, representations or designations of origin as set forth hereinabove, causing irreparable harm and injury to AM for which AM has no adequate remedy at law, unless and until enjoined by this Court.

## COUNT III:  Deceptive Trade Practices

18.  This claim is for breach of the Illinois Deceptive Trade Practices

Act, 815 ILCS 510/2 (2008).  This Court's jurisdiction is supplemental to that of

Counts I and II under Title 28, United States Code §1338 (b).

19.  AM incorporates herein by reference the allegations of

paragraphs 1-10, and 13-17, as though realleged verbatim herein.

20.  The acts of Derma alleged herein constitute a violation of the

Illinois Deceptive Trade Practice Act by reason of Derma's use of deceptive

misrepresentations in the sale of its goods by disseminating false and misleading

statements that one or more of AM's SILVERLON® products are no longer

available for purchase or have been discontinued and/or are no longer made.

21.  As a consequence of Derma's acts as alleged herein, AM has

been damaged by loss of sales revenues and profits, and has lost future sales

revenues and profits as a direct consequence of Derma's misrepresentations.

22.  Upon information and belief, Derma will continue disseminating

false and misleading statements causing irreparable harm and injury to AM for

which AM has no adequate remedy at law, unless and until enjoined by this Court.

## COUNT IV:  Illinois Common Law

23.  This claim is for breach of Illinois common law for Derma's interference with Argentum's expectation of a business relationship.  This Court's jurisdiction is supplemental to that of Counts I and II under Title 28, United States Code §1338 (b).

24.  AM incorporates herein by reference the allegations of paragraphs 1-10, 13-17, and 20-22 as though realleged verbatim herein.

25.  The acts of Derma alleged herein constitute tortious interference with a prospective economic advantage in violation of Illinois common law.  AM has a valid business relationship with Cardinal Health for the sale of AM's SILVERLON® products.  Derma knows of this relationship between AM and Cardinal Health.  On information and belief, certain of Derma's sales representatives have contacted sales representatives of Cardinal Health and has advised the Cardinal Health representative that certain of AM's SILVERLON® products were no longer available for purchase or have been discontinued and/or are no longer made.

26.  As a consequence of Derma's acts as alleged herein, AM has been damaged by loss of sales revenues and profits, and has lost future sales revenues and profits as a direct consequence of Derma's misrepresentations and interferences.

27.  Upon information and belief, Derma will continue disseminating false and misleading statements causing irreparable harm and injury to AM for which AM has no adequate remedy at law, unless and until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, AM requests that this Court enter a judgment in favor of AM against Noble and Derma and award to AM the following relief:

A.    Ordering, adjudging and decreeing that Noble and Derma have directly infringed the '153 Patent in violation of 35 U.S.C. § 271(a);

B.    Ordering, adjudging and decreeing that Noble and Derma have induced the infringement of the '153 Patent in violation of 35 U.S.C. § 271(b);

C.    Ordering, adjudging and decreeing that Noble and Derma have engaged in acts amounting to contributory infringement of the '153 Patent in violation of 35 U.S.C. § 271(c);

D.    Ordering, adjudging and decreeing that Noble's and Derma's acts of infringement, inducing infringement and contributory infringement of the '153 Patent were committed willfully and knowingly;

E.    Enjoining, both preliminarily and permanently, Noble and Derma and each of its parents, principals, officers, directors, agents, affiliates, servants, attorneys, employees and all others in privity with them from infringing the '153 Patent;

F.    Awarding to AM damages for infringement of the '153 Patent, together with prejudgment interest on the amount awarded;

G.    Awarding to AM three times its damages to compensate AM under 35 U.S.C. § 284;

H.    Ordering, adjudging and decreeing that acts of infringement of Noble and Derma as herein alleged warrant a finding that this is an exceptional case and awarding to AM its reasonable attorneys' fees under 35 U.S.C. § 285;

I. Ordering, adjudging and decreeing that Derma's misrepresentations about AM's products has violated Section 43 (a) of the Lanham Act;

J. Ordering, adjudging and decreeing that Derma's misrepresentations about AM's products has violated the Illinois Deceptive Trade Practices Act;

K. Ordering adjudging and decreeing that Derma's misrepresentations about AM's products constitutes tortious interference with prospective economic advantage;

L. Enjoining, both preliminarily and permanently, Derma, its parents, principals, officers, directors, agents, affiliates, servants, attorneys, employees and all others in privity with it from making false, and misleading statements regarding AM and AM's products;

M. Ordering that AM be awarded profits from Derma's unfair acts and that an accounting of Derma's profits be rendered to determine such profits;

N.    Awarding to AM its costs incurred in the prosecution of this action; and

O.    Awarding to AM such other and further relief as the Court may

deem just and proper.

## JURY DEMAND

AM demands trial by jury of all issues in this action so triable.

Respectfully submitted,
Argentum Medical, LLC

/s/ Joseph A. Fuchs
KEITH V. ROCKEY (ID #02360624)
KATHLEEN A. LYONS (ID #06186939)
JOSEPH A. FUCHS (ID #06201132)
AVANI MACALUSO (ID #06280832)
Rockey, Depke, & Lyons, LLC
Sears Tower, Suite 5450
233 South Wacker Drive
Chicago, Illinois 60606
Telephone:  312-277-2006
Facsimile:  312-441-0570

Attorneys for the Plaintiff