**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARGENTUM MEDICAL, LLC | : | No. 3:07 cv 6769 |
| | : | |
| Plaintiff, | : | Hon. George W. Lindberg |
| | : | |
| v. | : | Magistrate Judge Jeffrey Cole |
| | : | |
| NOBLE BIOMATERIALS, and | : | |
| DERMA SCIENCES, INC., | : | |
| | : | |
| Defendants. | : | |

**REPLY MEMORANDUM OF LAW OF DEFENDANT NOBLE BIOMATERIALS, INC.
IN SUPPORT OF MOTION TO DISMISS OR TRANSFER**

**PRELIMINARY STATEMENT**

In response to the jurisdictional motion of defendant Noble Biomaterials, Inc. ("Noble"),

plaintiff, Argentum Medical, LLC ("Argentum"), does not identify any nexus between Noble

and the State of Illinois, or even one bona fide sale of any purportedly infringing products into

this jurisdiction.  Without any factual basis to justify asserting jurisdiction over Noble, Argentum

attempted to manufacture a basis to do so by having its attorneys order a SILVERSEAL®

dressing from a secondary source located in Florida.  It also misstates the evidence of record and

argues that Noble is subject to personal jurisdiction on no basis other than it has placed

unspecified allegedly infringing products into the stream of commerce in the United States.

Argentum may not assert jurisdiction over Noble on any such bases and defendant's Motion to

Dismiss should be granted on jurisdictional and venue grounds.

Noble's 12(b)(6) Motion should alternatively be granted in that Argentum has failed to

provide any support for its assertion that it adequately identified the accused device by alleging

that Noble sells infringing products, including "certain" products marketed under the

SILVERSEAL® brand.  Argentum does not even attempt to explain how it could possibly state a

claim for infringing a patent on the use of dressings for wound healing and pain relief based on Noble's production and sale of products for the antimicrobial properties for which they were utilized well before any patent under which Argentum claims was issued.

Finally, Argentum argues that this Court should not in any event transfer venue because it maintains its only place of business here.  In making this argument, Argentum does not acknowledge the prior decisions of this Court holding that the residence of the plaintiff is an insufficient basis upon which to retain jurisdiction where none of the sources of proof are found in the forum district.  Argentum certainly does not identify any evidence relevant to its infringement claims likely be found in the Northern District of Illinois.

## ARGUMENT

### A.    There Is No Evidence Whatsoever of Any Sales of SILVERSEAL® Products into Illinois

As is set forth in the Memorandum of Law in Support of Noble's Motion to Dismiss ("Supporting Memorandum"), specific jurisdiction over a defendant in a patent infringement action is established only where the allegedly infringing products are produced, distributed or sold in the forum.  *See*, RAR, Inc. v. Turner Diesel, LTD, 107 F.3d 1272, 1277 (7th Cir. 1997) and the cases cited a page 9 of the Supporting Memorandum.  Nevertheless, Argentum contends that a jurisdictional nexus can be established simply by demonstrating that the accused device was placed into the stream of commerce and could possibly be purchased in the forum state. (Memorandum of Law in Opposition to Motion to Dismiss and Transfer ["Opposing Memorandum"], pp. 7-8.)  This position is inconsistent with controlling Seventh Circuit authority, and the constitutional requirement that a defendant's nexus with the forum state must arise from its purposefully directed business activities.  RAR, 107 F.3d at 1277.

Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558 (Fed Cir. 1994), upon which Argentum relies, does not stand for the proposition that personnel jurisdiction may be

based merely upon a manufacturer's placing a product into the stream of commerce without

evidence that the accused device was sold in the forum state.  In <u>Beverly Hills Fan</u>, the court held

a manufacturer subject to specific personal jurisdiction on the basis of its distributors or retailers

selling the accused products in the forum state after the manufacturer placed them into the stream

of commerce.  However, as the court recognized, an essential prerequisite of the stream of

commerce theory is that the accused products have actually been sold into the forum state.  The

court ruled that this element must be satisfied by showing that defendants "have derived

*substantial revenue*, at least in absolute terms, from sales in Virginia."  21 F.3d at 1571

(emphasis added.)[1]

While Noble has placed SILVERSEAL® products into the stream of commerce,

Argentum has not demonstrated any sales, let alone substantial sales, of those products into

Illinois.  Argentum asserts that "[o]ne of [Noble's] distributors, Medico-Mart, Inc., offers for sale

the accused products in Illinois."  (Opposing Memorandum, p. 7.)  To the contrary, as is set forth

in the Verification of Robert Taylor, a Medico Mart, Inc. ("Medico") sales representative, which

is attached hereto and marked Exhibit "1," Medico has not sold any SILVERSEAL® products in

Illinois.  Medico is not a regular Noble distributor  (Keane Dep., N.T. pp. 28-29, Ex. "B" to

Noble's Motion to Dismiss Amended Complaint), and has made only four purchases from

Noble, just once since the patent-in-suit was issued.  (Noble Sales Records, Ex. "2" hereto.)  The

products it purchased were sold to a health care facility in Wisconsin.  (Taylor Verif., ¶ 5.)

Argentum cannot dispute this direct evidence of where Medico sold the products it

purchased from Noble.  Argentum relies upon the deposition of Jeffrey Keane, Noble's CEO, in

support of its position even though Mr. Keane had no knowledge of Medico's sales and never

testified that it offers SILVERSEAL® products for sale in Illinois.  Argentum goes so far as to

---

[1] Similarly, in <u>Honeywell, Inc v. Metz Apparatewerke</u>, 509 F.2d 1137 (7th Cir. 1975), upon
which Argentum also relies, there were sales in Illinois.

claim that "Mr. Keane was also not surprised to hear that Medico-Mart was offering the accused

products for sale in Illinois."  (Opposing Memorandum, p. 4.)  In fact, no evidence was presented

to Mr. Keane of Medico sales of SILVERSEAL® in Illinois, and he testified that he *would be*

surprised to learn that it was doing so:

> Q.     All right.  The document says that Medico-Mart offers a
> complete line of medical/surgical, laboratory and
> pharmaceutical products to physician offices and clinics
> throughout Wisconsin, northern Illinois and southeastern
> Minnesota.  Are you surprised by that?
>
> A.     No.
>
> Q.     Would you be surprised to know that SilverSeal [sic]
> product is - - strike that
>
> Would you be surprised if I told you that Noble's
> SilverSeal's [sic] products are being sold in Illinois.
>
> A.     Yes.
>
> Q.     Why would you be surprised?
>
> A.     In our checking with our internal records we have no record
> of ever having shipped any product to Illinois, SilverSeal
> [sic] product to Illinois.
>
> In checking through past invoices and checking through
> sales history, we have no records of selling SilverSeal [sic]
> into Illinois, ever shipping SilverSeal [sic] product to
> Illinois in any of our dealings with SilverSeal [sic] into the
> State of Illinois.

(Keane Dep., N.T. p. 40.)  Argentum also speculates that Medico must be offering

SILVERSEAL® products for sale in Illinois from a statement on Medico's website that it

distributes products throughout Wisconsin, northern Illinois and southern Minnesota.  (Opposing

Memorandum, p. 4.)  Medico's general sale of products in that region is not evidence of the sale

of any specific product in Illinois and certainly is not evidence of the sale of any

SILVERSEAL® product in Illinois.  In fact, SILVERSEAL® products are not even listed for

sale on the Medico website.  (Opposing Memorandum, Ex. "D".)

Argentum also claims that a paralegal in its counsel's office placed a single order with a company in Florida for SILVERSEAL® wound dressings, which shipped these dressings to Illinois. It is difficult to ascertain the significance Argentum attaches to this conduct. Argentum appears to argue that it demonstrates that SILVERSEAL® products could be purchased in Illinois once they were placed into the stream of commerce. However, as is set forth previously, the potential availability of products in a jurisdiction is an insufficient basis to hold a defendant subject to process in that jurisdiction without actual sales being made. Argentum's purchase of a SILVERSEAL® wound dressing certainly should not be considered a sale sufficient standing alone to subject Noble to personal jurisdiction and venue in this District. First, the sale was actually consummated in Florida. Second, it was placed solely in response to Noble's jurisdictional challenge. A party is not permitted to manufacture jurisdiction by litigation-motivated purchases of products. Permitting a plaintiff to create personal jurisdiction through its own purchases of the defendant's products would transgress the constitutional mandate that the exercise of personal jurisdiction must comport with "fair play and substantial justice." International Shoe Co v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 160 (1945).[2]

### B.  Argentum Complains about Noble's Discovery Responses to Divert Attention from the Lack of Any Sales of SILVERSEAL® in Illinois

Argentum complains that Noble prevented it from fully exploring whether it is subject to general jurisdiction in Illinois by failing to provide discovery of its sale of products other than those sold under the SILVERSEAL® brand. (Opposing Memorandum, p. 3.) Noble did not refuse to provide any discovery of products other than the SILVERSEAL® brand, but rather objected to the numerous overbroad and unduly burdensome discovery requests Argentum

---

[2] Derma has filed a Third-Party Complaint seeking indemnity from Noble's subsidiary, Noble Fiber Technologies, Inc. Those parties have agreed upon a settlement in principle of the third-party claims and it is expected that this Third-Party Complaint will be promptly dismissed. In the unlikely event that the settlement is not consummated, Noble Fiber will challenge the personal jurisdiction of the Court on the same grounds Noble has raised.

served, such as the request for: "All documents mentioning, referring or relating to the development, manufacture, sales, distribution and resale of: (1) Noble products and (2) SILVERSEAL® products." (Argentum's Document Request, No. 1, Ex. "A" to Argentum's Opposing Memorandum.) To respond to this request, Noble would have been required to produce virtually every document relating to the research and development of its manufacturing processes and the manufacture and sale of each of its products.[3] Moreover, during his deposition, Mr. Keane testified that Noble sells to a distributor of metallized fiber and fabrics located in Illinois and was allowed to address questions about sales of any products here. (N.T. pp. 48-49.)

Noble only refused at Mr. Keane's deposition to identify all of its distributors regardless of whether they were located in or sold products into Illinois. (Id., pp. 10-12 and 46-48.) As Argentum filed its Complaint only after Derma terminated its distributor relationship with Argentum and began distributing SILVERSEAL® products, it is apparent that Argentum's sole purpose in pursuing this litigation is to make it too expensive for Noble's distributors to continue to work with Noble. Even though plaintiff's counsel agreed to treat all jurisdictional discovery as attorneys' eyes only confidential information, Noble was unwilling to identify the distributors of all its products out of concern that Argentum would harass them with baseless discovery requests. These concerns were well founded in that Argentum

---

[3] Other examples of Argentum discovery requests that far exceeded the scope of legitimate jurisdictional discovery are its demand that Noble produce: "All documents mentioning, referring, or relating to development agreements, marketing agreements, joint ventures, sales agreements, supply agreements and/or distribution Agreement(s) with, for example, Noble, Premier Purchasing Partners, Cardinal Health, Brooke Army Medical Center, U.S. Department of Defense, U.S. Department of Veterans Administration, DAPA or any other entity for Noble products" (Document Request 3, Ex. "A" to Argentum's Opposing Memorandum), and that it "[s]tate the location of purchasers and users, regardless of whether the sale was made by Noble or a distributor or reseller of Noble, of: (1) Noble products and (2) SILVERSEAL products, identifying all persons having knowledge thereof and all documents, including but not limited to, sales tracing information relating thereto" (Interrogatory No. 3, Ex. "B" to Opposing Memorandum.)

announced in its Opposing Memorandum (p. 14) its intention to depose each of the fifteen SILVERSEAL® distributors Noble identified in response to jurisdictional discovery.

In any event, none of the information Noble objected to providing as to its sale of products other than those sold under the SILVERSEAL® brand has any bearing upon whether Noble is subject to general jurisdiction in Illinois.  As is set forth in the Supporting Memorandum, a defendant's presence, either through offices, employees or incorporation under the laws of the forum state, is generally required for a court to assert general jurisdiction.  In Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 788 (7th Cir. 2003), the court found the plaintiff's "reliance on the stream of commerce theory [to be] misplaced because that theory is relevant only to the exercise of specific jurisdiction; it provides no basis for exercising general jurisdiction over a nonresident defendant."  *See also*, Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 216 (5th Cir. 2000) ("[w]e have specifically rejected a party's reliance on the stream of-commerce theory to support asserting general jurisdiction over a nonresident defendant); Fisher v. Professional Compounding Centers of America, 318 F.Supp.2d 1046, 1050 (D. Nev. 2004) ("the stream of commerce theory does not apply to a general jurisdiction analysis").

While Argentum's complaints that Noble failed to cooperate in scheduling Mr. Keane's deposition are irrelevant to the jurisdictional issues presented, as these complaints are based upon a complete distortion of the record, Noble is compelled to respond briefly.  Although the Court granted Argentum leave to conduct "expedited" discovery, including Mr. Keane's deposition, by Order dated March 21, 2008, Argentum did not attempt to schedule this deposition until nearly three weeks later when it served a notice of deposition unilaterally setting the deposition for April 22.  Noble could not at that time confirm Mr. Keane's availability on April 22 because he was out of contact on a boat while vacationing in the Caribbean.  Once Mr. Keane returned,

Noble provided five separate days that he would be available for deposition in Scranton. (*See*, Exhibit "3" hereto.)  It was ultimately agreed to conduct Mr. Keane's deposition in Philadelphia on April 29th because he was in the area for a meeting on that date, Argentum's counsel was already scheduled to be in New York and it was more convenient for Argentum's counsel to travel from New York to Philadelphia than New York to Scranton.[4]

### C.   Argentum Has Neither Identified the Accused Devices Nor Provided a Short and Plain Statement of How They Infringe the Patent At Issue

In reliance upon Jackson v. Illinois Bell Telephone Co., 2002 WL 1466796 (N.D. Ill. 2002), and One World Technologies, Ltd. v. Robert Bosch Tool Corp., 2004 WL 1576696 (N.D. Ill. 2004), Argentum claims that it has sufficiently identified the accused devices merely by alleging that "Noble has made or sold the inventions of the '153 Patent "including certain" SILVER SEAL® "wound care and burn care products."  (Amended Complaint, ¶ 6.)  However, in Jackson, the plaintiff alleged that specific "voice mail systems" and "answering machines" infringed the patent.  2002 WL 1466796 * 3.  Argentum provides no such specificity.  The issue of whether the plaintiff had adequately identified the accused product was not even presented in One World Technologies, *supra*.  Moreover, as is set forth in the Supporting Memorandum, the Federal Circuit has expressly required that plaintiffs identify the accused product.  McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007); Laitram Corp v. The Cambridge Wire Cloth Co., 919 F.2d 1579, 1583 (Fed. Cir. 1990).

Regardless of whether a plaintiff may satisfy the requirement of pleading the manner in which a defendant infringes by alleging only that it sold products falling within the patent claims, Argentum's allegations are insufficient here where its patent claims upon the use of a type of wound dressing for its purported wound healing and analgesic properties.  Given the scope of its

---

[4] The Acela train runs almost every hour from mid-town Manhattan to downtown Philadelphia and the trip lasts approximately an hour.

patent, to establish infringement, Argentum must, at least, allege that Noble is selling wound dressings to provide wound healing and pain relief.  Argentum has not, and cannot truthfully, do so here.

**D.    Argentum's Choice of Its Home Forum Is An Inadequate Basis upon Which To Retain Jurisdiction Where No Source of Proof Is Found in This District**

In response to defendants' Motion to Transfer, Argentum stresses that it is located in Chicago and argues that it should be permitted to proceed in its home District.  It ignores, however, the authority cited in Noble's Supporting Brief (p. 14) that the locus of the plaintiff or the plaintiff's counsel is an insufficient basis upon which to retain jurisdiction where no evidence relating to the purported infringement of the patent is located within the forum state.  Argentum has not challenged defendants' assertions that none of the sources of evidence in this matter are located in this District.

Argentum argues that the Court should retain jurisdiction because it is a small company lacking defendants' resources to litigate in a distant forum.  Plaintiff cites no authority for the proposition that economic considerations may be the basis of requiring a defendant to litigate a matter in an inconvenient forum.  Further, Noble is also a relatively small company and the costs of litigating this matter are a burden to it.  Argentum's claims of economic hardship must be viewed skeptically given its avowed intention of traveling "throughout the United States" to depose all of Noble's distributors.  (Opposing Memorandum, p. 14.)

## **CONCLUSION**

Noble's Motion to Dismiss, or alternatively to Transfer, should be granted.

Respectfully submitted,

s/ Josh M. Kantrow
Josh M. Kantrow (Attorney ID No. 6231027)
Lori S. Nugent (Attorney ID No. 6196627)
COZEN O'CONNOR
222 South Riverside Plaza, Suite 1500
Chicago, Illinois 60606

Robert W. Hayes (admitted *pro hac vice*)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2094
Rhayes@cozen.com

Attorneys for Defendant,
Noble Biomaterials, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2008, I caused a true and correct copy of the foregoing Reply Memorandum of Law to be served electronically via the Court's ECF system upon the following:

Martin L. Stern
Arthur Gollwitzer
Christopher Parker
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Ave., Ste 2000
Chicago, IL 60601
Attorneys for Defendant Derma Sciences, Inc.

Keith V. Rockey
Kathleen A. Lyons
Joseph A. Fuchs
Avani Macaluso
ROCKEY, DEPKE, & LYONS, LLC
Sears Tower, Suite 5450
233 South Wacker Drive
Chicago, IL 60606
Attorneys for Plaintiff Argentum Medical, LLC

s/ Josh M. Kantrow_____