IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Argentum Medical, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>Noble Biomaterials and<br>Derma Sciences, Inc.,<br><br>        Defendants.<br><br>* * * * *<br><br>Derma Sciences, Inc.,<br><br>        Third-Party Plaintiff,<br><br>  v.<br><br>Noble Fiber Technologies, LLC,<br><br>        Third-Party Defendant. | No. 07 CV 6769<br><br>Judge George W. Lindberg<br>Magistrate Judge Cole<br><br>**Jury Trial Demanded** |

**Defendant Derma Sciences, Inc.'s Reply Memorandum in Support of**
<u>**Its Motion to Transfer or Stay**</u>

      Argentum did not present any evidence that this case should remain in the Northern District of Illinois. Indeed, the undisputed evidence shows that the operative facts of this case have little connection to this District but, instead, are centered in the Middle District of Pennsylvania. In addition, Argentum did not oppose Derma's request that the Court should stay their dispute if the Court dismisses Derma's co-defendant, Noble, for lack of personal jurisdiction, and the Court does not transfer the rest of the case to Pennsylvania. Therefore, this Court should transfer or stay this case.

I.  **Argentum Presents No Evidence That This Case Should Remain in This District.**

The witnesses for most of the likely factual disputes in this patent case reside outside this District, so this is hardly a neutral factor as Argentum asserts. (Argentum Br. at 14.) The primary issues in this case are the prosecution history of the patent-in-suit, claim construction, a comparison of the accused products to the patent, a comparison of prior art to the patent, and Defendants' sales of their accused products. None of the witnesses to these issues are located in this District.

More specifically, Derma provided evidence of the following through a Declaration of its Executive Vice President of Sales:

- The accused products at issue were developed and designed and are made and sold by Noble in Pennsylvania. Therefore, the witnesses are Noble employees in Pennsylvania. And, the documents relating to the design, development, manufacture, and sale of the accused products are in Pennsylvania.

- Derma had no role in the design, development, or manufacture of the accused products. Instead, Derma simply re-sells those products mostly to its primary customer in Pennsylvania. Therefore, Derma's employees are the likely witnesses regarding damages.

- Finally, the inventor of the patent-in-suit and the company that owns the patent-in-suit do not reside in Illinois. They are in Georgia.

(*See* Cole Dec., Dkt. No. 53-2; and U.S. Patent No. 7,230,153.) Argentum does not dispute these facts.

Thus, Derma has met its burden of establishing that transferring this case to Pennsylvania is more convenient for these witnesses under 28 U.S.C. § 1404(a), and Argentum has failed to rebut that showing. *Graham v. United Parcel Service*, 519 F. Supp. 2d 801, 810 (N.D. Ill. 2007) (holding that the moving party must present evidence to carry its burden).

Instead, Argentum argued that this forum is appropriate because it is based in

Illinois and three of its officers are in Illinois. (Argentum Br. at 13.) Argentum, however, did not provide an affidavit or any other evidence beyond its Rule 26(a)(1) initial disclosures explaining what relevant evidence those three people might offer. *See e.g. Midwest Precision Services, Inc. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill.1983) (holding that a court may only consider undisputed facts supported by evidence in ruling on a section 1404(a) motion); *Allstate Ins. Co. v. Mathison*, No. 02 C 418, 2002 WL 1396951, *5 (N.D. Ill. June 26, 2002) (granting motion to transfer when non-moving party did not present any affidavits supporting its arguments regarding the convenience of Illinois for the witnesses); *Int'l Molding Machine Co. v. St. Louis Conveyor Co.*, No. 01 C 8305, 2002 WL 1838130, *7 (N.D. Ill. Aug. 12, 2002).

Argentum also argues that Defendants' distributors of the accused products will be witnesses and cites evidence that they are not primarily located in Pennsylvania. This argument also is flawed because Argentum presents no evidence as to why those distributors are relevant witnesses. Indeed, Argentum can obtain all available proof of Defendants' sales and its alleged damages from Defendants; Argentum does not need to bother Defendants' customers. Therefore, Argentum has failed to show that the operative facts of this case are connected to this District.

Likewise, Argentum presents no evidence regarding the location of documents pertinent to this case. Instead, Argentum simply asserts that access to sources of proof "does not weigh heavily for or against transfer." (Argentum Br. at 14.) That unsupported assertion is false. If the entities and witnesses responsible for obtaining this patent-in-suit, and designing, developing, manufacturing, and selling the accused products are all outside this District, then the relevant documents also are outside this District.

Derma met its evidentiary burden, but Argentum did not do so. Therefore, this

Court should transfer this case to the Middle District of Pennsylvania.

II.     **Argentum's Choice of Forum Is Not Controlling, and the other Factors Favor Transfer.**

Lacking evidence to show that this case should remain in this District, Argentum's primary argument is that its selection of its home forum deserves deference. (Argentum Br. at 13-14.) But, a plaintiff's choice of its home forum is not entitled to deference when the case has no significant connection to that forum. *See Truserv Corp. v. Neff*, 6 F. Supp. 2d 790, 892 (N.D. Ill. 1998).

As explained above, Argentum presented no evidence that its officers have any significant role in this case. Indeed, those three people did not play any role in the design, development, manufacture, and sale of the accused products as they do not work for or with Noble or Derma. Argentum's officers did not even invent the claimed invention and do not own the patent-in-suit. The mere fact that Argentum and its officers are based in this District does not matter when they have no connection to the operative facts of the case. *Truserv.* 6 F. Supp. 2d at 892 (holding that the plaintiff's chosen forum will be given deference *only* when there is a connection between the forum and the operative facts giving rise to the cause of action). Therefore, this Court should give little or no weight to Argentum's forum selection.

Next, Argentum argues that the "situs of material events" is not relevant. (Argentum Br. at 14.) Although the case "situs" has not mattered in some patent cases, other courts have found that the "situs" does matter, and that "situs" is where the accused product is designed, developed, and manufactured. *See Technical Concepts, L.P. v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 WL 31433408, *3 (N.D. Ill. Oct. 31, 2002) ("in infringement cases, the location of the infringer's place of business is often the critical and controlling consideration because such suits often focus on the activities of the alleged

infringer, its employees, and its documents rather than upon those of the plaintiffs").

In this case, both Defendants, most of their employees, and their primary customers are located in or near the Middle District of Pennsylvania. Moreover, the inventor of the patent-in-suit and the company that owns the patent-in-suit are not even located in this District – they are in Georgia. Thus, the situs of material events favors transfer.

Argentum also argues that it is a small company that cannot afford to litigate in Pennsylvania. Argentum, however, again presents no evidence in support of its argument. Argentum presents no evidence of its size or financial wherewithal as compared to Derma – which also is a "small" company. And, Argentum presents no evidence that litigating this matter in Pennsylvania will be any more expensive – especially in light of the key witnesses and documents being located in Pennsylvania and the courts' similar "time-to-trial."

Finally, Argentum does not mention Derma's Third Party Complaint against a subsidiary of co-defendant Noble. The situs of that part of this case also is in Pennsylvania as the contract between Derma and Noble has Pennsylvania choice-of-law and forum selection provisions. (*See* Col Dec., Dkt. No. 53-2.) That case is integrally related to Argentum's patent infringement case because Noble is refusing to indemnify Derma by arguing that Argentum's claim is not "valid" or "rightful." Those terms need to be construed under Pennsylvania law and, in order to resolve that dispute, a court may have to evaluate Argentum's underlying patent infringement claim. Therefore, a single Pennsylvania court should resolve both the patent infringement issues and the indemnification issues at the same time.

On balance, the private factors and the public factors favor transferring this case to the Middle District of Pennsylvania.

**III.     Argentum Does Not Dispute Derma's Request for a Stay.**

Argentum does not dispute Derma's alternative request for a stay of this case *if* the Court dismisses Noble but does not transfer the case between Argentum and Derma.

As Noble's customer, Derma has sworn that it will be bound by the outcome of the dispute between Argentum and Noble. And, Argentum has not objected to that proposition. Therefore, this case fits squarely within the "customer suit exception" if Argentum and Noble have to litigate their dispute in some other court. *See Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737 (1st Cir. 1977); *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *Refac Int'l Ltd. v. IBM*, 790 F.2d 79 (Fed. Cir. 1986).

Noble is the true defendant in this case and, if these cases are split apart, Argentum's claims against Noble should be resolved before resolving the same claims against Derma – who is just a reseller of Noble's products. *See LG Elec., Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 585-86 (D.N.J. 2001) (applying the "customer suit exception" to a reseller of the accused products).

Therefore, this Court should stay the dispute between Argentum and Derma if it dismisses Noble from this case for lack of personal jurisdiction.

*Conclusion*

In summary, venue is proper in the Middle District of Pennsylvania, and the private and public factors demonstrate that Pennsylvania is the most convenient and efficient forum for resolving this case. For these reasons, Derma respectfully requests that the Court transfer this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

In the alternative, Derma respectfully requests that the Court stay this case if it dismisses Noble from this action.

        Respectfully submitted,

Dated:  June 11, 2008    */s Arthur Gollwitzer III*

        Martin L. Stern (02727307)
         mlstern@michaelbest.com
        Arthur Gollwitzer III (06225038)
         agollwitzer@michaelbest.com
        Christopher R. Parker (06270398)
         crparker@michaelbest.com
        MICHAEL BEST & FRIEDRICH LLP
        Two Prudential Plaza
        180 North Stetson Ave., Ste 2000
        Chicago, IL  60601
        Telephone: 312.222.0800

        ***Attorneys for Defendant Derma Sciences, Inc.***

## Certificate of Service

I, Arthur Gollwitzer III, an attorney of record in this matter, certify that on June 11, 2008, I caused a copy of the following documents:

**Reply Memorandum in Support of Derma Sciences, Inc.'s Motion to Transfer or Stay**

to be filed by electronic (ECF) filing, which provides service for the following counsel of record by e-mail delivery:

Joseph A. Fuchs
Rockey, Depke, & Lyons, LLC
Sears Tower, Suite 5450
233 South Wacker Drive
Chicago, Illinois 60606
JosephFuchs@rdlklaw.com

Lori S. Nugent
Cozen O'Connor
222 South Riverside Plaza, Ste 1500
Chicago, IL  60606
312-382- 3100
lnugent@cozen.com

*/s Arthur Gollwitzer III*
    Arthur Gollwitzer III