IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARGENTUM MEDICAL, LLC, | : | No. 3:07 cv 6769 |
| Plaintiff, | : | Hon. George W. Lindberg |
| v. | : | Magistrate Judge Jeffrey Cole |
| NOBLE BIOMATERIALS, and DERMA SCIENCES, INC., | : | |
| Defendants. | : | |
| * * * * * * * | : | |
| DERMA SCIENCES, INC., | : | |
| Third-Party Plaintiff, | : | |
| v. | : | |
| NOBLE FIBER TECHNOLOGIES, LLC, | : | |
| Third-Party Defendant. | : | |

**NOBLE FIBER TECHNOLOGIES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES
TO DERMA SCIENCE, INC.'S AMENDED THIRD-PARTY COMPLAINT**

Third-Party Defendant Noble Fiber Technologies, LLC ("Noble Fiber" or "Third-Party Defendant Noble Fiber"), by and through its undersigned counsel, hereby answers Derma Science, Inc.'s Amended Third-Party Complaint, according to the numbered paragraphs thereof, as follows:

**Introduction**

1. Plaintiff Argentum Medical, LLC ("Argentum") brought suit claiming that co-defendants Derma Sciences, Inc. ("Derma") and Noble Biomaterials, Inc. ("Noble") infringe

the patent-in-suit by selling SILVERSEAL® wound and burn care products ("the accused SILVERSEAL® products"), which Derma buys from Noble's subsidiary, Noble Fiber, under a Distributorship Agreement ("The Distributorship Agreement" or "the Agreement"). The Agreement warrants that the Accused SILVERSEAL® Products do not infringe anyone else's intellectual property rights under Pennsylvania's version of the Uniform Commercial Code and contains an indemnification clause requiring Noble Fiber to indemnify Derma against valid claims of infringement, but Noble Fiber has yet to honor these obligations. Derma brings the within claims pursuant to the Agreement and the Pennsylvania Commercial Code.

**ANSWER:**

Third-Party Defendant Noble Fiber admits that Argentum has brought suit claiming, *inter alia*, that Derma and Noble infringe the patent-in-suit by selling unspecified products including certain SILVERSEAL® products. Noble Fiber also admits that it is a subsidiary of Noble, and that Derma buys SILVERSEAL® Products from Noble Fiber under a Distributorship Agreement. Derma's allegations with respect to the contents of the Distributorship Agreement, and any alleged obligations of Noble Fiber relating thereto, are denied as stated; the Distributorship Agreement is a written document which speaks for itself, and Third-Party Defendant Noble Fiber denies any allegations inconsistent with its terms. In addition, it is admitted that Derma purports to bring its third-party action against Noble Fiber pursuant to the Distributorship Agreement and Pennsylvania's Commercial Code, but all liability to Derma is denied. Except as expressly admitted herein, all allegations contained in Paragraph 1 are denied.

2. This Court has subject matter jurisdiction over Derma's claims because whether Argentum's patent infringement claim against Derma is a "rightful claim" under the Pennsylvania Commercial Code and is a "valid claim" under the Distributorship Agreement are

either both federal questions, or arise out of and are so closely related to Argentum's patent infringement claims as to be part of the same case or controversy within the supplemental jurisdiction of this Court under 28 U.S.C. Section 1367(a).

**ANSWER:**

        The allegations contained in Paragraph 2 consist of conclusions of law to which no response is required; to the extent that a response is required, Third-Party Defendant Noble Fiber denies those allegations.

### The Parties, Jurisdiction, and Nature of the Action

        3.     Derma is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 214 Carnegie Center, Suite 300, Princeton, New Jersey.

**ANSWER:**

        Admitted.

        4.     Noble Fiber is a limited liability company in the business of selling medical products, including wound and burn care products, organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 300 Palm Street, Scranton, Pennsylvania.

**ANSWER:**

        Admitted.

        5.     The Court has subject matter jurisdiction over Derma's Amended Third-Party Complaint under 28 U.S.C. §§ 1331, 1338(a), 1367(a) and Federal Rule of Civil Procedure 14(a), as the applicability of Pennsylvania Commercial Code § 2312(c) to this patent infringement case and the interpretation of the phrase "valid claim" in the Distributorship Agreement are federal questions pursuant to 28 U.S.C. §§ 1331 and 1338(a), based on the cases

cited.  Alternatively, the Court has supplemental jurisdiction over Derma's indemnification and warranty claims under 28 U.S.C. § 1367(a), as the claims are integrally related to Argentum's patent infringement suit; arise out of and are closely related to the rightfulness or validity of Argentum's claims, based on the cases cited; and may depend on whether Argentum's claims are "rightful" or "valid."  Thus Derma's claims and Argentum's claims together form a single case or controversy within the meaning of Article III of the Constitution, based on the cases cited.

**ANSWER:**

> The allegations contained in Paragraph 5 consist of conclusions of law to which no response is required; to the extent that a response is required, Third-Party Defendant Noble Fiber denies the allegations.

6. The Court has personal jurisdiction over Noble Fiber because it knowingly breached its duty to indemnify and hold Derma harmless in this District.  Noble Fiber also knowingly caused the Accused SILVERSEAL® Products to be sold in this District.

**ANSWER:**

> Denied.

7.  Venue is legally proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

**ANSWER:**

> The allegations contained in Paragraph 7 consist of conclusions of law to which no response is required; to the extent that a response is required, Third-Party Defendant Noble Fiber denies those allegations.

**Count I – Breach of Contract**

8.  The allegations of Paragraphs 1 through 7 of the Amended Third-Party Complaint are restated and incorporated herein by reference.

**ANSWER:**

Third-Party Defendant Noble Fiber incorporates by reference its answers to Paragraphs 1 through 7, as if fully set forth herein.

9.  On April 15, 2005, Derma and Noble Fiber entered into a Distributorship Agreement under which Noble Fiber agreed to indemnify and hold Derma harmless against valid claims of infringement by third parties involving the accused SILVERSEAL® products.

**ANSWER:**

Noble Fiber admits that it entered into a Distributorship Agreement with Derma on or about April 15, 2005. However, Derma's allegations with respect to the contents of the Agreement, and any alleged obligations of Noble Fiber relating thereto, are denied as stated; the Distributorship Agreement is a written document which speaks for itself, and Third-Party Defendant Noble Fiber denies any allegations inconsistent with its terms.

10. Argentum has accused Noble and Derma of infringing the patent-in-suit by making, using, selling and/or offering to sell the accused SILVERSEAL® products.

**ANSWER:**

It is admitted that Argentum has accused Noble and Derma of infringing the patent-in-suit by making, using, selling and/or offering to sell unspecified products including certain SILVERSEAL® products. It is denied that any Noble products infringe the patent-in-suit. Except as expressly admitted herein, the remaining allegations of Paragraph 10 are denied.

11. Argentum's patent infringement claims give rise to Noble Fiber's duty under the Agreement to indemnify and hold Derma harmless.

**ANSWER:**

    Denied.

12.    Noble Fiber has knowledge of Argentum's patent infringement claims in this case.

**ANSWER:**

    Admitted.

13.    Derma has asked Noble Fiber to indemnify and hold it harmless against Argentum's patent infringement claims, and has submitted bills to Noble Fiber for legal fees incurred in connection with its defense against these claims.

**ANSWER:**

    It is admitted that Derma has asked Noble Fiber to indemnify and hold it harmless against Argentum's patent infringement claims, and has submitted bills to Noble Fiber for legal fees and costs.  It is denied that the fees and costs Derma seeks to recover are reasonable and necessary.  Except as expressly admitted herein, the allegations of Paragraph 13 are denied.

14.    To date, Noble Fiber has not agreed to indemnify or hold Derma harmless against Argentum's patent infringement claims, and has not paid Derma's legal fees in connection with its defense of these claims.

**ANSWER:**

    Admitted.

15.    Noble Fiber's failure to indemnify and hold Derma harmless against Argentum's patent infringement claims breaches its obligations to Derma under Paragraph 11(b) of the Agreement.

**ANSWER:**

    Denied.

16.    Derma has suffered and will continue to suffer damages as a result of Noble Fiber's breach of the Agreement.

**ANSWER:**

Denied.

### Count II– Breach of the Implied Warranty against Infringement

17.    The allegations of Paragraphs 1 through 16 of the Amended Third-Party Complaint are restated and incorporated herein by reference.

**ANSWER:**

Third-Party Defendant Noble Fiber incorporates by reference its answers to Paragraphs 1 through 16, as if fully set forth herein.

18.    Noble Fiber sold Derma the accused SILVERSEAL® products.

**ANSWER:**

It is admitted that Argentum claims that certain unspecified products, including certain SILVERSEAL® products, infringe the patent-in-suit.  It is denied that any Noble products infringe the patent-in-suit.  Except as expressly admitted herein, the remaining allegations of Paragraph 17 are denied.

19.    Noble Fiber is in the business of selling the Accused Products.

**ANSWER:**

It is admitted that Noble Fiber is in the business of selling SILVERSEAL® products.  Except as expressly admitted herein, the allegations of Paragraph 19 are denied.

7

20. In selling Derma the accused SILVERSEAL® products, Noble Fiber implied a warranty that the products would be free from valid claims of infringement under Section 2312 of the Pennsylvania Commercial Code.

**ANSWER:**

The allegations contained in Paragraph 20 consist of conclusions of law to which no response is required; to the extent that a response is required, Third-Party Defendant Noble Fiber denies those allegations.

21. Noble Fiber delivered the Accused SILVERSEAL® Products to Derma.

**ANSWER:**

Denied as stated. Noble Fiber tendered SILVERSEAL® products to Derma FOB Scranton. Except as expressly admitted herein, the allegations of Paragraph 21 are denied.

22. Derma notified Noble Fiber of, and Noble Fiber has knowledge of, the patent infringement claims in this case. Derma also notified Noble Fiber of its warranty claims arising out of Argentum's patent infringement claims.

**ANSWER:**

Noble Fiber admits that it has knowledge of Argentum's patent infringement claims against Noble and Derma, and that Derma notified Noble Fiber of the patent infringement claims in this case. It is also admitted that Derma has brought a warranty claim against Noble Fiber which it asserts is based on Argentum's patent infringement claim, and that Derma has notified Third-Party Defendant Noble Fiber of the existence of its warranty claim against Noble Fiber. Except as expressly admitted herein, all allegations in Paragraph 22 are denied.

23. Noble Fiber has breached the implied warranty against valid claims of infringement set forth in Section 2312 of the Pennsylvania Commercial Code.

**ANSWER:**

The allegations contained in Paragraph 23 consist of conclusions of law to which no response is required; to the extent that a response is required, Third-Party Defendant Noble Fiber denies those allegations.

24. Derma has suffered and will continue to suffer damages as a result of Noble Fiber's breach of Section 2312 of the Pennsylvania Commercial Code.

**ANSWER:**

Denied.

### First Affirmative Defense

1. Third-Party Plaintiff's claims are barred for failing to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. This Court does not have personal jurisdiction over Noble Fiber.

### Third Affirmative Defense

3. Venue is improper in this District.

### Fourth Affirmative Defense

4. Third-Party Plaintiff's claims are barred in whole or in part because Third-Party Plaintiff has failed to mitigate the alleged damages.

### Fifth Affirmative Defense

5.     Third-Party Plaintiff is not entitled to payment of its legal fees, in whole or in part, because these fees are not reasonable for the work performed under the facts and circumstances presented by this case.

### Sixth Affirmative Defense

6.     Any alleged obligations of Noble Fiber pursuant to the Distribution Agreement are excused as a result of Third-Party Plaintiff's own inability, unwillingness and/or failure to perform its obligations in a timely manner.

### Seventh Affirmative Defense

7.     To the extent, if any, that it is determined that Third-Party Plaintiff is entitled to an award of damages against Noble Fiber, Noble Fiber is entitled to a setoff, and Derma's award of damages must be reduced, by the amount Derma still owes Noble Fiber under the terms of the Distribution Agreement.

### Eighth Affirmative Defense

8.     Argentum has not asserted valid infringement claims against Derma and therefore Noble Fiber has no obligation to indemnify Derma for those claims.

### Ninth Affirmative Defense

9.     A duty to indemnify does not include a duty to defend or advance defense costs.

**Tenth Affirmative Defense**

10.     Third-Party Defendant reserves the right to amend and supplement the averments of its Answer and to assert any and all additional pertinent liability defenses ascertained through further investigation and discovery of this action.

**Eleventh Affirmative Defense**

11.     Third-Party Defendant will rely on all defenses that may become available during discovery or trial.

WHEREFORE, for the foregoing reasons, Third-Party Defendant, Nobel Fiber Technologies, LLC, demands judgment in its favor and against Third-Party Plaintiff, Derma Sciences, Inc., together with attorneys' fees and costs and all other relief that this Court deems to be just and proper.

s/ Josh M. Kantrow
Josh M. Kantrow (Attorney ID No. 6231027)
Lori S. Nugent (Attorney ID No. 6196627)
COZEN O'CONNOR
222 South Riverside Plaza
Suite 1500
Chicago, Illinois 60606

*and*

Robert W. Hayes (admitted *pro hac vice*)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103

*Attorneys for Defendant*
Dated:  June 23, 2008              *Noble Biomaterials, Inc. and*
*Third-Party Defendant Noble Fiber* Technologies, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2008, I caused a true and correct copy of Third-Party Defendant Noble Fiber's Answer and Affirmative Defenses to Derma's Amended Third-Party Complaint to be served electronically via the Court's ECF system upon the following:

Martin L. Stern
Arthur Gollwitzer
Christopher Parker
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Ave., Ste 2000
Chicago, IL 60601
Attorneys for Defendant Derma Sciences, Inc.

Keith V. Rockey
Kathleen A. Lyons
Joseph A. Fuchs
Avani Macaluso
ROCKEY, DEPKE, & LYONS, LLC
Sears Tower, Suite 5450
233 South Wacker Drive
Chicago, IL 60606
Attorneys for Plaintiff Argentum Medical, LLC

s/ Josh M. Kantrow_____