## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6769 | **DATE** | June 23, 2008 |
| **CASE TITLE** | Argentum Medical, LLC vs. Noble Biomaterials, *et al.* | | |

**DOCKET ENTRY TEXT**

Defendant Noble Biomaterials' Motion to Dismiss Amended Complaint or Transfer [46] is granted. Count I of Plaintiff's amended complaint is dismissed as to Defendant Noble Biomaterials for lack of personal jurisdiction. Defendant Derma Sciences, Inc.'s Amended Motion to Transfer or Stay [57] is granted. The Court lifts the discovery stay entered on March 21, 2008 and transfers Civil Action No. 07-6769 to the Middle District of Pennsylvania.

■[ For further details see text below.]                                                                 Docketing to mail notices.

### STATEMENT

Plaintiff filed its amended complaint on April 21, 2008. Plaintiff's amended complaint includes four counts. Count I alleges a patent infringement claim against Defendants Noble Biomaterials ("Noble") and Derma Sciences, Inc. ("Derma"). Count II alleges a false designation of origin claim against Derma. Counts III and IV allege state-law claims for deceptive trade practices and tortious interference with a prospective economic advantage against Derma. On May 12, 2008, Noble moved to dismiss Count I pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) or, in the alternative, transfer the case to the Middle District of Pennsylvania. On May 16, 2008, Derma filed a separate motion to transfer the case to the Middle District of Pennsylvania or, in the alternative, stay proceedings with respect to Derma pending the resolution of Plaintiff's patent infringement claim against Noble. Both motions are granted.

I.     **Noble's Motion**

Rule 12(b)(2) permits parties to file motions to dismiss a complaint for "lack of personal jurisdiction. . . ." FED. R. CIV. P. 12(b)(2). Here, Noble asks the Court to dismiss Count I of Plaintiff's amended complaint because Noble is not a citizen or resident of Illinois, "does not regularly conduct business in Illinois[,] and has not sold any of the allegedly infringing products in [Illinois]." Because this defense challenges the Court's authority to exercise jurisdiction over Noble, it will be addressed first.

Federal Circuit law applies to "personal jurisdictional inquir[ies that are] 'intimately involved with the substance

|  | Courtroom Deputy Initials: | SLB |
|---|---|---|

## STATEMENT

of the patent laws[.]'" *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003). Here, Noble contests personal jurisdiction with respect to a patent infringement claim. The Court therefore applies Federal Circuit law. *See 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998); *Bingo Brain, Inc. v. Cal. Concepts, Inc.*, No. 99-6139, 2000 WL 690227, at *5 (N.D. Ill. May 24, 2000). Although Plaintiff and Noble submitted affidavits and other documents with their legal memoranda, neither party requested an evidentiary hearing in its briefs directed to Noble's motion. Accordingly, the Court will rely on the parties' papers. *See Coyle*, 340 F.3d at 1349 ("[W]here the district court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction. . . .In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor.") (citations omitted).

Personal jurisdiction may be general or specific. *See Red Wing Shoe Co.*, 148 F.3d at 1359. The Court may exercise general jurisdiction over Noble if Noble "has continuous and systematic contacts. . .with [Illinois], even if those contacts are not related to the cause of action." *Coyle*, 340 F.3d at 1349 (citation omitted). The Federal Circuit is clear that "[w]here a defendant's contacts are continuous and systematic, due process permits the exercise of general jurisdiction." *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1350 (Fed. Cir. 2002) (citation omitted). On the other hand, the exercise of specific jurisdiction is proper if the Illinois "long-arm statute permits service of process. . .and. . .the assertion of jurisdiction would [not] be inconsistent with due process." *Coyle*, 340 F.3d at 1349 (citations omitted).

Noble is not an Illinois citizen. Illinois courts may exercise personal jurisdiction over citizens of other states if doing so would not violate Illinois statutory and constitutional law or federal constitutional law. *See generally Rollins v. Ellwood*, 565 N.E.2d 1302 (Ill. 1990). 735 Ill. Comp. Stat. 5/2-209 provides, in part: "A court may. . .exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILL. COMP. STAT. 5/2-209(c). This subsection provides an independent basis for personal jurisdiction. *See Morris v. Halsey Enters. Co.*, 882 N.E.2d 1079, 1084 (Ill. App. Ct. 2008); *Sabados v. Planned Parenthood of Greater Ind.*, 882 N.E.2d 121, 125 (Ill. App. Ct. 2007); *Bolger v. Nautica Int'l, Inc.*, 861 N.E.2d 666, 669 (Ill. App. Ct. 2007). The due process clause of the Illinois Constitution allows Illinois courts to exercise personal jurisdiction over non-resident defendants "when it is fair, just, and reasonable to require [those defendants] to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins*, 565 N.E.2d at 1316 (citation omitted). Illinois courts have provided little guidance with respect to how this legal standard may diverge or differ from the legal standard provided by the federal due process clause. The Court's inquiry therefore collapses into a federal due process inquiry. *See Rollins*, 565 N.E.2d 1302; *Sabados*, 882 N.E.2d at 125 n.2; *Bolger*, 861 N.E.2d at 669 n.1; *see also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715-16 (7th Cir. 2002) ("there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction") (citations omitted).

Federal due process is not violated by exercising specific jurisdiction over Noble so long as Noble has "certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Coyle*, 340 F.3d at 1350 (citation and internal quotation marks omitted). When making this determination, the Court "look[s] to whether (1) [Noble] purposefully directed its activities at [Illinois residents], (2) [Plaintiff's] claim arises out of or relates to [Noble's] activities with [Illinois], and (3) assertion of personal jurisdiction is reasonable and fair." *Id.* (citation omitted). Here, Plaintiff bears the burden of establishing

## STATEMENT

Noble's minimum contacts with Illinois. *Id.*

Noble initially argues that the "conclusory assertions in the [a]mended [c]omplaint that Noble regularly conducts business in Illinois, that allegedly infringing products have been sold in this District and that Noble has induced infringement in Illinois are insufficient to meet [Plaintiff's] burden of establishing jurisdiction." Citing to the evidence submitted with its motion, Noble adds that it (1) is a Delaware corporation, (2) maintains its principal place of business in Pennsylvania, (3) has no offices, facilities, or employees in Illinois, (4) does not regularly conduct business in Illinois, and (5) has not sold or distributed the allegedly infringing products in Illinois. Plaintiff responds that Noble sells the allegedly infringing products through at least fifteen authorized distributors. Plaintiff represents that Noble (1) "does not know the ultimate destination of the products" when it ships the same to its distributors and (2) "places no restriction on its distributors as to what states its products are sold in and does not require its authorized distributors to report on the locations of where the [allegedly infringing] products are sold. . . ." To that end, Plaintiff submits a printed webpage which purportedly establishes that one of Noble's authorized distributors, Medico-Mart, Inc. (located in Wisconsin), offers Noble's allegedly infringing products for sale in Illinois. Plaintiff also submits an affidavit from a legal assistant employed by Plaintiff's counsel in which the legal assistant avers that, at the direction of Plaintiff's counsel, she purchased an allegedly infringing product from one of Derma's distributors in April 2008. The product was shipped to her residence in Illinois. Finally, Plaintiff cites to the deposition testimony of Noble's President and Chief Executive Officer, Jeffrey Keane, in arguing that Noble "is conducting substantial and continuous business in Illinois by selling other products. . .to customers in Illinois."

To establish a basis for general jurisdiction, Plaintiff points to Keane's deposition transcript. During his deposition, Keane testified that Noble sells products other than the allegedly infringing products to Illinois customers. Specifically, Keane testified that Noble sells "[s]ilver-based nylon products" to those customers. Noble ignores this testimony in its reply brief. However, Noble submitted the verification of Joel Furey, Noble's Executive Vice-President Strategy and Business Development, with its motion. In his verification, Furey verified that Noble "do[es] not regularly conduct business in Illinois" and has not distributed or sold the allegedly infringing products in Illinois. Furey's verification *may* be construed as inconsistent with Keane's testimony with respect to Noble's general business contacts with Illinois. Nevertheless, Plaintiff fails to identify evidence that establishes the number, nature, and timing of Noble's sales of silver-based nylon products to Illinois customers. And there is nothing in the cited excerpt of Keane's deposition transcript which quantifies or characterizes those sales. Plaintiff bears the burden of setting forth a *prima facie* case that Noble's contacts with Illinois are sufficient to warrant the exercise of general jurisdiction. *See Coyle*, 340 F.3d at 1349. Because Plaintiff provides no evidence that Noble's contacts with Illinois are "continuous and systematic," the Court may not exercise general jurisdiction over Noble.

With respect to specific jurisdiction, the Court disregards the April 2008 sale of the allegedly infringing product in Illinois because Plaintiff's patent infringement claim must arise out of or relate to Noble's activities in Illinois for the Court to exercise specific jurisdiction. *See id.* at 1350. Plaintiff filed its complaint on December 3, 2007 and its amended complaint on April 21, 2008. However, Plaintiff did not amend its patent infringement allegations (aside from identifying the allegedly infringing products). Plaintiff's patent infringement claim therefore could not arise out of or relate to that sale. As for the Medico-Mart, Inc. webpage, it does not establish that the allegedly infringing products were actually sold in Illinois. (In fact, the Medico-Mart, Inc. webpage includes no specific, express offer to sell the allegedly infringing products in Illinois.) Again, Plaintiff's patent infringement claim against Noble must arise out of or relate to Noble's activities in Illinois for specific jurisdiction to attach. Here, Noble's evidence that it did not sell or distribute the allegedly infringing products in Illinois before the complaint was filed is uncontroverted. It is also uncontroverted that Noble does not provide the allegedly infringing products to a distributor located in Illinois. Finally, the stream of commerce theory does not support the exercise of specific jurisdiction in this case. In *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, the "defendants, acting in consort,

07C6769 Argentum Medical, LLC vs. Noble Biomaterials, *et al.*

Page 3 of 6

**STATEMENT**

placed the accused [product] in the stream of commerce, they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there." 21 F.3d 1558, 1566 (Fed. Cir. 1994). The court further noted in *Beverly Hills Fan Co.* that "[i]t can be inferred from plaintiff's allegations that defendants, by making through distribution channels ongoing and continuous shipments into [the forum state], have derived substantial revenue, at least in absolute terms, from sales in [the forum state]." *Id.* at 1571. Here, Plaintiff provides no evidence that Noble (1) sold or distributed the allegedly infringing products in Illinois, (2) knew that Illinois was the likely destination of the allegedly infringing products, or (3) took any action with respect to the allegedly infringing products that was purposefully directed toward Illinois. *See Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano County*, 480 U.S. 102, 112 (1987) ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. . . .[A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State."). Plaintiff has therefore failed to establish a *prima facie* case of personal jurisdiction. Because the Court dismisses Count I as to Noble for lack of personal jurisdiction, there is no need to address the other grounds for dismissal or transfer in Noble's motion.

**II.    Derma's Motion**

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Derma asks the Court to transfer this case to the Middle District of Pennsylvania. Seventh Circuit law governs Derma's motion. *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003). It is settled that a district court may transfer a case to another district when "(1) venue is proper in [the transferor district]; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007) (citation omitted). The evaluation and weighing of these factors are matters committed to this Court's sound discretion. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). That noted, "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003) (citations omitted). Here, Derma bears the burden of establishing that the Middle District of Pennsylvania is "'clearly more convenient.'" *Heller Fin.*, 883 F.2d at 1293 (citation omitted). After reviewing the parties' papers, the Court grants Derma's motion.

**A.    Venue – Northern District of Illinois and Middle District of Pennsylvania**

The parties concede in their papers that venue is proper in both the Northern District of Illinois and Middle District of Pennsylvania. *See Automobile Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007) ("[A]n objection to venue 'can be waived or forfeited.'") (citations omitted).

**B.    Convenience – Parties and Witnesses**

Where the parties reside in different states, "there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff. . . ." *In re Nat'l Presto Indus.*, 347 F.3d at 665 (citation omitted). The factors relevant to the Court's analysis of party and witness convenience include Plaintiff's choice of forum, the situs of material events relating to the allegations in Plaintiff's amended complaint, and party and witness convenience. *See Gueorguiev*, 526 F. Supp. 2d at 857. In its principal brief, Derma argues that those factors support transfer because

## STATEMENT

(1) Plaintiff's patent infringement claim has no significant connection to Illinois, (2) the allegedly infringing products were designed, developed, and manufactured in Pennsylvania, (3) Derma has not sold the allegedly infringing products in Illinois since the patent was issued, (4) the patent inventor and owner are not located in Illinois, and (5) Pennsylvania is the more convenient forum for the parties and likely witnesses.

A plaintiff's "choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum." *Id.* (citation omitted). Nevertheless, Plaintiff's Illinois residency "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff. . . ." *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (citation and internal quotation marks omitted); *see also Gueorguiev*, 526 F. Supp. 2d at 857 ("A plaintiff's choice of forum may be afforded less deference. . .when another forum has a stronger relationship to the dispute [or] when the forum of plaintiff's choice has no significant connection to the situs of material events. . . .") (citations omitted). In fact, "the location of the infringer's principle [sic] place of business is often the critical and controlling consideration [in patent infringement cases] because such suits often focus on the activities of the alleged infringer, its employees, and its documents rather than upon those of the plaintiff[]." *Technical Concepts L.P. v. Zurn Indus., Inc.*, No. 02-5150, 2002 WL 31433408, at *3 (N.D. Ill. Oct. 31, 2002) (citation and internal quotation marks omitted); *see also Ardco, Inc. v. Page, Ricker, Felson Mktg., Inc.*, No. 92-2927, 1992 WL 246862, at *6 (N.D. Ill. Sept. 23, 1992).

Here, Plaintiff does not identify any evidence that suggests Derma sold or distributed the allegedly infringing products in Illinois. In fact, Plaintiff does not establish that any material event took place in Illinois. On the other hand, Derma submits the declaration of Robert Cole, Derma's Executive Vice President for Sales, in which he declares that Derma has not sold the allegedly infringing products in Illinois since the relevant patent was issued. Because there is no evidence before the Court which suggests that the patent was infringed in Illinois, the Court minimizes the weight given to Plaintiff's choice of forum.

In its response to Derma's motion, Plaintiff writes that two of its principals and its sales director reside in Chicago, Illinois. But it rightly concedes that the "convenience of party witnesses is less relevant than the convenience of non-party witnesses, since party witnesses normally must appear voluntarily." *Gueorguiev*, 526 F. Supp. 2d at 858 (citation omitted). Plaintiff further represents that relevant documents are located in Illinois. But Plaintiff does not identify those documents or suggest that it would be difficult to ship them to Pennsylvania. *See id.*

Through Cole's declaration, Derma represents that approximately seventy-five percent of its sales of the allegedly infringing products are made to the United States Department of Defense and shipped to Pennsylvania. Plaintiff concedes that it plans to take discovery from at least fifteen non-party distributors, including four that are located in Pennsylvania. Furthermore, it is uncontroverted that none of the non-party distributors are located in Illinois. *See American Family Ins. ex rel. Suddarth v. Wal-Mart Stores, Inc.*, No. 02-8017, 2003 WL 1895390, at *2 (N.D. Ill. Apr. 17, 2003) ("As a practical matter, it is usually assumed that witnesses within the control of the parties will appear voluntarily. Therefore, more attention should be given to the location of the non-party witnesses and those witnesses not within the control of the parties.") (citation omitted).

It is the Court's opinion that the factors argued by the parties establish that party and witness convenience would be better served by transferring this case to the Middle District of Pennsylvania. Most of the acts of infringement (sales of the allegedly infringing products) alleged against Derma occurred in Pennsylvania, the allegedly infringing products were designed, developed, and manufactured in Pennsylvania, at least four non-party witnesses are located in Pennsylvania, and there is no significant connection between Illinois and the situs of material events. These considerations strongly favor transfer.

**STATEMENT**

### C. Interest of Justice

Factors considered when evaluating the interest of justice "include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case...." *Heller Fin.*, 883 F.2d at 1293 (citation omitted). Here, Derma cites to Federal Court Management Statistics which show that this case may proceed to trial more quickly in the Middle District of Pennsylvania. Additionally, Derma represents that the indemnification and warranty claims pled in its third-party complaint arise under Pennsylvania law. Derma therefore argues that it would be preferable to have a Pennsylvania court decide the legal issues relating to those claims. Finally, Derma contends that Pennsylvania has a strong interest in deciding this case because of its significant connection to the material events relating to the parties' disputes.

Plaintiff responds that Federal Court Management Statistics also show that the median time interval for resolving cases in this District is shorter than in the Middle District of Pennsylvania. Plaintiff therefore suggests that "[s]uch mixed results do not weigh in favor of transfer." But this suggestion does not address the two additional arguments advanced by Derma. Applying the factors provided in *Heller Financial*, the Court finds that the interest of justice is served by transferring this case to the Middle District of Pennsylvania.